FILED IN
1st COURT OF APPEALS
HOUSTON, TX
12/07/2015
CHRISTOPHER A. PRINE,
CLERK

**NO. ________________**

**IN THE FOURTEENTH COURT OF APPEALS
FOR THE STATE OF TEXAS
at HOUSTON, TEXAS**

---

**In re ROBINSON HELICOPTER COMPANY, INC., Relator**

---

**Original Proceeding From The
11th Judicial District Court of
Harris County, Texas
Cause No. 2014-34635**

---

# RELATOR'S RECORD (Part 2 of 4)
**R0320-R0664**

---

**COATS & EVANS, P.C.**
George Andrew Coats
State Bar No. 00783846
E-mail: coats@texasaviationlaw.com
Gary Linn Evans
State Bar No. 00795338
E-mail: evans@texasaviationlaw.com
Carrie M. McKerley
State Bar No. 24056625
Email: mckerley@texasaviationlaw.com
P.O. Box 130246
The Woodlands, Texas 77393-0246
Telephone: (281) 367-7732
Facsimile: (281) 367-8003

**EMERGENCY RELIEF REQUESTED
ORAL ARGUMENT REQUESTED**

<u>**RECORD**</u>

| NO. | DATE | DESCRIPTION | RECORD PAGE NO. |
|---|---|---|---|
| 1. | 12/04/2015 | Affidavit of Carrie M. McKerley certifying true and correct copies of record documents | N/A |
| 2. | 06/16/2014 | Plaintiffs' Original Petition. | R0001-R0019 |
| 3. | 06/16/2014 | Plaintiffs' First Discovery Requests to Robinson Helicopter Company, Inc. | R0020-R0036 |
| 4. | 08/11/2014 | Helicopter Services, Inc.'s Original Answer and Request for Disclosure. | R0037-R0039 |
| 5. | 08/11/2014 | Original Answer of the Estate of Christopher Yeager, Deceased, and Request for Disclosure. | R0040-R0042 |
| 6. | 08/18/2014 | Robinson Helicopter Company, Inc.'s Original Answer to Plaintiffs' Original Petition. | R0043-R0049 |
| 7. | 09/30/2014 | Robinson Helicopter Company, Inc.'s Responses and Objections to Plaintiffs' First Discovery Requests. | R0050-R0085 |
| 8. | 12/11/2014 | Docket Control Order. | R0086-R0088 |
| 9. | 03/19/2015 | Plaintiffs' Unopposed Motion for Continuance and for Entry of Docket Control Order. | R0089-R0095 |
| 10. | 03/20/2015 | Plaintiffs' Motion to Compel Robinson Helicopter Company's Responses to First Discovery Requests, and Request for Ruling on Defendant's Objections. | R0096-R0137 |
| 11. | 03/20/2015 | Plaintiffs' Designation of Expert Witnesses and Expert Reports. | R0138-R0271 |

| | | | |
|---|---|---|---|
| 12. | 03/23/2015 | Order Granting Continuance. | R0272 |
| 13. | 04/28/2015 | Agreed Amended Docket Control Order. | R0273-R0274 |
| 14. | 05/07/2015 | Robinson Helicopter Company, Inc.'s Opposition to Plaintiff's Motion to Compel Responses to First Discovery Requests, and Request for Ruling on Defendant's Objections. | R0275-R0290 |
| 15. | 05/20/2015 | Plaintiff's First Amended Petition. | R0291-R0319 |
| 16. | 06/01/2015 | Amended Agreed Protective Order. | R0320-R0328 |
| 17. | 06/15/2015 | Plaintiffs' Second Requests for Production to Robinson Helicopter Company, Inc. | R0329-R0340 |
| 18. | 07/10/2015 | Plaintiffs' Motion to Compel and for Sanctions. | R0341-R0349 |
| 19. | 07/15/2015 | Robinson Helicopter Company, Inc.'s Responses and Objections to Plaintiffs' Second Discovery Requests. | R0350-R0375 |
| 20. | 07/22/2015 | Plaintiffs' Motion to Compel Robinson Helicopter Company, Inc.'s Responses to Plaintiffs' Second Requests for Production and Request for Ruling on Defendant's Objections. | R0376-R0422 |
| 21. | 07/24/2015 | Robinson Helicopter Company, Inc.'s First Amended Responses and Objections to Plaintiffs' First Discovery Requests. | R0423-R0456 |
| 22. | 08/07/2015 | Plaintiffs' Amended Designation of Expert Witnesses and Expert Reports. | R0457-R0555 |
| 23. | 08/11/2015 | Plaintiffs' Third Requests for Production to Robinson Helicopter Company, Inc. | R0556-R0561 |

| | | | |
|---|---|---|---|
| 24. | 08/12/2015 | Robinson Helicopter Company, Inc.'s Response to Plaintiffs' Motion to Compel Robinson Helicopter Company, Inc.'s Responses to Plaintiffs' Second Requests for Production and Request for Ruling on Defendant's Objections. | R0562-R0664 |
| 25. | 08/12/2015 | Robinson Helicopter Company, Inc.'s Response to Plaintiffs' Motion to Compel and for Sanctions. | R0665-R0682 |
| 26. | 08/21/2015 | Motion to Quash Subpoena and Notice of Deposition by Written Questions. | R0683-R0696 |
| 27. | 08/24/2015 | Deposition Subpoena to Testify or Produce Documents. | R0697-R0702 |
| 28. | 08/27/2015 | Plaintiffs' Motion to Compel Deposition Transcript. | R0703-R0719 |
| 29. | 08/28/2015 | Supreme Court of Texas Grant of Motion for Limited Emergency Stay. | R0720-R0721 |
| 30. | 09/04/2015 | Robinson Helicopter Company, Inc.'s Response to Plaintiffs' Motion to Compel Deposition Transcripts. | R0722-R0740 |
| 31. | 09/08/2015 | Plaintiffs' Reply to the Response of Robinson Helicopter Company, Inc.to Plaintiffs' Motion to Compel Deposition Transcripts. | R0741-R0752 |
| 32. | 09/10/2015 | Robinson Helicopter Company, Inc.'s Responses and Objections to Plaintiffs' Third Discovery Requests. | R0753-R0765 |
| 33. | 09/14/2015 | Robinson Helicopter Company, Inc.'s Designation of Expert Witnesses and Expert Reports. | R0766-R0821 |

| | | | |
|---|---|---|---|
| 34. | 09/14/2015 | Robinson Helicopter Company, Inc.'s First Amended Responses and Objections to Plaintiffs' Second Discovery Requests. | R0822-R0845 |
| 35. | 09/22/2015 | Order Denying Motion to Quash Subpoena. | R0846 |
| 36. | 09/23/2015 | Robinson Helicopter Company, Inc.'s Motion to Reconsider or in the Alternate, Motion to Clarify. | R0847-R0854 |
| 37. | 09/30/2015 | Reporter's Record of September 30, 2015 hearing. | R0855-R1016 |
| 38. | 11/05/2015 | Robinson Helicopter Company, Inc.'s Motion for Leave to Designate Responsible Third Parties. | R1017-R1022 |
| 39. | 11/10/2015 | Plaintiffs' Response to Robinson Helicopter Company, Inc.'s Motion for Leave to Designate Responsible Third Parties. | R1023-R1026 |
| 40. | 11/17/2015 | Robinson Helicopter Company, Inc.'s Motion for Continuance. | R1027-R1045 |
| 41. | 11/17/2015 | Trial Preparation Order. | R1046-R1048 |
| 42. | 11/18/2015 | Plaintiffs' Objection to the Motion for Continuance of Robinson Helicopter Company, Inc. | R1049-R1053 |
| 43. | 11/19/2015 | Order Granting Motion to Take Judicial Notice, Granting Objection to Production Requests in Part; Granting Discovery in Part. | R1054-R1060 |
| 44. | 11/20/2015 | Defendant Robinson Helicopter Company Inc's Motion to Quash Notice of Deposition of Dr. Joseph Burton. | R1061-R1065 |

| | | | |
|---|---|---|---|
| 45. | 11/20/2015 | Defendant Robinson Helicopter Company, Inc's Motion to Quash Notice of Deposition of William D. Carden M.S. P. E. | R1066-R1070 |
| 46. | 11/20/2015 | Defendant Robinson Helicopter Company Inc's Motion to Quash Notice of Deposition of William S. Lawrence. | R1071-R1075 |
| 47. | 11/20/2015 | Defendant Robinson Helicopter Company Inc's Motion to Quash Notice of Deposition of Colin A Sommer, P.E. | R1076-R1080 |
| 48. | 11/25/2015 | Defendant Robinson Helicopter Company, Inc.'s Motion for Reconsideration of Order Granting Plaintiff's Motion to Compel and Contingent Motion to Stay Pending Mandamus. | R1081-R1274 |
| 49. | 11/27/2015 | Defendant Robinson Helicopter Company Inc.'s Motion to Bifurcate Trial on Exemplary Damages. | R1275-R1282 |
| 50. | 11/27/2015 | Notice of Deposition of Dr. Stephen K. Wilson. | R1283-R1284 |
| 51. | 11/30/2015 | Order Denying Trial Continuance. | R1285-R1287 |
| 52. | 11/30/2015 | Order Denying Leave To Designate Responsible 3rd Party. | R1288 |
| 53. | 11/30/2015 | Plaintiffs' Motion to Quash Notice of Oral and Videotaped Deposition of Dr. Stephen K. Wilson. | R1289-R1296 |
| 54. | 12/2/2015 | Exhibit List from Court Reporter (pursuant to September 30, 2015 hearing). | R1297 |
| 55. | | Reporter's Record of August 17, 2015 hearing. | R1298-R1314 |
| 56. | | Reporter's Record from November 30, 2015 hearing. | R1315-R1326 |

5/27/2015 5:03:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 5442395
By: DE LA ROSA, GABRIELA
Filed: 5/27/2015 5:03:00 PM
Pgs-9

CIPRO
MODIX

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § | IN THE DISTRICT COURT OF |
| V. | § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § | 11th JUDICIAL DISTRICT |

**AMENDED AGREED PROTECTIVE ORDER**

NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased, Sonia Ates and Nathan M. Ates, ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC., and Paula Yeager, Representative of the ESTATE OF CHRISTOPHER YEAGER, (collectively "The Parties") agree to the entry of this protective order and the Court is of the opinion that good cause exists for the entry of this protective order.

In the course of discovery in this proceeding, Nathan S. Ates, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased, Sonia Ates and Nathan M. Ates, ROBINSON HELICOPTER COMPANY, INC., ("Robinson") and HELICOPTER SERVICES, INC., will produce or receive certain information which is or may be confidential and/or proprietary information. The designated parties intend that certain information be kept confidential. Accordingly, the Court finds that good cause exists for entry of this Order.

Therefore, the parties hereby agree and the Court hereby orders as follows:

(A) It is agreed between the designated parties that "confidential documents" shall be those documents which the party producing same represents, in good faith, as documents

R0320

containing, being derivative of and/or describing proprietary information of the producing parties and which have not been disseminated to the general public, maintenance facilities, mechanics or purchasers of the subject helicopters. These documents are generally defined as engineering drawings, technical reports and certification data pertaining to the design and manufacture of the subject helicopter;

(B) The documents defined will be marked "Protected/Confidential Document" in a manner so as not to obscure the document or its contents, and shall be treated as confidential;

(C) The designated parties agree that the documents will be held in strict confidence and be used only for the purposes of the above-styled action and will be copied only as necessary to provide such materials to retained consultants and/or experts who have executed a copy of the non disclosure agreement mentioned herein. At the conclusion of this litigation, all copies will be provided to Robinson or destroyed, at the option of Plaintiffs' counsel, within thirty days of the final resolution of this case;

(D) All persons with access to such documents are ordered not to use nor permit the use of said confidential information for any purpose other than for the purpose of litigation;

(E) When confidential information is to be filed with the Court, including any confidential information filed as an exhibit or affixed to any other document to be filed with the Court, it shall be filed under seal. Notice to the Robinson Defendant shall be provided so that a motion to temporarily seal the documents may be filed, and thereafter the Robinson Defendant shall comply with TRCP 76A regarding sealing of court documents. If it becomes necessary to file stamp confidential documents with the court, then said documents shall be filed under seal with the Clerk of the Court in an envelope marked

"Sealed." The parties may also deliver a courtesy copy of said documents to the Judge by placing said documents in an envelope marked "Sealed."

(F) Any party may apply to the Court for a ruling that information and/or documents (or a category of documents) designated as confidential information, is not entitled to such status and protection. The producing party designating such documents as confidential information shall be given notice of the application for declassification and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence, that there is a good cause for the document to maintain such protection. If the objecting party fails to meet this burden, the court shall de-designate the document as confidential. The material designated as confidential shall be treated as such unless and until the producing party agrees, or the Court orders, that the confidential status shall be removed;

(G) Information obtained during a deposition shall be deemed confidential information subject to protection under this order, if properly designated pursuant to Paragraph H, below. Confidential information includes, but is not limited to, any data, abstract, compilation or information contained in, derived or generated from confidential information;

(H) With regard to documents produced in response to discovery, such designation shall be made at the time such responses are served and/or at the time such documents are delivered and available for inspection. The parties may, within thirty (30) days after receipt of the deposition transcripts, designate pages of the transcript as confidential information by sending a letter identifying the pages and lines of such testimony to all counsel of record. If counsel should note upon the record during a deposition that he or she believes

R0322

confidential information was disclosed, the entire deposition will be treated subject to protection against disclosure under this order until the expiration of the thirty-day period. If no party timely designates the page(s) and line(s) of the transcript and its exhibits, then none will be treated as confidential information. The producing party will act in good faith to designate information as confidential, and any dispute regarding said designation will be resolved in accordance with the provisions providing for the Court to resolve disputes concerning confidentiality of documents.

(I) Counsel for designated parties and their staff are ordered to maintain all confidential documents and derivative materials in a secure location;

(J) Consultants and experts for the designated parties will execute a non disclosure agreement attached hereto as Exhibit A;

(K) The consultants' non disclosure agreement is to be signed by each consultant or expert retained by counsel for the designated parties prior to any review, inspection and/or examination of the documents is provided. At the conclusion of this case, counsel shall certify that the provisions of this Order have been complied with and provide Robinson with a signed copy of the declaration attached hereto as Exhibit "B".

(L) All documents and derivative materials which constitute or contain confidential information shall be returned to Robinson at its expense or to counsel for Robinson, or destroyed with a confirming letter attesting to same, as elected by Plaintiffs' counsel, within thirty days after the final disposition of this action, including all appeals;

(M) The restrictions provided herein shall not terminate upon conclusion of this action;

R0323

(N) Nothing contained in this order for any declaration of confidentiality shall be used by the designated parties as an "admission by party opponent";

(O) The use of documents at any hearing is not addressed at this time, but will be subject of further agreements and/or orders as the need may arise. Nothing in this order shall preclude any party from offering documents at the time of trial.

Signed: 6/1/2015

PRESIDING JUDGE

AGREED AS TO FORM AND CONTENT:

**STEVENSON & MURRAY**

MARK T. MURRAY
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Ph:(713) 622-3223/(713) 622-3224 (FAX)
Email: mmurray@johnstevensonlaw.com
**COUNSEL FOR PLAINTIFFS**

TIM GOETZ
California State Bar No. 119749 (admitted *pro hac vice*)
2901 Airport Drive
Torrance, CA 90505 USA
Ph:(310) 539-0508/(310) 539-5198 (FAX)
Email: legal@robinsonheli.com
AND
George Andrew ("Drew") Coats
State Bar No. 00783846
**COATS & EVANS, P.C.**
Post Office Box 130246
The Woodlands, Texas 77393-0246
(281) 367-7732; (281) 367-8003 (telecopier)
Email: coats@texasaviationlaw.com
**COUNSEL FOR**
**ROBINSON HELICOPTER COMPANY, INC.**

**CUNNINGHAM SWAIM**

DON SWAIM
State Bar No. 19545200
7557 Rambler Road, Suite 440
Dallas, Texas 75231
Ph:(214) 646-1495/(214) 613-1163 (FAX)
Email: dswaim@cunninghamswaim.com
**COUNSEL FOR HELICOPTER SERVICES, INC.**
**and Paula Yeager, Representative of the**
**ESTATE OF CHRISTOPHER YEAGER**

TIM GOETZ
California State Bar No. 119749 (admitted *pro hac vice*)
2901 Airport Drive
Torrance, CA 90505 USA
Ph:(310) 539-0508/(310) 539-5198 (FAX)
Email: legal@robinsonheli.com
AND
George Andrew ("Drew") Coats
State Bar No. 00783846
**COATS & EVANS, P.C.**
Post Office Box 130246
The Woodlands, Texas 77393-0246
(281) 367-7732; (281) 367-8003 (telecopier)
Email: coats@texasaviationlaw.com
**COUNSEL FOR**
**ROBINSON HELICOPTER COMPANY, INC.**

**CUNNINGHAM SWAIM**

DON SWAIM
State Bar No. 19545200
7557 Rambler Road, Suite 440
Dallas, Texas 75231
Ph:(214) 646-1495/(214) 613-1163 (FAX)
Email: dswaim@cunninghamswaim.com
**COUNSEL FOR HELICOPTER SERVICES, INC.**
**and Paula Yeager, Representative of the**
**ESTATE OF CHRISTOPHER YEAGER**

**EXHIBIT "A" TO PROTECTIVE ORDER**

__________________________________________________ declares:

That he/she resides at ____________________________________________in the County of _________________________, State of __________________. That he/she has read the Protective Order entered by the Court and is engaged in the capacity of _____________________ on behalf of ___________________________________, in the preparation and conduct of the litigation styled *Ates, et al v. Robinson Helicopter Co., Inc., et al* pending in the 11th Judicial District Court of Harris County, Texas, and bearing Cause No. 2014-34635;

Further, that he/she is fully familiar with and agrees to comply with and be bound by the provisions of said Order; and

That any information pertaining to the documents, as defined in the Order, will be held in strict confidence, will not be divulged to persons other than those specifically authorized by said Order, and which use is limited solely for the purposes of litigation.

I, ___________________________, declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

____________________________________
SIGNATURE

DATED:___________________________

**EXHIBIT "B"**

**DECLARATION OF RETURN OF DOCUMENTS**

I, MARK T. MURRAY, declare as follows:

In the course of the litigation styled *Ates, et al. vs. Robinson Helicopter Co. Inc., et al.,* in the District Court, 11th Judicial District in and for Harris County, Texas, Case Number 2014-34635, my firm, Stevenson & Murray, on behalf of the Ates Plaintiffs, agreed to and signed the Protective Order incorporated herein by reference.

This Order was entered by the Court on ________________, 2015.

In accordance with the provisions therein, I hereby affirm I have fully complied with the Order and have returned or destroyed all confidential materials and derivative documents or information which were produced under the Order.

Any copies or electronic versions of any confidential materials have been returned, destroyed or deleted, including those provided to experts and/or consultants.

I have provided the producing party with a copy of the *Nondisclosure Agreement and Acknowledgement of Court Order* executed by all experts and/or consultants who reviewed any confidential materials in this case on behalf of my clients.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

______________________________________
SIGNATURE

DATED: ______________________________

STEVENSON & MURRAY
ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION
24 GREENWAY PLAZA, SUITE 750
HOUSTON, TEXAS 77046

MARK T. MURRAY*†Δ

*BOARD CERTIFIED: PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
ΔBOARD CERTIFIED CIVIL TRIAL ADVOCATE
NATIONAL BOARD OF TRIAL ADVOCACY
†LICENSED IN NEW YORK

TELEPHONE : 713-622-3223
FACSIMILE : 713-622-3224
WWW.JOHNSTEVENSONLAW.COM
WWW.STEVENSONMURRAY.COM

June 15, 2015

Tim Goetz
Robinson Helicopter Company
2901 Airport Drive
Torrance , California 90505

Via Email Delivery

George Andrew Coats
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246

Via Email Delivery

RE: Nathan S. Ates, et al v. Robinson Helicopter Company, et al;
CAUSE NO.2014-34635 in the 11th Judicial District Court, Harris County, Texas

Dear Counsel:

We are delivering the attached discovery documents pursuant to TRCP 21a(a). These documents include Plaintiffs' Second Request for Production directed to Robinson Helicopter Company, Inc.

Respectfully,

**STEVENSON & MURRAY**

Mark T. Murray

MTM/kds

cc: Mr. Don Swaim

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § § § | 11th JUDICIAL DISTRICT |

PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION TO
ROBINSON HELICOPTER COMPANY, INC.

TO: ROBINSON HELICOPTER COMPANY, by and through its counsel of record, Tim Goetz, Robinson Helicopter Company, 2901 Airport Drive, Torrance, California 90505 and George Andrew Coats, COATS & EVANS, P.C., P.O. Box 130246, The Woodlands, Texas 77393-0246

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs serve this Second Request for Production Defendant, Robinson Helicopter Company, Inc., by service upon its counsel of record.

Plaintiffs request that Defendant produce for inspection, copying, and reproduction the documents and tangible things hereinafter designated. Plaintiffs request that the documents be produced in the offices of Stevenson & Murray, 24 Greenway Plaza, Suite 750, Houston, Texas, 77046, in accordance with the time periods and in the manner dictated by Rule 196.

You are further requested to supplement your response to this Request for Production as required by the Texas Rules of Civil Procedure. If Defendant contends any documents are privileged, or not subject to discovery, a privilege log is requested.

Respectfully submitted,

**STEVENSON & MURRAY**

By: ______________________
**MARK T. MURRAY**
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Ph:(713) 622-3223 Fax (713) 622-3224

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel on this the 15th day of June 2015, pursuant to the Texas Rules of Civil Procedure, via email, U.S. Mail, or facsimile:

DON SWAIM
Cunningham Swaim, LLP
7557 Rambler Road, Suite 440
Dallas, Texas 75231

George Andrew Coats
Gary Linn Evans
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246

______________________
Mark T. Murray

# TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiffs set forth the following definitions or abbreviations of various words and phrases which are contained in the following requests for production. Plaintiffs provide the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., to help the Defendant fully and accurately understand the objectives of the Plaintiffs' discovery efforts to locate and furnish the relevant information and documents.

A. "You" or "your" or "yours" refers to this Defendant (see "B"), and its attorney;

B. "DEFENDANT" shall be deemed to refer to Defendant, ROBINSON HELICOPTER COMPANY, INC. and any department, division, office, agency or corporate affiliate, including those in the United States of America and in any other country. The term also includes any director, officer, agent, attorney, employee, person, firm, or corporation acting on behalf of "DEFENDANT" now or at any time relating to "your" response to attached requests for production;

C. "Defendant" means this defendant and also all representatives acting or purporting to act on behalf of Defendant with respect to any matter inquired about in these requests for production, including, but not limited to, all such employees, attorneys, consultants, sureties, indemnifier, insurers, or agents.

D. "Robinson" means Robinson Helicopter Company, Inc.

E. "HSI" means Helicopter Services, Inc.

F. "Incident" means any malfunction, breakdown, and/or failure.

G. "This crash" means the September 10, 2012 crash in which the subject Robinson R22 model was involved, and in which Joyce A. Ates died.

H. "Crash" means to collapse, fall, fail and/or land in an abnormal manner;

I. "Settlement" means the terms of agreement reached between you and a disputing party in which there was a claim against you as a result of an incident involving a Robinson helicopter model.

J. "Investigation"and/or "Root Cause Analysis" means all acts undertaken in searching, inquiring, discovering, ascertaining and examining facts related to an event.

K. "Safety Committee" means all persons volunteering, appointed to and otherwise involved with consideration of events, facts and circumstances related to identification and control of hazards and prevention of helicopter failures.

## REQUESTS FOR PRODUCTION

**PLEASE PRODUCE THE FOLLOWING:**

1. All documents, correspondence, and communications (including emails) pertaining to each and every investigation of a Robinson R22 helicopter crash that you have been a part of during the last twelve years.

RESPONSE:

2. A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R44 helicopter model crash during the last twelve years.

RESPONSE:

3. A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R22 helicopter model crash during the last twelve years.

RESPONSE:

4. All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R22 helicopter model during the last twelve years.

RESPONSE:

5. All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R44 helicopter model during the last twelve years.

RESPONSE:

6. All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R44 helicopter model during the last twelve years.

RESPONSE:

7. All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R22 helicopter model during the last twelve years.

RESPONSE:

8. A full and complete copy of all settlements involving a Robinson R44 helicopter model for death and/or personal injury as a result of a crash or incident during the last twelve years.

RESPONSE:

9. A full and complete copy of all settlements involving a Robinson R22 helicopter model for death and/or personal injury as a result of a crash/incident during the last twelve years.

RESPONSE:

10. A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R44 helicopter model during the last twelve years, in reference to personal injury or death.

RESPONSE:

11. A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R22 helicopter model during the last twelve years, in reference to personal injury or death.

RESPONSE:

12. A full and complete copy of all opinions, articles, bulletins, memoranda, and/or presentations that you have issued pertaining to aerial photography services utilizing R-22 and/or R-44 helicopters during the last twelve years.

RESPONSE:

13. A full and complete copy of all safety reports, issued by your Safety Committee, regarding the helicopter model at issue.

RESPONSE:

14. All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction, in whole or any part, relative to this case.

RESPONSE:

15. All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction relative to any case involving a Robinson R22 helicopter in the last twelve years.

RESPONSE:

16. All documents, correspondence, and communications (including emails) that have discussed, analyzed, and/or concluded the possible cause(s) of the crash subject of this suit.

RESPONSE:

17. All documents, correspondence, and communications (including emails) that have discussed the analytics, investigations and/or conclusions regarding cause(s) of crashes in which Robinson R-22 helicopters have been involved during the last twelve years.

RESPONSE:

18. A full and complete copy of the operating manual pertaining to the Robinson R22 helicopter model.

RESPONSE:

19. A full and complete copy of the operating manual pertaining to the Robinson R44 helicopter model.

RESPONSE:

20. A full and complete copy of your corporate policies and procedures, including any mission statements, code of conduct, and/or any statements covering business ethics and safety procedures for your company.

RESPONSE:

21. All documents, correspondence, and/or communications submitted to NTSB during the last twelve years which involve R-22 helicopter crashes resulting in personal injury or death.

RESPONSE:

22. All witness statements that were obtained relative to the incident subject of this suit.

RESPONSE:

23. All reports, memos, conclusions, and/or documents that Robinson maintains suggest pilot error occurred during the crash subject of this suit.

RESPONSE:

24. All documents addressing or discussing the belt drive system and power failures associated with the Robinson R22 helicopter model.

RESPONSE:

25. A full and complete copy of all service bulletins and safety notices issued for Robinson R-22 helicopters and Robinson R-44 helicopters during the last 12 years.

RESPONSE:

26. A full and complete copy of all service bulletins and safety notices withdrawn for the Robinson R-22 helicopter.

RESPONSE:

27. Final engineering drawings which describe and identify the R-22 helicopter such as that involved in the incident subject of this suit, including part drawings, depictions of the configuration, specified tolerances, U.S. Government and Robinson Helicopter Co., Inc. specifications, engineering orders, "Operation Sheet" a/k/a Outside Data Sheet setting out required specific tooling, inspection requirements, finish coating, process specifications, identification requirements, packaging requirements and any special facilities required for production. This request includes the supporting documentation for the power transfer system and fuel system of the R-22, including belt drive system, fuel tank location, fuel tank liners, clutch system and wiring diagram.

RESPONSE:

28. All documents, correspondence, and communications (including emails) pertaining to all belt manufacturing changes, including changes from Gates to any other manufacturer, involving the Robinson R22 helicopter model from 2003 to the present.

RESPONSE:

29. Records identifying each and every crash in which any R-22 helicopter models have been involved including but not limited to crash date, crash location, root cause analysis, investigation materials, identity of investigators and exact model of helicopter involved from 2003 to the present.

RESPONSE:

30. Documents reflecting the identity of members of Robinson Helicopter Company, Inc.'s Safety Committee, including official capacity and/or office held by each, from original establishment of any committee dealing with helicopter safety of Robinson-manufactured helicopters, to the present.

RESPONSE:

31. All documents provided to customers purchasing the R-22 helicopter from Robinson Helicopter Company, Inc., i.e., warranty information, brochures, guarantees, user guides, etc. from 2003 to the present.

RESPONSE:

29. All Exhibit "A's" attached to any protective order entered on behalf of and/or for the benefit of Robinson Helicopter Company, Inc., including those executed by consulting witnesses and/or testifying witnesses who have or may have reviewed documents related to Robinson R-22 helicopters.

RESPONSE:

30. All documents which reflect testing of the belt drive system such as that utilized on the Robinson R-22 helicopter subject of this suit, including but not limited to stretching of belts, conditioning of belts, instructions for belt replacement, instructions for belt inspection and instructions for handling any belt "failure."

RESPONSE:

31. All documents which evidence and/or reflect instructions for response to rotor power loss while piloting a Robinson R-22 helicopter.

RESPONSE:

32. Information reflecting the net worth of Robinson Helicopter Company, Inc.

RESPONSE:

33. All documents exchanged between Robinson Helicopter Company, Inc. and Helicopter Services, Inc. which resulted in HSI becoming a factory-authorized Robinson Helicopter Service Center.

RESPONSE:

34. All documents which evidence inspections, reviews, audits or any other documents submitted by HSI to Robinson in order to maintain its designation with Robinson Helicopter Company, Inc.

RESPONSE:

35. All documents which reflect, depict and/or outline the training of HSI technicians, service and/or repair personnel, by Robinson Helicopter Company, Inc. personnel and/or its representatives, authorizing HSI to service the R-22 helicopter in question.

RESPONSE:

36. All photographs of post-crash R-22 helicopters from 2003 through the present.

RESPONSE:

37. Produce all documentation evidencing and/or reflecting post-crash fuel fed fires from 2003 through the present, involving R-22 and/or R-44 helicopters.

RESPONSE:

38. All deposition transcripts of the following individuals, which are maintained by Robinson Helicopter Company, Inc. and/or its counsel:

a.    Robert McSwain, McSwain Engineering, Inc.
b.    William "Bill" Carden, McSwain Engineering, Inc.
c.    Sri Kumar, Ph.D., Safety Research Institute
d.    Colin Sommer, Aeroscope, Inc.
e.    William S. Lawrence, Colonel USMC (Ret'd), ConsulAir, Inc.
f.    Joseph L. Burton, M.D.
g.    Dr. Kenneth Orloff, Orloff Consulting

RESPONSE:

39.    To the extent that Robinson Helicopter Company, Inc. maintains it is self-insured, produce any and all documents which evidence or reflect all financial limitations and/or restrictions relative to the incident in question.

RESPONSE:

40.    All documents obtained from the NTSB including but not limited to photographs, statements and /or conclusions relative to the R-22 helicopter subject of this litigation.

RESPONSE:

41.    All documents which evidence or reflect the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-22 Robinson Helicopter with alternative materials.

RESPONSE:

42.    All documents reflecting the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-44 Robinson Helicopter with alternative materials.

RESPONSE:

43.    All maintenance manuals associated with the Robinson R-22 Beta distributed during the regular course of business by Robinson Helicopter Company, Inc. over the last twelve years.

RESPONSE:

R0340

7/10/2015 3:20:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6022000
By: Tammy Tolman
Filed: 7/10/2015 3:20:04 PM

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § § § | 11th JUDICIAL DISTRICT |

**PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, the Plaintiffs, Nathan S. Ates, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased, Sonia Ates and Nathan M. Ates, filing this Motion to Compel and for Sanctions, and in support thereof would respectfully show unto the Court the following:

I.

This Court overruled Defendant, Robinson Helicopter Company, Inc.'s Motion for Reconsideration of its Order Granting Plaintiff's Motion to Compel on July 7, 2015. This Court also denied Defendant's request for stay as the ten days given to defendants by the Court in order to seek mandamus has expired without any effort of the defendant to file such a writ.

Defendant filed its Limited Motion for Emergency Stay along with its Petition for Writ of Mandamus on Wednesday, July 8, 2015. The Court of Appeals has rejected Defendant's Motion for Emergency Stay, which renders Defendant in contempt of the Court's order for production of the subject documents by Wednesday, July 8, 2015, at 5:00 p.m. (See Exhibit A, attached hereto.)

Unofficial Copy Office of Chris Daniel District Clerk

II.

Defendant, Robinson Helicopter Company, Inc., unlike any other aviation manufacturer, is self-insured. Plaintiff has filed a petition alleging both negligence and punitive damages against defendant. Plaintiff has also filed discovery requests seeking Defendant's net worth.

On May 11, 2015, the parties appeared before the Court. The Court considered the arguments of counsel and advised Defendant to provide evidence of net worth. Defendant has not followed the Court's directive. Plaintiff has filed a proposed Order which the Court has edited and granted on June 24, 2015, directing Defendant to produce " . . . documents sufficient to establish the current net worth of Robinson Helicopter Company, Inc. within 10 days . . ." of June 24, 2015.

III.

Defendant has threatened and ultimately sought appellate review, despite the fact that this Court's ruling is consistent with current case law on this subject.

Plaintiffs will not repeat the procedural history set out in Defendant's response to Plaintiffs' motion for the net worth discovery, but would show that Defendant's opposition does not address the issues raised in circumstances where defendant is uninsured, such as this. Additionally, Plaintiffs and Defendant have entered into a protective order providing for confidentiality of the information exchanged during the discovery process.

Defendant has put on no evidence of any "extreme risk of prejudice involved with the disclosure of Defendant's net worth" in this case. The information is sought to evaluate both ability and capacity of the Defendant, Robinson Helicopter Company, Inc., to pay damages for negligence and for punitive damages, which have been alleged.

Unofficial Copy Office of Chris Daniel District Clerk

IV.

Defendant claimed it does not have to produce the information and attached Senate Bill No. 735, which it claims was signed the same date Plaintiffs filed the proposed order. However, the new law does not take effect until September 1, 2015. Furthermore, the new law will not apply to the facts of this case. Section 3 of SB 735 states that the ***". . . change in law made by this Act applies only to an action filed on or after the effective date of this Act."***

As Plaintiffs' case was filed on June 16, 2014, the law permits this Court to order defendant to provide its net worth information, both necessary and appropriate in this cause of action.

Defendant's opposition and its claims of relief through SB No. 735 are unfounded, disingenuous and unsupported by the evidence Defendant purports to be applicable.

V.

Defendant filed its additional Motion for Reconsideration of Order Granting Plaintiffs' Motion to Compel and Contingent Motion to Stay Pending Mandamus on July 3, 2015. This motion additionally requested the Court conduct a gatekeeper hearing or in the alternative, an emergency stay on the production of Defendant's documents evidencing net worth pending its Petition for Writ of Mandamus. These requests were denied by the Court on July 7, 2015.

## VI. DEFENDANT CONTINUES TO DEFY THE COURT'S ORDERS

Plaintiffs would show that 5:00 p.m. has come and gone on July 8, 2015 and Defendant has failed to comport with the Court's order directing its production of net worth information.

Defendant continues to defy the Court's rulings despite an oral hearing and two written orders. Instead, defendant filed its Petition for Writ of Mandamus and Limited Motion for Emergency Stay, which motion was denied on July 10, 2015.

Unofficial Copy Office of Chris Daniel District Clerk

R0343

Defendant is in contempt of this Court's order.

## VII. REQUEST FOR RELIEF

Counsel for defendant has challenged the Court's discretion in entering the Orders of June 24, 2015 and July 7, 2015. With the motion denied at the trial court and appellate levels, the Defendant is in contempt of the Court's order.

Therefore, Plaintiffs now request this Court to order sanctions and attorney fees in this matter pursuant to TRCP 215.2, which allows a trial court to sanction a party for failure to comply with a discovery order or request. Rule 215.2(b) lists the sanctions a court may impose. Possible sanctions include, among others, an order refusing to allow the disobedient party to support designated defenses, an order striking out pleadings or parts thereof, and an order requiring the disobedient party to pay reasonable expenses, including attorney's fees, caused by the failure. TEX.R.CIV.P. 215.2(b); *Cire v. Cummings,* 134 S.W.3d 835 (Tex. 2004). The legitimate purposes of discovery sanctions are to secure compliance with discovery rules, to deter others from similar misconduct, and to punish violators. *Chrysler Corp. V. Blackmon,* 841 S.W.2d 844, 849 (Tex. 1992). A trial court has the discretion to apply sanctions that are appropriate or just. *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 916 (Tex. 1991). More severe sanctions may be assessed when accompanied by a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. *Id.* at 918. If a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it. *Id.*

WHEREFORE, PREMISES CONSIDERED, Plaintiffs file this Motion against Defendant,Robinson Helicopter Company, Inc. and request sanctions for Defendant's failure to

Unofficial Copy Office of Chris Daniel District Clerk

comply with this Court's orders of June 28, 2015 and July 7, 2015, and for a finding that Defendant is in contempt of this Court's order. Plaintiffs pray for such other and further relief to which they may be justly entitled, at law and in equity.

Respectfully submitted,

**STEVENSON & MURRAY**

*/s/ Mark T. Murray/s/*
MARK T. MURRAY
State Bar No. 14724810
24 Greenway Plazas, Suite 750
Houston, Texas 77046
Ph: (713) 622-3223
Fax (713) 622-3224

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

I certify that I contacted counsel for Defendant via email on July 10, 2015, in regard to filing this motion to compel. As counsel for Defendant has neither responded to counsel's email, nor complied with the Court's order, the undersigned believes that Defendant's counsel is opposed to the filing of this motion.

**/s/ Mark T. Murray/s/**

Mark T. Murray

Unofficial Copy Office of Chris Daniel District Clerk

R0345

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel on this the 10th day of July 2015, pursuant to the Texas Rules of Civil Procedure, via email, E-file, U.S. Mail, or facsimile:

DON SWAIM
Cunningham Swaim, LLP
7557 Rambler Road, Suite 440
Dallas, Texas 75231

George Andrew Coats
Gary Linn Evans
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246

Courtesy Copy:
Robinson Helicopter, Inc.
In House Counsel via cet@robinsonheli.com

***/s/ Mark T. Murray /s/***

Mark T. Murray

Unofficial Copy Office of Chris Daniel District Clerk



**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER

Appellate case name: In re Robinson Helicopter Company, Inc.

Appellate case number: 01-15-00594-CV

Trial court case number: 2014-34635

Trial court: 11th District Court of Harris County

On July 8, 2015, relator, Robinson Helicopter Company, Inc., filed a petition for a writ of mandamus. Relator also has filed a motion for emergency stay, requesting a stay as to the trial court's order compelling production of documents reflecting relator's net worth. The motion is **denied**.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd
☒ Acting individually ☐ Acting for the Court

Date: July 10, 2015

**Exhibit A**

Unofficial Copy Office of Chris Daniel District Clerk

7/10/2015 3:20:04 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6022000
By: TOLMAN, TAMMY E
Filed: 7/10/2015 3:20:04 PM

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § § § | 11th JUDICIAL DISTRICT |

**ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**

BE IT REMEMBERED that upon the day and date shown hereinbelow, the Court considered PLAINTIFFS' MOTION TO COMPEL AND MOTION FOR SANCTIONS; After considering the motion, evidence, and the arguments of counsel if any, the Court finds that Plaintiffs' request for sanctions is with merit and should be, in all respects, granted.

The Court also finds that the Defendant is in contempt and has wholly failed to comply with the Court's orders directing Defendant's production of net worth evidence, entered June 24, 2015 and July 7, 2015. This Court has previously denied Defendant's motion for a stay. The Court notes a mandamus proceeding with a request for a stay was filed. The Appellate Court by order denied Defendant's request for a stay on July 10, 2015. Defendant is in contempt of this Court's prior orders.

It is therefore, ORDERED that *Plaintiff's Motion for Sanctions* is in all things GRANTED.

It is further ORDERED that Defendant shall pay reimbursement to Plaintiffs for the cost of counsel's discovery practice, motion practice and appearance; to further discourage this

Unofficial Copy Office of Chris Daniel District Clerk

R0348

Defendant from engaging in discovery abuse in the State of Texas and before the Court, this Court makes an award of $____________________ payable by Defendant, Robinson Helicopter Co., Inc., to Plaintiffs which shall be paid within ten days from the date of entry of this Order.

SIGNED this ______ day of July 2015.

______________________________
PRESIDING JUDGE

Unofficial Copy Office of Chris Daniel District Clerk

NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| ROBINSON HELICOPTER COMPANY, INC.; HELICOPTER SERVICES, INC.; and the Estate of CHRISTOPHER YEAGER, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**DEFENDANT ROBINSON HELICOPTER COMPANY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

Pursuant to the Texas Rules of Civil Procedure, Defendant ROBINSON HELICOPTER COMPANY, INC. ("Robinson") hereby responds to Plaintiffs NATHAN S. ATES', Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES ("Plaintiffs'") Second Request for Production for the purpose of this action only without admitting in any way or to any extent the relevance to this cause of action or the admissibility as evidence of any statement or document provided herein, and without prejudice to subsequently discovered facts or information relevant to these requests. Robinson's discovery is not completed at this time, and, as such defendant reserves the right to supplement any and all responses herein by reason of subsequently discovered information.

**GENERAL OBJECTIONS**

Robinson submits the following general objections to Plaintiffs' Instructions, Definitions and Discovery Requests which apply to each and every request contained in

Plaintiffs' Discovery Requests to Robinson. For convenience, these general objections are set forth below and are not necessarily repeated after each request. The assertion of the same, similar or additional objections to a specific request does not waive any of Robinson's general objections as set forth below:

1. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek to expand the scope of, or impose upon Robinson obligations greater than those required by the applicable rules of the Rules of Civil Procedure and/or applicable orders of this Court.

2. Robinson reserves the right to challenge the competency, relevancy and admissibility, at trial or any subsequent proceeding, in this or any other action, of any information produced in response to Plaintiffs' Discovery Requests.

3. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they are directed to or made on behalf of entities or persons who are not parties to this case or over whom Robinson has no control.

4. Robinson respectfully objects to Plaintiffs' Discovery Requests on the grounds that they are ambiguous, vague, overly broad, oppressive and unduly burdensome, and seek information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

5. Robinson bases its responses on information currently available to it, after reasonable inquiry, and Robinson reserves the right to amend and/or supplement its objections and responses to conform to information and documents which may be obtained through ongoing discovery and investigation, in accordance with the Rules of Civil Procedure governing discovery.

6. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they attempt to elicit protected documents or information subject to the attorney client privilege; the work product doctrine; a joint or common defense privilege; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Robinson or its attorneys; or seeks materials prepared in anticipation of litigation or information that is proprietary in nature. Robinson asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law, applicable rules, current and future case management orders.

7. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek documents or information not within Robinson's possession, custody or control.

8. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek information or documents constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

9. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek information which is within Plaintiffs' knowledge, possession, custody or control, or otherwise accessible to Plaintiffs from other sources with substantially the same or greater facility than Robinson.

10. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they are unlimited in time, or otherwise not limited to a time frame relevant to this litigation, and to Robinson's products at issue in this case, on the grounds that such

requests seek documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

11. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they include contention interrogatories that solicit premature responses before the close of discovery.

**OBJECTIONS TO DEFINITIONS**

Robinson makes the following specific objections to Plaintiffs' definitions, which objections are incorporated into all of Robinson's responses to Plaintiffs' Discovery Requests where applicable. Any omission to refer specifically to such objections to Plaintiffs' definitions and instructions shall not be deemed a waiver of such objections.

Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" on the grounds that it is overly broad, unduly burdensome and to the extent that Robinson may not be able to ascertain all entities and/or individuals falling within these definitions. Further, Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" to the extent that they seek to expand the scope of, or impose obligations greater than, those imposed by the Rules of Civil Procedure.

## SECOND REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents, correspondence, and communications (including emails) pertaining to each and every investigation of a Robinson R22 helicopter crash that you have been a part of during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R44 helicopter model crash during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery

of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R22 helicopter model crash during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; duplicate of request number 1 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its

possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 4:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R22 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R44 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information

protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; is propounded for the purpose of harassment; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R44 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; is duplicative of request number 5 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and

confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 7:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R22 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; duplicative of request number 4 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:** A full and complete copy of all settlements involving a Robinson R44 helicopter model for death and/or personal injury as a result of a crash or incident during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:** A full and complete copy of all settlements involving a Robinson R22 helicopter model for death and/or personal injury as a result of a crash/incident during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the

scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 10:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R44 helicopter model during the last twelve years, in reference to personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 11:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R22 helicopter model during the last twelve years, in reference to personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to

the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 12:** A full and complete copy of all opinions, articles, bulletins, memoranda, and/or presentations that you have issued pertaining to aerial photography services utilizing R-22 and/or R-44 helicopters during the last twelve years.

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:** A full and complete copy of all safety reports, issued by your Safety Committee, regarding the helicopter model at issue.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope and time; seeks confidential information; is not reasonably calculated

to lead to the discovery of admissible evidence; is duplicative of request number 4 of Plaintiffs' first requests for production; seeks documents previously produced; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:** All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction, in whole or any part, relative to this case.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:** All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction relative to any case involving a Robinson R22 helicopter in the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 16:** All documents, correspondence, and communications (including emails) that have discussed, analyzed, and/or concluded the possible cause(s) of the crash subject of this suit.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents not within the actual or constructive control of this party; calls for a legal conclusion; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege and the trade secret privilege. Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:** All documents, correspondence, and communications (including emails) that have discussed the analytics, investigations and/or conclusions regarding cause(s) of crashes in which Robinson R-22 helicopters have been involved during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** A full and complete copy of the operating manual pertaining to the Robinson R22 helicopter model.

**RESPONSE:** This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 19:** A full and complete copy of the operating manual pertaining to the Robinson R44 helicopter model.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, but without waiving any of the foregoing objections, This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 20:** A full and complete copy of your corporate policies and procedures, including any mission statements, code of conduct, and/or any statements covering business ethics and safety procedures for your company.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is

propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 21:** All documents, correspondence, and/or communications submitted to NTSB during the last twelve years which involve R-22 helicopter crashes resulting in personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 22:** All witness statements that were obtained relative to the incident subject of this suit.

RESPONSE: Robinson objects to the immediately preceding request to the extent that it is vague, overly broad, duplicative of Plaintiffs' requests for disclosures; and seeks information not within the actual or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 23:** All reports, memos, conclusions, and/or documents that Robinson maintains suggest pilot error occurred during the crash subject of this suit.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented;

unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:** All documents addressing or discussing the belt drive system and power failures associated with the Robinson R22 helicopter model.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 25:** A full and complete copy of all service bulletins and safety notices issued for Robinson R-22 helicopters and Robinson R-44 helicopters during the last 12 years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 26:** A full and complete copy of all service bulletins and safety notices withdrawn for the Robinson R-22 helicopter.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 27:** Final engineering drawings which describe and identify the R-22 helicopter such as that involved in the incident subject of this suit, including part drawings, depictions of the configuration, specified tolerances, U.S. Government and Robinson Helicopter Co., Inc. specifications, engineering orders, "Operation Sheet" a/k/a Outside Data Sheet setting out required specific tooling, inspection requirements, finish coating, process specifications, identification requirements, packaging requirements and any special facilities required for production. This request includes the supporting documentation for the power transfer system and fuel system of the R-22, including belt drive system, fuel tank location, fuel tank liners, clutch system and wiring diagram.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 28:** All documents, correspondence, and communications (including emails) pertaining to all belt manufacturing changes, including changes from Gates to any other manufacturer, involving the Robinson R22 helicopter model from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as

presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 29:** Records identifying each and every crash in which any R-22 helicopter models have been involved including but not limited to crash date, crash location, root cause analysis, investigation materials, identity of investigators and exact model of helicopter involved from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 30:** Documents reflecting the identity of members of Robinson Helicopter Company, Inc.'s Safety Committee, including official capacity and/or office held by each, from original establishment of any committee dealing with helicopter safety of Robinson-manufactured helicopters, to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential and proprietary; violates third-party’s privacy rights and exceeds the permissible scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 31</u>:** All documents provided to customers purchasing the R-22 helicopter from Robinson Helicopter Company, Inc., i.e., warranty information, brochures, guarantees, user guides, etc. from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**<u>REQUEST FOR PRODUCTION NO. 29 [sic]</u>:** All Exhibit "A's" attached to any protective order entered on behalf of and/or for the benefit of Robinson Helicopter Company, Inc., including those executed by consulting witnesses and/or testifying witnesses who have or may have reviewed documents related to Robinson R-22 helicopters.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is vague; overly broad; ambiguous; unduly burdensome and expensive to produce as presented; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks information that is confidential, proprietary and contains trade secrets; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information not within the actual or constructive control of this party; and exceeds the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by protective orders and confidentiality agreements in other cases.

**<u>REQUEST FOR PRODUCTION NO. 30 [sic]</u>:** All documents which reflect testing of the belt drive system such as that utilized on the Robinson R-22 helicopter subject of this suit, including but not limited to stretching of belts, conditioning of belts, instructions for belt replacement, instructions for belt inspection and instructions for handling any belt "failure."

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and

exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 31 [sic]:** All documents which evidence and/or reflect instructions for response to rotor power loss while piloting a Robinson R-22 helicopter.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 32:** Information reflecting the net worth of Robinson Helicopter Company, Inc.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that is seeks privileged financial records which are highly sensitive, and their confidentiality is necessary to Robinson's competitive advantage and continued viability. Robinson further objects to the extent that the request seeks information that is not relevant to any of the current issues of liability and causation; is not reasonably calculated to lead to the discovery of admissible evidence; and is duplicative of request number 22 of Plaintiffs' first set of requests for production. Further, there is no public policy reason for this information to be released as it only concerns the financial status of one defendant, and implicates no public safety or other relevant issue. Robinson incorporates by reference its prior briefing to the Trial Court and the Court of Appeals on this issue.

**REQUEST FOR PRODUCTION NO. 33:** All documents exchanged between Robinson Helicopter Company, Inc. and Helicopter Services, Inc. which resulted in HSI becoming a factory-authorized Robinson Helicopter Service Center.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 34</u>:** All documents which evidence inspections, reviews, audits or any other documents submitted by HSI to Robinson in order to maintain its designation with Robinson Helicopter Company, Inc.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 35</u>:** All documents which reflect, depict and/or outline the training of HSI technicians, service and/or repair personnel, by Robinson Helicopter Company, Inc. personnel and/or its representatives, authorizing HSI to service the R-22 helicopter in question.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 36</u>:** All photographs of post-crash R-22 helicopters from 2003 through the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or constructive control of this party; and exceeds the permissible scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 37</u>:** Produce all documentation evidencing and/or reflecting post-crash fuel fed fires from 2003 through the present, involving R-22 and/or R-44 helicopters.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or

constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the attorney-client and work product privileges, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 38:** All deposition transcripts of the following individuals, which are maintained by Robinson Helicopter Company, Inc. and/or its counsel:

a. Robert McSwain, McSwain Engineering, Inc.
b. William "Bill" Carden, McSwain Engineering, Inc.
c. Sri Kumar, Ph.D., Safety Research Institute
d. Colin Sommer, Aeroscope, Inc.
e. WilliamS. Lawrence, Colonel USMC (Ret' d), ConsulAir, Inc.
f. Joseph L. Burton, M.D.
g. Dr. Kenneth Orloff, Orloff Consulting

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the request to the extent that it seeks information unrelated to the accident aircraft and/or outside the scope of this lawsuit.

**REQUEST FOR PRODUCTION NO. 39:** To the extent that Robinson Helicopter Company, Inc. maintains it is self-insured, produce any and all documents which evidence or reflect all financial limitations and/or restrictions relative to the incident in question.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; is duplicative of request number 6 of Plaintiffs’ first set of requests for production; and is duplicative of Plaintiffs’ requests for disclosures.

**<u>REQUEST FOR PRODUCTION NO. 40</u>:** All documents obtained from the NTSB including but not limited to photographs, statements and /or conclusions relative to the R-22 helicopter subject of this litigation.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope; and seeks information not within the actual or constructive control of this party. Robinson further objects to the extent that this request seeks documents protected by the work product privilege.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:** All documents which evidence or reflect the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-22 Robinson Helicopter with alternative materials.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 42</u>:** All documents reflecting the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-44 Robinson Helicopter with alternative materials.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the

same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 43:** All maintenance manuals associated with the Robinson R-22 Beta distributed during the regular course of business by Robinson Helicopter Company, Inc. over the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

Respectfully submitted,

COATS & EVANS, P.C.

***/s/ George Andrew Coats***

George Andrew Coats
Texas Bar No. 00783846
coats@texasaviationlaw.com
Gary Linn Evans
Texas Bar No. 00795338
evans@texasaviationlaw.com
P.O. Box 130246
The Woodlands, TX 77393-0246
Telephone: 281-367-7732
Facsimile: 281-367-8003

**Attorneys for Defendant**
**Robinson Helicopter Company, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the foregoing document has been served on all parties of record on this the 15th day of July, 2015.

MARK T. MURRAY
STEVENSON & MURRAY
24 Greenway Plaza, Suite 750
Houston, Texas 77046
713-622-3223
713-622-3224 Fax
mmurray@johnstevensonlaw.com

***Via Email and/or Facsimile***

DON SWAIM
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Ste. 440
Dallas, Texas 75231
214-646-1495
dswaim@cunninghamswaim.com

***Via Email and/or Facsimile***

***/s/ George Andrew Coats***
George Andrew Coats

7/22/2015 5:37:42 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6185982
By: Tammy Tolman
Filed: 7/22/2015 5:37:42 PM

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § § § | 11th JUDICIAL DISTRICT |

**PLAINTIFFS' MOTION TO COMPEL ROBINSON HELICOPTER COMPANY, INC.'S RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION, AND REQUEST FOR RULING ON DEFENDANT'S OBJECTIONS**

TO THE HONORABLE JUDGE MIKE D. MILLER:

Plaintiffs file this Motion to Compel requesting the Court to enter an order compelling ROBINSON HELICOPTER COMPANY, INC., Defendant (hereinafter "Robinson"), to fully respond to Plaintiffs' Second Requests for Production.

## I. FACTS & BACKGROUND

On September 10, 2012, Joyce Ates was a passenger in a 2007 Robinson manufactured R22 Beta II helicopter (serial number 4250 and registration number N281RG). The helicopter took off from Baytown Airport in Baytown, Texas at approximately 3:00 p.m. While flying in Harris County, Texas, the helicopter experienced a power loss and crashed. Within a minute of impacting the ground, the helicopter ignited into a fireball. Joyce Ates suffered serious injuries which eventually resulted in her death.

Plaintiffs filed suit and immediately commenced the discovery process. On June 16, 2014 Plaintiffs served Defendant, Robinson, with their First Discovery Requests, including requests for production. Robinson, however, did not produce responsive documents. Thus, on March 20,

2015 Plaintiffs filed their Motion to Compel Robinson Helicopter Company's Responses to Plaintiffs' First Discovery Requests and on June 19, 2015, Plaintiffs filed their Proposed Order Compelling Robinson Helicopter Company, Inc to Provide Plaintiff with Net Worth Information. On June 24, 2015 the Court entered an order compelling Defendant to provide its net worth information to Plaintiffs, *See Exhibit B,* and on July 07, 2015, the Court denied Defendants' request for a stay, *See Exhibit C.* Plaintiffs' Order to Compel documents from its First Request for Production is pending before this Court. *See Exhibit D.* Now Plaintiffs seek an Order requesting its Second Request for Production.

On June 15, 2015, Plaintiffs propounded their Second Request for Production on Defendant. On July 15, 2015, Defendant served Plaintiffs with its responses. Once again, Robinson failed to produce any responsive documents. *See Exhibit A.* Therefore, this Motion to Compel is necessary due to Robinson's continued unwillingness to adequately respond to Plaintiffs' requests for production.

## II. ARGUMENT

Robinson has refused to adequately respond to any of the propounded requests for production; it has either objected without any merit or has referred Plaintiffs to sources instead of directly providing the available requested documents and information. *See id*. Ultimately, Robinson has failed to demonstrate any good faith cooperation.

Robinson generally objects to Plaintiffs' Second Request for Production without any merit. Robinson argues Plaintiffs requests are ambiguous, vague, overbroad, oppressive, unlimited in time, and seeking privileged information. However, this not the case as the requests made by Plaintiffs are clear, timely, reasonable, to the point, and do not seek to gather privileged information.

Robinson also argues Plaintiffs' requests are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Robinson argues a number of requests "seek documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence" because some requests are "relating to a model that is not even the same model as the accident aircraft." *See Exhibit A.* It is true that some requests are not limited to the helicopter model at issue; however, discovery is not limited to the specific helicopter model involved in this case. *See In re Exmark Mfg. Co.*, 299 S.W.3d 519, 528 (Tex. App.—Corpus Christi 2009, orig. proceeding) ("Fundamentally, the scope of discovery is obviously much broader that the scope of admissible evidence, and evidence of incidents involving other products besides the exact model at issue can be admissible, and therefore, obviously discoverable.").

Additionally, Defendant refuses to properly answer to Plaintiffs requests because certain definitions are "broad" and "seek to expand the scope of, or impose obligations greater than, those imposed by the Rules of Civil Procedure." Plaintiffs, in good faith, have defined their terms to the best of their ability. If certain definitions lack clarity, Plaintiffs argue and assert the requests made are not seeking to expand or impose greater obligations than those imposed by the Rules of Civil Procedure.

Furthermore, Robinson insists in not producing responsive documents "because Plaintiff has not alleged a specific theory as to what plaintiff contends caused the accident." Ironically, the purpose of discovery is precisely for Plaintiff to better analyze and understand what all caused the accident at issue. Therefore, in order for Plaintiffs to establish a theory about the accident, Defendant needs to produce the requested information first.

At this moment, Plaintiffs have not received any responsive documents from Robinson pertaining to Plaintiffs' Second Request for Production. In the interest of time and in furtherance

of this lawsuit, it is essential for Plaintiffs to obtain the discovery requested. Plaintiffs, therefore, request for this Court to compel the discovery requested and overrule Robinson's objections.

## III. Conclusion and Prayer

Plaintiffs respectfully request the Court to enter an Order compelling the discovery requested by Plaintiffs, overrule Robinson Helicopter Company Inc.'s objections to Plaintiffs' Second Request for Production, compel Robinson Helicopter Company, Inc. to fully respond to the same, and award Plaintiffs' attorney's fees and costs involved in the filing of this Motion. Plaintiffs also pray for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**STEVENSON & MURRAY**

By: ***/s/ Mark T. Murray /s/***
_________________________

**MARK T. MURRAY**
Texas Bar No. 14724810
Weslayan Tower, Suite 750
24 Greenway Plaza
Houston, Texas 77046-2416
(713) 622-3223
(713) 622-3224 (fax)
Email: mmurray@johnstevensonlaw.com

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

On July 16, 2015 and July 22, 2015, Plaintiff's counsel attempted to confer with defense counsel for Robinson Helicopter Inc. concerning Defendant's Objections and Responses to Plaintiffs' Second Request for Production. Counsel for Defendant has not responded to these overtures and therefore the undersigned must presume defense counsel is opposed to Plaintiff's motion.

*/s/ Mark T. Murray /s/*

______________________
**MARK T. MURRAY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion to Compel Robinson Helicopter Company, Inc.'s Responses to Plaintiffs' Second Request for Production, and Request for Ruling on Defendant's Objections was forwarded to all known counsel of record by electronic case filing on this 22nd day of July, 2015.

Don Swaim
Cunningham Swaim, LLP
7557 Rambler Road, Suite 440
Dallas, Texas 75231

George Andrew Coats
Gary Linn Evans
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246

*/s/ Mark T. Murray /s/*

__________________________
**MARK T. MURRAY**

NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| ROBINSON HELICOPTER COMPANY, INC.; HELICOPTER SERVICES, INC.; and the Estate of CHRISTOPHER YEAGER, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**DEFENDANT ROBINSON HELICOPTER COMPANY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

Pursuant to the Texas Rules of Civil Procedure, Defendant ROBINSON HELICOPTER COMPANY, INC. ("Robinson") hereby responds to Plaintiffs NATHAN S. ATES', Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES ("Plaintiffs'") Second Request for Production for the purpose of this action only without admitting in any way or to any extent the relevance to this cause of action or the admissibility as evidence of any statement or document provided herein, and without prejudice to subsequently discovered facts or information relevant to these requests. Robinson's discovery is not completed at this time, and, as such defendant reserves the right to supplement any and all responses herein by reason of subsequently discovered information.

**GENERAL OBJECTIONS**

Robinson submits the following general objections to Plaintiffs' Instructions, Definitions and Discovery Requests which apply to each and every request contained in

EXHIBIT
A
R0381

Plaintiffs' Discovery Requests to Robinson. For convenience, these general objections are set forth below and are not necessarily repeated after each request. The assertion of the same, similar or additional objections to a specific request does not waive any of Robinson's general objections as set forth below:

1. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek to expand the scope of, or impose upon Robinson obligations greater than those required by the applicable rules of the Rules of Civil Procedure and/or applicable orders of this Court.

2. Robinson reserves the right to challenge the competency, relevancy and admissibility, at trial or any subsequent proceeding, in this or any other action, of any information produced in response to Plaintiffs' Discovery Requests.

3. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they are directed to or made on behalf of entities or persons who are not parties to this case or over whom Robinson has no control.

4. Robinson respectfully objects to Plaintiffs' Discovery Requests on the grounds that they are ambiguous, vague, overly broad, oppressive and unduly burdensome, and seek information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

5. Robinson bases its responses on information currently available to it, after reasonable inquiry, and Robinson reserves the right to amend and/or supplement its objections and responses to conform to information and documents which may be obtained through ongoing discovery and investigation, in accordance with the Rules of Civil Procedure governing discovery.

R0382

6. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they attempt to elicit protected documents or information subject to the attorney client privilege; the work product doctrine; a joint or common defense privilege; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Robinson or its attorneys; or seeks materials prepared in anticipation of litigation or information that is proprietary in nature. Robinson asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law, applicable rules, current and future case management orders.

7. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek documents or information not within Robinson's possession, custody or control.

8. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek information or documents constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

9. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek information which is within Plaintiffs' knowledge, possession, custody or control, or otherwise accessible to Plaintiffs from other sources with substantially the same or greater facility than Robinson.

10. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they are unlimited in time, or otherwise not limited to a time frame relevant to this litigation, and to Robinson's products at issue in this case, on the grounds that such

R0383

requests seek documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

11. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they include contention interrogatories that solicit premature responses before the close of discovery.

**OBJECTIONS TO DEFINITIONS**

Robinson makes the following specific objections to Plaintiffs' definitions, which objections are incorporated into all of Robinson's responses to Plaintiffs' Discovery Requests where applicable. Any omission to refer specifically to such objections to Plaintiffs' definitions and instructions shall not be deemed a waiver of such objections.

Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" on the grounds that it is overly broad, unduly burdensome and to the extent that Robinson may not be able to ascertain all entities and/or individuals falling within these definitions. Further, Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" to the extent that they seek to expand the scope of, or impose obligations greater than, those imposed by the Rules of Civil Procedure.

R0384

## SECOND REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents, correspondence, and communications (including emails) pertaining to each and every investigation of a Robinson R22 helicopter crash that you have been a part of during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R44 helicopter model crash during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery

of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R22 helicopter model crash during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; duplicate of request number 1 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its

possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R22 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R44 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information

protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; is propounded for the purpose of harassment; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R44 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; is duplicative of request number 5 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and

confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 7:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R22 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; duplicative of request number 4 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:** A full and complete copy of all settlements involving a Robinson R44 helicopter model for death and/or personal injury as a result of a crash or incident during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 9**: A full and complete copy of all settlements involving a Robinson R22 helicopter model for death and/or personal injury as a result of a crash/incident during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the

scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 10:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R44 helicopter model during the last twelve years, in reference to personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 11:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R22 helicopter model during the last twelve years, in reference to personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to

the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 12:** A full and complete copy of all opinions, articles, bulletins, memoranda, and/or presentations that you have issued pertaining to aerial photography services utilizing R-22 and/or R-44 helicopters during the last twelve years.

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:** A full and complete copy of all safety reports, issued by your Safety Committee, regarding the helicopter model at issue.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope and time; seeks confidential information; is not reasonably calculated

to lead to the discovery of admissible evidence; is duplicative of request number 4 of Plaintiffs' first requests for production; seeks documents previously produced; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 14**: All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction, in whole or any part, relative to this case.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 15**: All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction relative to any case involving a Robinson R22 helicopter in the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 16</u>:** All documents, correspondence, and communications (including emails) that have discussed, analyzed, and/or concluded the possible cause(s) of the crash subject of this suit.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents not within the actual or constructive control of this party; calls for a legal conclusion; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege and the trade secret privilege. Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request.

**<u>REQUEST FOR PRODUCTION NO. 17</u>:** All documents, correspondence, and communications (including emails) that have discussed the analytics, investigations and/or conclusions regarding cause(s) of crashes in which Robinson R-22 helicopters have been involved during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** A full and complete copy of the operating manual pertaining to the Robinson R22 helicopter model.

**RESPONSE:** This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 19:** A full and complete copy of the operating manual pertaining to the Robinson R44 helicopter model.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, but without waiving any of the foregoing objections, This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 20:** A full and complete copy of your corporate policies and procedures, including any mission statements, code of conduct, and/or any statements covering business ethics and safety procedures for your company.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is

propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 21:** All documents, correspondence, and/or communications submitted to NTSB during the last twelve years which involve R-22 helicopter crashes resulting in personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 22:** All witness statements that were obtained relative to the incident subject of this suit.

RESPONSE: Robinson objects to the immediately preceding request to the extent that it is vague, overly broad, duplicative of Plaintiffs' requests for disclosures; and seeks information not within the actual or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 23:** All reports, memos, conclusions, and/or documents that Robinson maintains suggest pilot error occurred during the crash subject of this suit.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented;

unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:** All documents addressing or discussing the belt drive system and power failures associated with the Robinson R22 helicopter model.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 25:** A full and complete copy of all service bulletins and safety notices issued for Robinson R-22 helicopters and Robinson R-44 helicopters during the last 12 years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 26:** A full and complete copy of all service bulletins and safety notices withdrawn for the Robinson R-22 helicopter.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 27:** Final engineering drawings which describe and identify the R-22 helicopter such as that involved in the incident subject of this suit, including part drawings, depictions of the configuration, specified tolerances, U.S. Government and Robinson Helicopter Co., Inc. specifications, engineering orders, "Operation Sheet" a/k/a Outside Data Sheet setting out required specific tooling, inspection requirements, finish coating, process specifications, identification requirements, packaging requirements and any special facilities required for production. This request includes the supporting documentation for the power transfer system and fuel system of the R-22, including belt drive system, fuel tank location, fuel tank liners, clutch system and wiring diagram.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 28:** All documents, correspondence, and communications (including emails) pertaining to all belt manufacturing changes, including changes from Gates to any other manufacturer, involving the Robinson R22 helicopter model from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as

presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 29:** Records identifying each and every crash in which any R-22 helicopter models have been involved including but not limited to crash date, crash location, root cause analysis, investigation materials, identity of investigators and exact model of helicopter involved from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 30:** Documents reflecting the identity of members of Robinson Helicopter Company, Inc.'s Safety Committee, including official capacity and/or office held by each, from original establishment of any committee dealing with helicopter safety of Robinson-manufactured helicopters, to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential and proprietary; violates third-party's privacy rights and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 31:** All documents provided to customers purchasing the R-22 helicopter from Robinson Helicopter Company, Inc., i.e., warranty information, brochures, guarantees, user guides, etc. from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 29 [sic]:** All Exhibit "A's" attached to any protective order entered on behalf of and/or for the benefit of Robinson Helicopter Company, Inc., including those executed by consulting witnesses and/or testifying witnesses who have or may have reviewed documents related to Robinson R-22 helicopters.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is vague; overly broad; ambiguous; unduly burdensome and expensive to produce as presented; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks information that is confidential, proprietary and contains trade secrets; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information not within the actual or constructive control of this party; and exceeds the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by protective orders and confidentiality agreements in other cases.

**REQUEST FOR PRODUCTION NO. 30 [sic]:** All documents which reflect testing of the belt drive system such as that utilized on the Robinson R-22 helicopter subject of this suit, including but not limited to stretching of belts, conditioning of belts, instructions for belt replacement, instructions for belt inspection and instructions for handling any belt "failure."

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and

exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 31 [sic]:** All documents which evidence and/or reflect instructions for response to rotor power loss while piloting a Robinson R-22 helicopter.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 32:** Information reflecting the net worth of Robinson Helicopter Company, Inc.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that is seeks privileged financial records which are highly sensitive, and their confidentiality is necessary to Robinson's competitive advantage and continued viability. Robinson further objects to the extent that the request seeks information that is not relevant to any of the current issues of liability and causation; is not reasonably calculated to lead to the discovery of admissible evidence; and is duplicative of request number 22 of Plaintiffs' first set of requests for production. Further, there is no public policy reason for this information to be released as it only concerns the financial status of one defendant, and implicates no public safety or other relevant issue. Robinson incorporates by reference its prior briefing to the Trial Court and the Court of Appeals on this issue.

**REQUEST FOR PRODUCTION NO. 33:** All documents exchanged between Robinson Helicopter Company, Inc. and Helicopter Services, Inc. which resulted in HSI becoming a factory-authorized Robinson Helicopter Service Center.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 34**: All documents which evidence inspections, reviews, audits or any other documents submitted by HSI to Robinson in order to maintain its designation with Robinson Helicopter Company, Inc.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 35**: All documents which reflect, depict and/or outline the training of HSI technicians, service and/or repair personnel, by Robinson Helicopter Company, Inc. personnel and/or its representatives, authorizing HSI to service the R-22 helicopter in question.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 36**: All photographs of post-crash R-22 helicopters from 2003 through the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or constructive control of this party; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 37**: Produce all documentation evidencing and/or reflecting post-crash fuel fed fires from 2003 through the present, involving R-22 and/or R-44 helicopters.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or

R0402

constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the attorney-client and work product privileges, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 38**: All deposition transcripts of the following individuals, which are maintained by Robinson Helicopter Company, Inc. and/or its counsel:

a. Robert McSwain, McSwain Engineering, Inc.
b. William "Bill" Carden, McSwain Engineering, Inc.
c. Sri Kumar, Ph.D., Safety Research Institute
d. Colin Sommer, Aeroscope, Inc.
e. WilliamS. Lawrence, Colonel USMC (Ret' d), ConsulAir, Inc.
f. Joseph L. Burton, M.D.
g. Dr. Kenneth Orloff, Orloff Consulting

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the request to the extent that it seeks information unrelated to the accident aircraft and/or outside the scope of this lawsuit.

**REQUEST FOR PRODUCTION NO. 39**: To the extent that Robinson Helicopter Company, Inc. maintains it is self-insured, produce any and all documents which evidence or reflect all financial limitations and/or restrictions relative to the incident in question.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; is duplicative of request number 6 of Plaintiffs' first set of requests for production; and is duplicative of Plaintiffs' requests for disclosures.

R0403

**<u>REQUEST FOR PRODUCTION NO. 40</u>:** All documents obtained from the NTSB including but not limited to photographs, statements and /or conclusions relative to the R-22 helicopter subject of this litigation.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope; and seeks information not within the actual or constructive control of this party. Robinson further objects to the extent that this request seeks documents protected by the work product privilege.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:** All documents which evidence or reflect the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-22 Robinson Helicopter with alternative materials.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 42</u>:** All documents reflecting the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-44 Robinson Helicopter with alternative materials.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the

same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 43:** All maintenance manuals associated with the Robinson R-22 Beta distributed during the regular course of business by Robinson Helicopter Company, Inc. over the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

Respectfully submitted,

COATS & EVANS, P.C.

***/s/ George Andrew Coats***
George Andrew Coats
Texas Bar No. 00783846
coats@texasaviationlaw.com
Gary Linn Evans
Texas Bar No. 00795338
evans@texasaviationlaw.com
P.O. Box 130246
The Woodlands, TX 77393-0246
Telephone: 281-367-7732
Facsimile: 281-367-8003

**Attorneys for Defendant**
**Robinson Helicopter Company, Inc.**

R0405

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the foregoing document has been served on all parties of record on this the 15th day of July, 2015.

MARK T. MURRAY
STEVENSON & MURRAY
24 Greenway Plaza, Suite 750
Houston, Texas 77046
713-622-3223
713-622-3224 Fax
mmurray@johnstevensonlaw.com

***Via Email and/or Facsimile***

DON SWAIM
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Ste. 440
Dallas, Texas 75231
214-646-1495
dswaim@cunninghamswaim.com

***Via Email and/or Facsimile***

***/s/ George Andrew Coats***
George Andrew Coats

R0406

6/19/2015 2:38:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5751318
By: GABRIELA COX
Filed: 6/19/2015 2:38:23 PM

CAUSE NO. 2014-34635

p.2 cprox.

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § | IN THE DISTRICT COURT OF |
| vs. | § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § | 11th JUDICIAL DISTRICT |

Unofficial Copy Office of Chris Daniel District Clerk

**~~PLAINTIFFS' PROPOSED~~ ORDER COMPELLING ROBINSON HELICOPTER COMPANY, INC. TO PROVIDE PLAINTIFFS WITH NET WORTH INFORMATION**

BE IT REMEMBERED that upon the 11th day of May, 2015, came on for consideration the Plaintiffs' Motion to Compel Robinson Helicopter Company, Inc.'s Responses to Plaintiffs' First Discovery Requests, and Request for Ruling on Defendant's Objections.

Defendant, Robinson Helicopter Company, Inc., represented to the Court that it is self insured, with no insurance carrier, surety, or bond holder available to pay any potential judgment in this case. Plaintiffs have served and requested that Defendant provide information concerning its net worth to Plaintiffs. The parties have agreed to a protective order in this case. The Court indicated net worth information should be provided, however, an Order has not been entered at this time.

The pleadings filed in this lawsuit plead claims both for negligence and gross negligence. In order for Plaintiffs to evaluate the strength and ability of Defendant to pay a potential judgment, and to assess and evaluate a punitive damage claim, Plaintiffs require financial information that is not otherwise available from a privately held corporation. ~~Because no insurance information is available, Defendant should provide Plaintiffs with its net worth information.~~

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

EXHIBIT
tabbies
B
R0407

~~The parties to this lawsuit have conferred, negotiated, compromised, and entered into a protective order to provide all parties with the proper and adequate information. Plaintiffs urge the Court to order Defendant's to provide net worth information. Plaintiffs will maintain confidentiality of this information in compliance with the previous order.~~

~~The Court, having considered the motions, evidence, responses and arguments of counsel; finds Plaintiff's request for net worth information to be with merit;~~ it is therefore

ORDERED that Defendant, Robinson Helicopter Company, Inc., ~~be and it~~ is ~~hereby~~ ORDERED to provide ~~corporate net worth information~~ documents sufficient to establish the current net worth of Robinson Helicopter Company, Inc. to Plaintiffs within 10 days of the signing of this Order.

SIGNED on this ________ day of JUN 24 2015, 2015.

JUDGE PRESIDING

**APPROVED AS TO FORM AND ENTRY REQUESTED:**

**STEVENSON & MURRAY**

*/s/ Mark T. Murray/s/*

MARK T. MURRAY
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Phone: (713) 622-3223
Fax: (713) 622-3224
Email: mmurray@johnstevensonlaw.com
COUNSEL FOR PLAINTIFFS

Unofficial Copy Office of Chris Daniel District Clerk

P-1 RECSY STPRX. PRODX.

NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HELICOPTER COMPANY, INC. | § | 11th JUDICIAL DISTRICT |

ORDER

Defendant's Motion to Reconsider production of a current net worth document is overruled. The request for a stay is denied as the June 24 order already gave Defendant 10 days to seek a writ of mandamus. Production is ordered by 5 p.m. on July 8, 2015.

Signed this 7th day of July, 2015.

Mike Miller
Judge Presiding

Unofficial Copy Office of Chris Daniel District Clerk

FILED
Chris Daniel
District Clerk
JUL - 7 2015
Time: ________
Harris County, Texas
By ________
Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

EXHIBIT C

6/30/2015 12:08:04 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 5878744
By: DE LA ROSA, GABRIELA
Filed: 6/30/2015 12:08:04 PM

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § § § | 14 JUDICIAL DISTRICT |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL ROBINSON HELICOPTER COMPANY, INC.'S RESPONSES TO FIRST REQUESTS FOR PRODUCTION, AND REQUEST FOR RULING ON DEFENDANT'S OBJECTIONS**

Unofficial Copy Office of Chris Daniel District Clerk

After considering Plaintiffs' Motion to Compel Robinson Helicopter Company Inc.'s Responses to First Discovery Requests, and Requests for Rulings on Defendants' Objections, any responses or replies thereto, and all arguments of counsel, the Court finds that Plaintiffs' Motion should be GRANTED.

It is therefore ORDERED that Defendant must fully respond to Plaintiffs' Requests for Production within _____ days of this Order.

Further, the Court makes the following rulings on Robinson Helicopter Company, Inc.'s objections to Plaintiffs' First Requests for Production:

Request No. 1.

________ OVERRULED __________ SUSTAINED

Request No. 2.

________ OVERRULED __________ SUSTAINED

Request No. 3.

________ OVERRULED __________ SUSTAINED

EXHIBIT
tabbles
D
R0410

Request No. 4.

_________ OVERRULED ___________ SUSTAINED

Request No. 5.

_________ OVERRULED ___________ SUSTAINED

Request No. 6.

No objections.

Request No. 7.

_________ OVERRULED ___________ SUSTAINED

Request No. 8.

_________ OVERRULED ___________ SUSTAINED

Request No. 9.

_________ OVERRULED ___________ SUSTAINED

Request No. 10.

No objections.

Request No. 11.

No objections.

Request No. 12.

_________ OVERRULED ___________ SUSTAINED

Request No. 13.

_________ OVERRULED ___________ SUSTAINED

Request No. 14.

_________ OVERRULED ___________ SUSTAINED

Unofficial Copy Office of Chris Daniel District Clerk

R0411

Request No. 15.

_________ OVERRULED ___________ SUSTAINED

Request No. 16.

_________ OVERRULED ___________ SUSTAINED

Request No. 17.

_________ OVERRULED ___________ SUSTAINED

Request No. 18.

_________ OVERRULED ___________ SUSTAINED

Request No. 19.

_________ OVERRULED ___________ SUSTAINED

Request No. 20.

No objections.

Request No. 21.

_________ OVERRULED ___________ SUSTAINED

Request No. 22.

The Court has entered its *Order Compelling Robinson Helicopter Company, Inc. to Provide Plaintiffs with Net Worth Information,* signed June 24, 2015.

Request No. 23.

_________ OVERRULED ___________ SUSTAINED

Request No. 24.

_________ OVERRULED ___________ SUSTAINED

Request No. 25.

No objections.

Unofficial Copy Office of Chris Daniel District Clerk

Defendant Robinson Helicopter Company, Inc. must comply with this Order within _______ days of the signing hereof.

**SIGNED** this the ________ day of ______________________, 2015.

______________________________
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

**APPROVED AS TO FORM AND ENTRY REQUESTED**

**STEVENSON & MURRAY**

By:______________________________

**MARK T. MURRAY**
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Telephone: 713.622.3223
Facsimile: 713.622-3224
Email: mmurray@johnstevensonlaw.com

Unofficial Copy Office of Chris Daniel District Clerk

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § § § | 11th JUDICIAL DISTRICT |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL ROBINSON HELICOPTER COMPANY, INC.'S RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION, AND REQUEST FOR RULING ON DEFENDANT'S OBJECTIONS**

After considering Plaintiffs' Motion to Compel Robinson Helicopter Company Inc.'s Responses to Plaintiffs' Second Requests for Production, and Request for Rulings on Defendants' Objections, any responses or replies thereto, and all arguments of counsel, the Court finds that Plaintiffs' Motion should be GRANTED.

It is therefore ORDERED that Defendant must fully respond to Plaintiffs' Second Requests for Production within _____ days of this Order.

Further, the Court makes the following rulings on Robinson Helicopter Company, Inc.'s objections to Plaintiffs' Second Requests for Production:

Request No. 1.

_________ OVERRULED ___________ SUSTAINED

Request No. 2.

_________ OVERRULED ___________ SUSTAINED

Request No. 3.

_________ OVERRULED ___________ SUSTAINED

R0415

Request No. 4.

__________ OVERRULED ____________ SUSTAINED

Request No. 5.

__________ OVERRULED ____________ SUSTAINED

Request No. 6.

__________ OVERRULED ____________ SUSTAINED

Request No. 7.

__________ OVERRULED ____________ SUSTAINED

Request No. 8.

__________ OVERRULED ____________ SUSTAINED

Request No. 9.

__________ OVERRULED ____________ SUSTAINED

Request No. 10.

__________ OVERRULED ____________ SUSTAINED

Request No. 11.

__________ OVERRULED ____________ SUSTAINED

Request No. 12.

__________ OVERRULED ____________ SUSTAINED

Request No. 13.

__________ OVERRULED ____________ SUSTAINED

Request No. 14.

__________ OVERRULED ____________ SUSTAINED

R0416

Request No. 15.

_________ OVERRULED ___________ SUSTAINED

Request No. 16.

_________ OVERRULED ___________ SUSTAINED

Request No. 17.

_________ OVERRULED ___________ SUSTAINED

Request No. 18.

_________ OVERRULED ___________ SUSTAINED

Request No. 19.

_________ OVERRULED ___________ SUSTAINED

Request No. 20.

_________ OVERRULED ___________ SUSTAINED

Request No. 21.

_________ OVERRULED ___________ SUSTAINED

Request No. 22.

_________ OVERRULED ___________ SUSTAINED

Request No. 23.

_________ OVERRULED ___________ SUSTAINED

Request No. 24.

_________ OVERRULED ___________ SUSTAINED

Request No. 25.

_________ OVERRULED ___________ SUSTAINED

R0417

Request No. 26.

________ OVERRULED __________ SUSTAINED

Request No. 27.

________ OVERRULED __________ SUSTAINED

Request No. 28.

________ OVERRULED __________ SUSTAINED

Request No. 29.

________ OVERRULED __________ SUSTAINED

Request No. 30.

________ OVERRULED __________ SUSTAINED

Request No. 31.

________ OVERRULED __________ SUSTAINED

Request No. 32.

________ OVERRULED __________ SUSTAINED

Request No. 33.

________ OVERRULED __________ SUSTAINED

Request No. 34.

________ OVERRULED __________ SUSTAINED

Request No. 35.

________ OVERRULED __________ SUSTAINED

Request No. 36.

________ OVERRULED __________ SUSTAINED

R0418

Request No. 37.

_________ OVERRULED ___________ SUSTAINED

Request No. 38.

_________ OVERRULED ___________ SUSTAINED

Request No. 39.

_________ OVERRULED ___________ SUSTAINED

Request No. 40.

_________ OVERRULED ___________ SUSTAINED

Request No. 41.

_________ OVERRULED ___________ SUSTAINED

Request No. 42.

_________ OVERRULED ___________ SUSTAINED

Request No. 43.

_________ OVERRULED ___________ SUSTAINED

Defendant Robinson Helicopter Company, Inc. must comply with this Order within _______ days of the signing hereof.

**SIGNED** this the ________ day of ______________________, 2015.

______________________________________
JUDGE PRESIDING

R0419

**APPROVED AS TO FORM AND ENTRY REQUESTED**

**STEVENSON & MURRAY**

By:____________________________________
**MARK T. MURRAY**
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Telephone: 713.622.3223
Facsimile: 713.622-3224
Email: mmurray@johnstevensonlaw.com

7/23/2015 4:44:38 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6203692
By: Tammy Tolman
Filed: 7/23/2015 4:44:38 PM

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § § § § | 11th JUDICIAL DISTRICT |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that hearing on ***PLAINTIFFS' MOTIONS TO COMPEL ROBINSON HELICOPTER COMPANY, INC.'S RESPONSES TO PLAINTIFF'S' FIRST AND SECOND REQUESTS FOR PRODUCTION AND REQUESTS FOR RULING ON DEFENDANT'S OBJECTIONS TO PLAINTIFFS' FIRST AND SECOND REQUESTS FOR PRODUCTION***;

**AND,** ***PLAINTIFFS' MOTION TO REVOKE PRO HAC VICE, FOR SANCTIONS AND RELIEF*** have been set for oral hearing before the Court on **Monday, August 17, 2015, at 11:00 a.m.**, 11th Judicial District Court, Hon. Mike Miller presiding.

Respectfully submitted,

**STEVENSON & MURRAY**

/s/ *Mark T. Murray/s/*
MARK T. MURRAY
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Ph:(713) 622-3223
Fax (713) 622-3224
Email:mmurray@johnstevensonlaw.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel on this the 23rd day of July 2015, pursuant to the Texas Rules of Civil Procedure, via email, U.S. Mail, or facsimile:

DON SWAIM
Cunningham Swaim, LLP
7557 Rambler Road, Suite 440
Dallas, Texas 75231

George Andrew Coats
Gary Linn Evans
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246

Courtesy Copy:
Robinson Helicopter, Inc.
In House Counsel via cet@robinsonheli.com

*/s/ Mark T. Murray /s/*

Mark T. Murray

R0422

NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| ROBINSON HELICOPTER COMPANY, INC.; HELICOPTER SERVICES, INC.; and the Estate of CHRISTOPHER YEAGER, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**DEFENDANT ROBINSON HELICOPTER COMPANY, INC.'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST DISCOVERY REQUESTS**

Pursuant to the Texas Rules of Civil Procedure, Defendant ROBINSON HELICOPTER COMPANY, INC. ("Robinson") hereby serves this its Amended Responses Plaintiffs NATHAN S. ATES', Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES ("Plaintiffs'") First Discovery Requests for the purpose of this action only without admitting in any way or to any extent the relevance to this cause of action or the admissibility as evidence of any statement or document provided herein, and without prejudice to subsequently discovered facts or information relevant to these requests. Robinson's discovery is not completed at this time, and, as such defendant reserves the right to supplement any and all responses herein by reason of subsequently discovered information.

## GENERAL OBJECTIONS

Robinson submits the following general objections to Plaintiffs' Instructions,

Definitions and Discovery Requests which apply to each and every request contained in Plaintiffs' Discovery Requests to Robinson. For convenience, these general objections are set forth below and are not necessarily repeated after each request. The assertion of the same, similar or additional objections to a specific request does not waive any of Robinson's general objections as set forth below:

1. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek to expand the scope of, or impose upon Robinson obligations greater than those required by the applicable rules of the Rules of Civil Procedure and/or applicable orders of this Court.

2. Robinson reserves the right to challenge the competency, relevancy and admissibility, at trial or any subsequent proceeding, in this or any other action, of any information produced in response to Plaintiffs' Discovery Requests.

3. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they are directed to or made on behalf of entities or persons who are not parties to this case or over whom Robinson has no control.

4. Robinson respectfully objects to Plaintiffs' Discovery Requests on the grounds that they are ambiguous, vague, overly broad, oppressive and unduly burdensome, and seek information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

5. Robinson bases its responses on information currently available to it, after reasonable inquiry, and Robinson reserves the right to amend and/or supplement its objections and responses to conform to information and documents which may be obtained through ongoing discovery and investigation, in accordance with the Rules of

Civil Procedure governing discovery.

6. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they attempt to elicit protected documents or information subject to the attorney client privilege; the work product doctrine; a joint or common defense privilege; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Robinson or its attorneys; or seeks materials prepared in anticipation of litigation or information that is proprietary in nature. Robinson asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law, applicable rules, current and future case management orders.

7. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek documents or information not within Robinson's possession, custody or control.

8. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek information or documents constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

9. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek information which is within Plaintiffs' knowledge, possession, custody or control, or otherwise accessible to Plaintiffs from other sources with substantially the same or greater facility than Robinson.

10. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they are unlimited in time, or otherwise not limited to a time frame relevant to

this litigation, and to Robinson's products at issue in this case, on the grounds that such requests seek documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

11. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they include contention interrogatories that solicit premature responses before the close of discovery.

**OBJECTIONS TO DEFINITIONS**

Robinson makes the following specific objections to Plaintiffs' definitions, which objections are incorporated into all of Robinson's responses to Plaintiffs' Discovery Requests where applicable. Any omission to refer specifically to such objections to Plaintiffs' definitions and instructions shall not be deemed a waiver of such objections.

Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" on the grounds that it is overly broad, unduly burdensome and to the extent that Robinson may not be able to ascertain all entities and/or individuals falling within these definitions. Further, Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" to the extent that they seek to expand the scope of, or impose obligations greater than, those imposed by the Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

In addition to the documents identified below, Robinson has previously produced the following documents pursuant to Plaintiffs' request that Robinson provide copies of all documents produced in Cause No. 2013-29873, *Paula Yeager, et. al. v. Robinson Helicopter Company, Inc., et. al.*, in the 129th Judicial Court of Harris County, Texas. Robinson does not believe the documents are responsive to any of Plaintiffs' requests for production, but have produced the documents as a courtesy to Plaintiffs.

- R44 Belt Removal Tie Down Test (192-193)
- Ferry Pilot Notice – Helicopter Limitations (77)
- MLB correspondence, drawings, sample certificates of compliance, purchase orders and quotations (149-167)
- MLB Corporate Overview (168-191)

**REQUEST FOR PRODUCTION NO. 1:**

Original and subsequent design drawings and/or blueprints relating to the engine and rotor systems of the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this request inasmuch as it is overly broad, vague, ambiguous, oppressive and unduly burdensome and expensive to answer as presented. Robinson further objects inasmuch as this request seeks information which is proprietary and contains trade secrets. With waiving these objections, Robinson responds that it did not manufacture the engine installed in the subject helicopter. Robinson further responds that if Plaintiff can narrow this request, Robinson will attempt to provide a response.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is

overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; seeks information that is confidential, proprietary and contains trade secrets; constitutes a mere “fishing expedition” prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and seeks information not within the actual or constructive control of this party.

More specifically, Robinson cannot produce the requested documents with respect to the engine because Robinson did not manufacture the engine and the requested documents are not within the actual or constructive control of this party.

Plaintiffs’ request is overly broad in that it is not reasonably limited in scope or time. More specifically, the request seeks drawings and blue prints that are not specific to the accident aircraft. Additionally, the requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson’s competitive advantage and continued viability.

Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, and in response to the foregoing request, Robinson has previously produced the following documents:

- Drawing A190, Rev Z [V-Belt Sets (Source Control)] (148)

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

Documents from 2005 to the present referring to or reflecting any operational malfunction, testing malfunction or operational failure or defect of any type with the helicopter model at issue.

<u>RESPONSE</u>:

Robinson respectfully objects to this request inasmuch as it is overly broad, vague, ambiguous, oppressive, and contains terms and phrases which are ambiguous and undefined and unduly burdensome and expensive to answer as presented. Robinson further objects inasmuch as this request seeks information which is proprietary and contains trade secrets. Without waiving these objections, if Plaintiff can narrow this request, Robinson will attempt to provide a response.

<u>AMENDED RESPONSE:</u>

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; contains terms and phrases which are ambiguous and undefined; seeks information that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or

occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, and in response to the foregoing request, Robinson has previously produced the following documents:

- R22 Service Bulletins, Service Letters and Robinson Safety Notices

**REQUEST FOR PRODUCTION NO. 3:**

Documents referring to or reflecting any changes, alterations, or modifications in the design instructions or service bulletins for the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, and unlimited with respect to timeframe and scope. Robinson further responds that it is not familiar with the term "design instructions" and as such cannot reasonably provide a response. Without waiving these objections, Robinson refers to the R22 Maintenance Manual, R22 Service Bulletins and

R22 Service Letters. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; contains terms and phrases which are ambiguous and undefined; seeks information that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to

this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Robinson further responds that it is not familiar with the term “design instructions” and as such cannot reasonably provide a response.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 Maintenance Manual, R22 Service Bulletins and R22 Service Letters. These documents are publicly available for purchase or free download from Robinson’s website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- FAA Form 8110-3 re: Drawing A190, Rev Z (89)
- FAA Form 8110-3 re: RTR 009, Rev Z (90)
- FAA Form 8110-3 re: RTR 009, Rev B (145)

**REQUEST FOR PRODUCTION NO. 4:**

Advertising brochures, safety alerts, safety notices, service bulletins, service letters, service/technical advisories, promotional literature and the like relating to the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, and unlimited with respect to timeframe and scope. Without waiving these objections, Robinson refers to the R22 brochure, R22 Maintenance Manual, R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The current R22 brochure, R22 Maintenance Manual, R22 Service Bulletins, R22 Service Letters, Robinson Safety Notices and Robinson Safety Alerts are publicly available for purchase or free download from Robinson’s website at

www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; seeks information not within the actual or constructive control of this party; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 brochure, R22 Maintenance Manual, R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The current R22 brochure, R22 Maintenance

Manual, R22 Service Bulletins, R22 Service Letters, Robinson Safety Notices and Robinson Safety Alerts are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- R22 Service Bulletins, Service Letters and Robinson Safety Notices
- Current R22 brochure

**REQUEST FOR PRODUCTION NO. 5:**

Articles, evaluations, reports, case studies, and the like appearing in aviation or general mechanical engineering periodicals, industry or aviation trade journals, or governmental or aviation groups relative to or concerning any alleged operational or testing malfunction or failure in connection with the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, unlimited with respect to timeframe and scope. Robinson further objects to this Request inasmuch as it seeks documents which are equally available to the propounding party and it would be as cost-effective for plaintiffs to acquire information in the hands of third parties as for Robinson to do so. Without waiving these objections, Robinson responds that it does not maintain any file or database of these documents.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; seeks information not within the

actual or constructive control of this party; and seeks information equally available to Plaintiffs; seeks information that as equally cost-effective for Plaintiffs to acquire as Robinson; and seeks information not within the active or constructive control of this party.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson states that it does not maintain any file or database of these documents.

**REQUEST FOR PRODUCTION NO. 6:**

Contracts and/or policies of insurance which might afford coverage to Defendant in the event of a verdict for Plaintiff in the above-styled cause, whether primary, secondary or excess coverage.

RESPONSE:

Robinson responds that there is no insurance policy that insures Robinson for claims contained in the subject lawsuit. Robinson has no knowledge of any insurance policies covering third parties for claims contained in the subject lawsuit.

**REQUEST FOR PRODUCTION NO. 7:**

Correspondence between Defendant and Helicopter Services, Inc. regarding the use, experience, anticipated use, flight use, operational concerns, or otherwise specifically pertaining to or governing the maintenance, inspection or operation of the

helicopter model at issue and/or the subject helicopter and any components of such aircraft manufactured or assembled by Defendant.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. Without waiving this objection, Robinson refers Plaintiff to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog, and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this

request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson refers Plaintiff to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog, and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- Current Robinson Dealership and Service Center Agreement issued to Helicopter Services
- 2012 Customer Service Correspondence file for Helicopter Services (3-76)

**REQUEST FOR PRODUCTION NO. 8:**

For the time period from 2005 to the present, petitions for damages or complaints filed in any court or comparable administrative tribunal in connection with any lawsuits against Defendant in which it is alleged or acclaimed that the helicopter model at issue crashed as a result of design or mechanical failures.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive and burdensome. Robinson further objects to this request in that it seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case, and as such this information is outside the scope of proper discovery and is not reasonably calculated to lead to discovery of admissible evidence.

Robinson further objects to this Request to the extent that it seeks information which is protected by the attorney work product and/or attorney-client privilege. Without waiving these objections, Robinson responds that it does not maintain any database or compilation of responsive documents.

<u>AMENDED RESPONSE:</u>

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; is not reasonably calculated to lead to the discovery of admissible evidence; exceeds the scope of permissible discovery; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; is not reasonably limited in time or scope; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and seeks information not within the actual or constructive control of this party.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson responds that it does not maintain any database or compilation of responsive documents.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

Maintenance manuals, parts catalogs, price lists and estimated operating costs

R0438

publications prepared by Defendant and sent to distributors, dealers or repair facilities with respect to appropriate maintenance, inspection and testing of, and parts for, the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. Without waiving this objection, Robinson refers to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this

request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- Pages 7.50 and 7.52 of the R22 Maintenance Manual (1-2)
- Excerpts from R22 Maintenance Manual (78, 79, 81-88)

**REQUEST FOR PRODUCTION NO. 10:**

Service difficulty reports generated by Defendant and submitted to any field operatives, dealers, maintenance facilities and distributors with respect to the helicopter model at issue and/or any of its components.

RESPONSE:

Robinson responds that Service Difficulty Reports are not generated by Robinson, and such documents are received and maintained by the FAA and are not within Robinson's custody or control.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; calls for the creation of a nonexistent document; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to

the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson states that Service Difficulty Reports are not generated by Robinson, and such documents are received and maintained by the FAA.

**REQUEST FOR PRODUCTION NO. 11:**

Notices of malfunction or defect reports reported to the FAA or NTSB which in any way relate to tail rotor effectiveness in the helicopter model at issue.

RESPONSE:

Robinson responds that this Request seeks documents maintained by the FAA, and not in Robinson's custody or control.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as

substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson states that such documents are maintained by the FAA and/or NTSB.

**REQUEST FOR PRODUCTION NO. 12:**

Internal memoranda including, but not limited to, letters, bulletins, reports, test results, investigative evaluations and the like generated within and by employees of Defendant or at the behest of Defendant relating to any alleged or perceived malfunction, materials problem, operational or maintenance failure or alleged failure with any component of the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, and unlimited with respect to timeframe and scope. Without waiving this objection, Robinson responds it does not believe it is in possession of responsive documents at this time.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:**

Accident investigation reports or memoranda prepared by or at the behest of Defendant, including reports of all in-house investigations, diagrams, photographs, witness statements, engineering or test reports and memoranda, litigation testing and the like, regarding any crash of the helicopter model at issue (including the subject helicopter in the crash made the basis of this lawsuit).

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. Robinson further objects to this Request as it seeks documents relating to other helicopters not related to the accident in question without any showing of substantial similarity of design or occurrence. Robinson also objects to this Request inasmuch as it seeks information protected by the attorney work product and attorney/client privilege. Without waiving this objection, Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); is propounded for the purpose of harassment; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff

contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson has previously produced the following documents:

- RHC Accident Report

**REQUEST FOR PRODUCTION NO. 14:**

Documents, materials, reports or memoranda contained within FAA or NTSB files concerning operation or testing deficiencies or failures, either actual or alleged, relating to the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope, and seeks documents which are proprietary and trade secret in nature. Without waiving this objection, Robinson responds that this Request seeks documents maintained by the FAA and/or the NTSB, and not in Robinson's custody or control.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; seeks information

that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson states that such documents are maintained by the FAA and/or NTSB.

**REQUEST FOR PRODUCTION NO. 15:**

Evaluations, whether conducted internally or externally, at the behest of

Defendant, upon the subject helicopter, both before and after the crash.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, and burdensome as framed. Without waiving this objection, Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; and seeks information not within the actual or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson has previously produced the following documents:

- RHC Accident Report

**REQUEST FOR PRODUCTION NO. 16:**

Documents referring to or reflecting any testing, whether operation or field testing or component, experimental or laboratory testing, concerning evaluation of the helicopter model at issue's engine and rotor systems.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive and burdensome, and unlimited with respect to timeframe and scope. Robinson further objects inasmuch as this request seeks documents which are proprietary and contain trade secrets. Without waiving these objections, if Plaintiff can narrow this request, Robinson will attempt to provide a

response.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; seeks information that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Subject to, but without waiving any of the foregoing objections, Robinson states that in response to the foregoing request, Robinson has previously produced the following documents:

- RTR 009, Appendix XIII (91-144)
- RTR 009, Appendix III (146-147)

**REQUEST FOR PRODUCTION NO. 17:**

Correspondence between Defendant and Helicopter Services, Inc. referring or relating to the proper inspection, maintenance and operation of the helicopter model at issue and/or the subject helicopter.

RESPONSE:

Robinson respectfully objects to this Request in that it is duplicative in nature. Robinson refers to its response to Request for Production No. 7, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 18:**

Correspondence referring to or reflecting proper maintenance, operation, and flight use of the helicopter model at issue and/or the subject helicopter.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. This Request seeks 'correspondence' without indicating between what parties it is referring to. If Plaintiff can clarify this Request, Robinson can attempt to provide a reasonable response.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; requests "correspondence" without indicting what parties/entities it is referring to; seeks information not within the actual or constructive control of this party; seeks information

protected by the attorney-client privilege; seeks information protected by attorney-work product privilege; is not reasonably calculated to lead to the discovery of admissible evidence; exceeds the scope of permissible discovery; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and cannot be answered as framed.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 19:**

Each and every exhibit that Defendant will offer at trial for any purpose, including all demonstrative exhibits, all substantive exhibits and all tangible, photographic or documentary evidence which Defendant will attempt to show to the jury or otherwise use at the trial of this case.

RESPONSE:

Robinson respectfully objects to this Request on the grounds that it is premature at this stage of discovery, and disclosure of such documents and things will be conducted at the appropriate time under the relevant rules of Court.

**REQUEST FOR PRODUCTION NO. 20:**

Any videotapes, photographs, or other similar evidence in your possession depicting and/or relating in any way to Plaintiff.

RESPONSE:

Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

In response to the foregoing request, Robinson has previously produced the following documents:

- RHC Accident Report

**REQUEST FOR PRODUCTION NO. 21:**

Each and every exhibit, including all demonstrative exhibits, all substantive exhibits and all tangible, photographic or documentary evidence that have been reviewed by or created by your testifying experts or that in any way support or illustrate your testifying experts' opinions that are relevant to this case.

RESPONSE:

Robinson respectfully objects to this Request on the grounds that it is premature at this stage of discovery, and disclosure of such documents and things will be conducted at the appropriate time under the relevant rules of Court.

**REQUEST FOR PRODUCTION NO. 22:**

Your current balance sheet, financial statement or other document(s) sufficient to show your current net worth. For purposes of this request, "net worth" means the difference between total assets and liabilities determined in accordance with generally accepted accounting principles ("GAAP").

RESPONSE:

Robinson respectfully objects to the Request as it seeks privileged financial

records which are highly sensitive, and their confidentiality is necessary to Robinson's competitive advantage and continued viability. Robinson also objects to this Request as the information requested is not relevant to any of the current issues of liability and causation. Further, there is no public policy reason for this information to be released as it only concerns the financial status of one defendant, and implicates no public safety or other relevant issue.

**REQUEST FOR PRODUCTION NO. 23:**

Photographs, videos or maps of the scene of the crash.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive and burdensome, seeks information which is equally available to the propounding party and it would be as cost-effective for Plaintiffs to acquire information in the hands of third parties as for Robinson to do so. Without waiving these objections, Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; and seeks information equally available to Plaintiffs; seeks information that as equally cost-effective for Plaintiffs to acquire as Robinson; and seeks information not within the active or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson states

that it has previously produced the following documents:

- RHC Accident Report

**<u>REQUEST FOR PRODUCTION NO. 24</u>:**

All documents supporting your claim that another person or entity is a Responsible Third Party that has not been named by Plaintiff as a defendant in this lawsuit.

<u>RESPONSE</u>:

Robinson respectfully objects to this Request on the grounds that it is premature, discovery is in progress and the investigation and preparation have not been completed.

<u>AMENDED RESPONSE</u>:

Robinson objects to the immediately preceding request on the grounds that it is premature, discovery is in progress and the investigation and preparation have not been completed; and is duplicative of information properly requested pursuant to Texas Rules of Civil Procedure 194.

**<u>REQUEST FOR PRODUCTION NO. 25</u>:**

Pilot operating manuals, helicopter operational manuals, or the like, prepared by Defendant for the helicopter model at issue and/or the subject helicopter.

<u>RESPONSE</u>:

Robinson refers to the R22 Maintenance Manual, R22 Pilot's Operating Handbook, R22 Flight Training Guide, R22 Service Bulletins, R22 Service Letters, and Robinson Safety Notices. Robinson will produce a full set of R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The R22 Maintenance Manual, R22 Pilot's Operating Handbook and R22 Flight Training Guide are publicly available for

purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, unduly burdensome; and unlimited in time and scope.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 Maintenance Manual, R22 Pilot's Operating Handbook, R22 Flight Training Guide, R22 Service Bulletins, R22 Service Letters, and Robinson Safety Notices. Robinson will produce a full set of R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The R22 Maintenance Manual, R22 Pilot's Operating Handbook and R22 Flight Training Guide are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- R22 Service Bulletins, Service Letters and Robinson Safety Notices
- R22 POH, page 4—7 (80)

Respectfully submitted,

COATS & EVANS, P.C.

***/s/ George Andrew Coats***

George Andrew Coats
Texas Bar No. 00783846
Gary Linn Evans
Texas Bar No. 00795338
P.O. Box 130246
The Woodlands, TX 77393-0246
Telephone: 281-367-7732
Facsimile: 281-367-8003

**Attorneys for Defendant**
**Robinson Helicopter Company, Inc.**

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the foregoing document has been served on all parties of record on this the 24th day of July, 2015.

MARK T. MURRAY
STEVENSON & MURRAY
24 Greenway Plaza, Suite 750
Houston, Texas 77046
713-622-3223
713-622-3224 Fax
mmurray@johnstevensonlaw.com

***Via Email and/or Facsimile***

DON SWAIM
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Ste. 440
Dallas, Texas 75231
214-646-1495
dswaim@cunninghamswaim.com

***Via Email and/or Facsimile***

***/s/ George Andrew Coats***

George Andrew Coats

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| **NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. And the Estate of CHRISTOPHER YEAGER** | § | **11TH JUDICIAL DISTRICT** |

**PLAINTIFFS' AMENDED DESIGNATION OF EXPERTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates**, Plaintiffs herein and file this Amended Designation of Expert Witnesses as shown on the attached Exhibit A, subject to the following:

**I.**

Plaintiffs reserve the right to supplement this designation with additional designations of experts within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Civil Evidence.

**II.**

Plaintiffs reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by other parties to the suit. Plaintiffs express their intention to possibly call, as witnesses associated with adverse parties, any of Defendants' experts.

**III.**

Plaintiffs reserve the right to call un-designated rebuttal expert witnesses whose testimony cannot reasonably be foreseen until the presentation of the evidence against Plaintiffs.

**IV.**

Plaintiffs reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

**V.**

Plaintiffs reserve the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not be violative of any existing Court Order or the Texas Rules of Civil Procedure.

**VI.**

Plaintiffs hereby designate, as adverse parties, potentially adverse parties, and/or as witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to this suit, even if the designating party is not a party to the suit at the time of trial. In the event a present or future party designates an expert but then is dismissed for any reason from the suit or fails to call any designated expert, Plaintiffs reserve the right to designate and/or call any such party or any such experts previously designated by any party.

## VII.

Plaintiffs reserve whatever additional rights they might have with regard to experts, pursuant to the Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence, the case law construing same, and the rulings of the trial court.

Respectfully submitted,

**STEVENSON & MURRAY**

By: ***/s/ Mark T. Murray***

MARK T. MURRAY
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223
(713) 622-3224 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel by U.S. Mail, facsimile and/or other means, pursuant to the Texas Rules of Civil Procedure on this the 7th day of August 2015, to-wit:

George Andrew Coats
Gary Linn Evans
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246
and
Tim Goetz
Robinson Helicopter Company — Via E-Service
2901 Airport Drive
Torrance, California 90505
Counsel for Robinson Helicopter Co., Inc.

Don Swaim
Cunningham Swaim, LLP — Via E-Service
7557 Rambler Road, Suite 440
Dallas, Texas 75231
Counsel for Helicopter Services, Inc.
And Christopher Yeager, Deceased

***/s/ Mark T. Murray /s/***

Mark T. Murray

R0460

**"EXHIBIT A"**

Dr. Thomas Mayor
5555 Del Monte, #1306
Houston, Texas 77056
713.552.1522
*Plaintiffs' Economic Expert*

Dr. Mayor will testify regarding the economic loss and damages sustained by Plaintiffs as a result of the death of Joyce Ates. Dr. Mayor will also be asked to calculate and consider the net worth of Defendants in relation to Plaintiffs' gross negligence claim. Dr. Mayor will testify concerning past and future loss of earnings of Plaintiffs, including but not limited to real rate of interest, future real compensation growth, earnings, benefits, work expenses, work life expectancy, and loss of household services. He will also testify regarding Defendants' net worth.

Dr. Mayor will rely upon the Life Table from the National Vital Statistics Reports and Work Life Expectancy table. Written notice of Plaintiffs' intent to use this government document is provided herein.

Dr. Mayor's curriculum vitae and list of cases in which he has served as an expert have been provided to all counsel and are not reattached to this pleading. All records reviewed by Dr. Mayor will be exchanged between the parties through discovery.

Dr. Mayor's opinions will be based on his education, training, experience, research and review of documents produced in this litigation through discovery and Plaintiffs' Petitions. Dr. Mayor may supplement his opinions after review of Defendants' experts' conclusions, and should any other additional information become available relevant to his purposes.

William Carden, M.S., P.E.
McSwain Engineering, Inc.
3320 McLemore Drive
Pensacola, Florida 32514
(850) 484-0506

Mr. Carden has been retained for the purposes of failure analysis and engineering based investigation into the cause of the incident subject of this suit. He is expected to testify concerning the components of the subject helicopter which failed and/or contributed to the crash subject of this suit. This includes helicopter defects, design and performance of the R-22, its engine, fuel system, gas tank, rotor system, drives, reserve power and the performance envelope of the helicopter; what Robinson knew and/or should have known prior to this crash; alternative designs and feasibility of alternative designs, negligence, liability, causation and damages.

Mr. Carden has been provided with the all records ordered and exchanged with counsel in this matter, including NTSB Docket Items, NTSB Preliminary and Final Reports, the FAA Accident Data, FAA Airworthiness and Registration Records, and certified weather records, as well as the depositions taken to date and Plaintiffs' petitions. Mr. Carden has been provided with components from the helicopter involved herein and performed a hands-on analysis, as well as photographic documentation, which has been previously provided to counsel. All records reviewed by Mr. Carden have been exchanged between the parties through discovery. Mr. Carden has been provided with expert reports, as received.

Mr. Carden's curriculum vitae and list of cases in which he has served as an expert have been previously provided to all counsel. Mr. Carden's opinions are based on his education, training, experience, research and review of documents and components produced in this litigation through discovery.

R0462

Mr. Carden's expert report is attached, See Exhibit C.

Mr. Carden may supplement his opinions after review of Defendants' experts' conclusions, and should any other additional information become available relevant to his purposes.

Sri Kumar, Ph.D.
Safety Research Institute
110 Industrial Boulevard
Hoschton, Georgia 30548
Phone: (706) 654.4830

Dr. Sri Kumar is an expert in biomechanics, occupant body movement in crash situations, and biomechanical injury causation. Dr. Kumar will give opinions on the likelihood and mechanism of injuries to Ms. Joyce Ates and express opinions concerning the cause of injury and/or death in this case. Dr. Kumar will testify to the biomechanical issues based upon a comprehensive biomechanical reconstruction of the crash, including his personal inspection of the subject helicopter and review of documents pertinent to this case as well as his education, experience, background, training and knowledge in the field of biomedical/biomechanical engineering. Dr. Kumar's testimony will rely in part on the accident reconstruction of Mr. Collin Sommers. Dr. Kumar is expected to base his opinions upon documents and components produced in discovery by the defendants, depositions taken in this case, as well as his background, prior experience and qualifications.

Dr. Kumar has been provided with the depositions of fact witnesses, all records ordered and exchanged with counsel in this matter, Plaintiffs' Petition, NTSB Docket Items, NTSB Preliminary and Final Reports, the FAA Accident Data, FAA Airworthiness and Registration Records, and certified weather records.

Dr. Kumar has been provided with expert reports, as received.

Dr. Kumar's curriculum vitae and list of cases in which he has served as an expert have been previously produced to counsel. All records reviewed by Dr. Kumar have been and will be exchanged between the parties through discovery.

Dr. Kumar may supplement his opinions after review of Defendants' experts' conclusions, and should any other additional information become available relevant to his purposes.

Joseph L. Burton, M.D.
13784 Highway 9
Alpharetta, Georgia 30004
(770) 777-0437
(770) 402-5861

Dr. Burton is Plaintiffs' retained expert in the field of forensic pathology. He may testify concerning the survivability of the crash, the nature and extent of injuries suffered by Joyce Ates, pain and suffering, physiology of injury, cause of death, interval between initial trauma and death, kinematics, and life expectancy. Dr. Burton may also testify as to the negligence, causation and damages issues and will provide testimony regarding his background, education, experience, and qualifications.

Dr. Burton has been provided with the depositions of fact witnesses and the autopsy records in this matter, as well as all records ordered and exchanged with counsel, and Plaintiffs' Petitions. Dr. Burton has been provided with other expert reports, as received.

Dr. Burton's curriculum vitae and list of cases in which he has served as an expert have been provided to all counsel. All records reviewed by Dr. Burton have been exchanged between the parties through discovery.

Dr. Burton's opinions are based on his education, training, experience, research and review of documents produced in this litigation through discovery.

Dr. Burton's report is again attached. See Exhibit C.

Dr. Burton may supplement his opinions after review of Defendants' experts' conclusions, and should any other additional information become available relevant to his purposes.

William S Lawrence, Colonel USMC (Ret'd)
ConsulAir Incorporated
6825 Nob Hill Drive
North Richland Hills, TX 76182
817 560 1840 Home/Fax
817 291 9684 Cellular

Colonel Lawrence is Plaintiffs' retained expert in the field of aviation and pilot qualification. He will testify concerning the piloting of the helicopter subject of this suit, including the effects of the pilot's handling of the R-22. This includes but is not limited to flight maneuvers, characteristics of the subject helicopter, stresses upon the pilot, passengers and aircraft in comparison to other helicopters; pilot education, handling and aircraft performance; liability, negligence, causation and damages. He will also testify regarding his background, prior experience and qualifications.

Colonel Lawrence has been provided with documents exchanged between the parties through discovery, including the depositions of fact witnesses, Plaintiffs' Petitions, all records ordered and exchanged with counsel in this matter, NTSB Docket Items, NTSB Preliminary and Final Reports, the FAA Accident Data, FAA Airworthiness and Registration Records, and certified weather records. Colonel Lawrence has been provided with other experts' reports, as received.

R0465

Col. Lawrence's curriculum vitae and list of cases in which he has served as an expert have been previously provided.

Col. Lawrence's opinions are based on his education, training, experience, research and review of documents produced in this litigation through discovery.

Col. Lawrence's report is attached. See Exhibit C.

Col. Lawrence may supplement his opinions after review of Defendants' experts' conclusions, and should any other additional information become available relevant to his purposes.

Colin Sommer
Aeroscope, Inc.
11901 Allison Street
Broomfield, Colorado

Mr. Sommer is Plaintiffs' retained expert who will testify concerning the components of the subject helicopter, which failed and/or contributed to the crash subject of this suit. This testimony will include defects, including with the design and performance of the R-22, its engine, fuel system, gas tank, rotor system, reserve power, drives, and the performance envelope of the helicopter; what Robinson knew and/or should have known prior to this crash; alternative designs and feasibility of alternative designs, negligence, liability, causation and damages.

Mr. Sommer has been provided with the depositions of fact witnesses, Plaintiffs' Petitions, all records ordered and exchanged with counsel in this matter, NTSB Docket Items, NTSB Preliminary and Final Reports, the FAA Accident Data, FAA Airworthiness and Registration Records, and certified weather records.

Mr. Sommer's curriculum vitae and list of cases in which he has served as an expert have been previously provided to counsel. All records reviewed by Mr. Sommer have been and will

be exchanged between the parties through discovery.

Mr.  Sommer's opinions are based on his education, training, experience, research and review of documents produced in this litigation through discovery.

Mr. Sommer's report is attached. See Exhibit C.

Mr. Sommer may supplement his opinions after review of Defendants' experts' conclusions, and should any other additional information become available relevant to his purposes.

Supplementation of these experts' final conclusions may be made upon receipt of additional information, and after review of Defendants' experts conclusions.  These supplements, if any, will be provided in a timely fashion and pursuant to the Texas Rules of Civil Procedure and docket control order entered in this matter.

Because discovery is ongoing, Plaintiffs reserve the right to supplement this designation as the facts dictate.

Plaintiffs hereby cross designate and state that they may call any expert witness identified or designated by an adverse party or any employee or representative of an adverse party, subject to any objections Plaintiffs may make concerning the designation of those expert witnesses, including but not limited to those experts who have prepared reports regarding this incident.

Plaintiffs further reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by other parties to the suit.  Plaintiffs may also call, as a witness associated with other parties, any expert witness of any party who may be added to this lawsuit.

Plaintiffs further reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness to trial and to redesignate same as a consulting expert, who cannot be called by opposing counsel.

Plaintiffs further reserve the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, which would not be violative of any existing Court order or the Texas Rules of Civil Procedure.

Plaintiffs further designate, as adverse parties, potentially adverse parties, and/or as witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to this suit, even if the designating party is not a party to the suit at the time of trial. In the event that present or future parties designate an expert, but is subsequently dismissed for any reason from the suit or fails to call any designated expert, Plaintiffs designate witnesses listed by any such party.

Plaintiffs reserve whatever additional rights they may have with regard to experts, pursuant to the Texas Rules of Civil Procedure, the Texas Rules of Evidence, the case law construing same and the rulings of the Trial Court.

Plaintiffs reserve the right to supplement this designation with additional designations of experts within any time limits imposed by the Court or any alterations of same by subsequent Court order or agreement of the parties or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

**Medical Providers and Other Persons with Knowledge of Relevant Facts Who May Qualify as Experts and/or Lay Experts but Have Not Been Specifically Retained (Fact Experts – Tex. R. Civ. P. 194.2(f))**

The following persons, or the custodians of their records, have not been retained by and are not employed by, or are otherwise subject to the control of Plaintiff (hereinafter referred to as "non-retained" experts), but are hereby designated as testifying experts by Plaintiff and the following information is provided in accordance with Rule 194.2, Tex. R. Civ. P.

Although these witnesses have not been specifically retained as expert witnesses by Plaintiffs, and while Plaintiffs cannot vouch for the expertise or credibility of such witnesses at this time, it is believed that they may have knowledge, training or expertise which may qualify them as experts in their respective fields. Accordingly, Plaintiffs designate these witnesses as persons who may be called upon to give testimony that would be considered expert testimony.

The following entities, medical providers, and/or the custodians of their records, may testify regarding the investigation into the accident subject of this suit, causation, injuries sustained by the Plaintiffs and Decedent in the incident made the subject of this suit, medical diagnoses, and the reasonable and necessary cost of hospital, doctor and medical bills for treatment of injuries in the past. Please refer to the providers' records for their mental impressions, opinions, conclusions, and the factual basis for each opinion.

These medical providers/non-retained experts are expected to testify regarding their education, experience, and credentials as a physician or medical provider and/or in their respective fields of expertise. These health care providers/non-retained experts have reviewed the events, records, including medical records and bills, employment records, performed and/or reviewed autopsy examination of the deceased, and review of relevant written documentation and

records of events related hereto. These treating medical providers/non-retained experts will testify concerning their findings regarding the events subject hereof. These non-retained experts will testify regarding the incident and related cause, nature and severity of the deceased's injuries as well as the investigation into the events subject of this suit, as well as governmental records related hereto.

These treating medical providers/non-retained experts are familiar with the reasonable and customary charges for medical treatment of the type associated in this incident. These medical providers/non-retained experts will be asked to testify about whether the Plaintiff's injuries and damages were proximately caused by the incident made the basis of this lawsuit. These medical providers/non-retained experts will be asked to testify about whether any associated medical bills and expenses incurred] were reasonable and necessary because of the injuries and death of the deceased.

The facts known by these medical providers/non-retained experts that relate to or form the basis of this medical provider/non-retained expert's mental impressions and opinions are contained in the relevant records which have been produced or will be produced to the Defendants, including any records or reports from these providers. Such records, as well as any deposition testimony, are incorporated herein.

If Defendants desire further information, a more detailed form of this information may be obtained from the non-retained experts through an oral deposition, a deposition on written questions, or a subpoena. T.R.C.P. 176, 205; T.R.C.P. 195, at 2.

These non-retained experts may be called to testify as to the physical pain and suffering, mental anguish, and any related medical, funeral and/or burial expenses related to the deceased.

The records custodians of the below-listed providers may testify as to the business records kept in connection the injuries and damages suffered by the parties herein, and the reasonableness of charges and necessity of services, if any.

**Medical Providers and Other Persons with Knowledge of Relevant Facts Who May Qualify as Experts and/or Lay Experts But Have Not Been Specifically Retained:**

Representatives and Employees of
Robinson Helicopter Company, Inc., Defendant
by and through its counsel of record
including but not limited to:
Kurt L. Robinson
Thomas Webster, Investigator
Chong Yip
Kelvyn Oum
Ken Martin, Investigator
Jack Fleming, Test Pilot
Gilbert Acevedo, Jr.
Peter Riedl, VP, Engineering
By and through counsel of record,
Tim A. Goetz
Attorney at Law
2901 Airport Drive
Torrance, California 90505
(310) 539-0508
and
George Andrew Coats
Gary Linn Evans
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246
(281) 367-7732

Representatives and Employees of
Helicopter Services, Inc.
Including but not limited to :
Carl Thomas
Michael Crossland, General Manager
Robert Spradlin, Director of Flight Operations
Trevor Tapp, QC Manager
Benito Perez, Helicopter Mechanic
Jerome Thompson, Helicopter Mechanic
Chris Starinski, Helicopter Mechanic
Robin Crossland, Office Manager
By and through its counsel of record,
Don Swaim
Cunningham Swaim, LLP
7557 Rambler Road, Suite 440
Dallas, Texas 75231
(214) 646-1495

Phillip Greenspun, Instructor
c/o East Coast Aero Club
Hanscom Field Civil Termianl
200 Hanscom Drive, Ste. 111
Bedford, Massachusetts 01730
(781) 274-6322
Individual with technical expertise as a Robinson Factory Trained Instructor with knowledge
concerning handling and control of Robinson R-22 helicopters

Records Custodians and Employees of
the Federal Aviation Administration including
but not limited to
Records Custodians
David M. Metz, Aviation Safety Inspector POI, Unit B (281) 929-7080
Glen Longnion, Aviation Safety Inspector PMI, Unit A (281) 929-7009
Larry Eckert, Investigator (281) 370-4354
Houston Flight Standards District Office
12650 N. Featherwood Drive, Suite 230
Houston, Texas 77034
Individuals believed to have knowledge of relevant facts

Russell Lewis, Ph.D.
Records Custodians
TC, FAA, Forensic Toxicology Research
FAA Toxicology Accident Research Laboratory
FAA Civil Aerospace Medical Institute, Room 351
6500 South MacArthur Boulevard

R0472

Oklahoma City, OK 73169
FAA employee who performed toxicology testing on the remains of pilot and passenger

National Transportation Safety Board
c/o South Central Regional Office
624 Six Flags Drive, Ste. 150
Arlington, Texas
817-652-7800
including but not limited to:
Records Custodians
Leah D. Yeager
Sr. Air Safety Investigator
Tom Latson, Investigator
Bill Tuccio, Specialist/Electronic Device Report
Performed investigation of the incident subject of this suit

FAA/NTSB
FOIA Request Department
Response for request of air traffic communication records on 9/10/12

Federal Aviation Administration
Records Custodian
Houston Flight Standards District Office
12650 North Featherwood Drive, Ste. 230
Houston, Texas 77034
Provided Federal FAA Accident Incident Data System Report
(281) 929-7000

FAA
Records Custodian
P.O. Box 25082
Oklahoma City, Oklahoma 73125
Provided records regarding sale, repair and airworthiness of the helicopter involved in the incident subject of this suit
(405) 954-3116

Federal Aviation Administration
Records Custodian
Southwest Region
2601 Meacham Boulevard
Fort Worth, Texas 76137
(817) 222-5006
Provided DOT Accident Incident Data System Report

R0473

Records Custodian
NOAA National Data Centers
U.S. Department of Commerce
National Climatic Data Center
Federal Building
151 Patton Avenue
Asheville, North Carolina 28801
(828) 271-4800

Mr. Jeffrey Greenawalt
Starr Insurance
Senior Claims Representative
3353 Peachtree Road N.E., Suite 1000
Atlanta, Georgia 30326
cell: 214-223-0202

Air Salvage of Dallas
Records Custodians
1361 Ferris Road
Lancaster, Texas 75146
972-227-1111
Facility storing the helicopter wreckage

Investigating Officers
including but not limited to:
Trooper Michael Martin
Trooper John Sampa
Trooper James E. Wilkins
Trooper Alberto Feliciano
Bobby R. Risch
Jeremy W. Mireles
Records Custodians ( no records deposition)
c/o Texas Department of Public Safety
7710 Will Clayton Parkway
Humble, Texas 77338
(281) 517-1200

Officer Gustavo Lopez
Capt. James Bolton
Lt. Chad Shaw
Demond Anderson, Investigator
Randy Corliss, Investigator
Records Custodians
Harris County Fire Marshal

2318 Atascocita Road
Humble, Texas 77396
(281) 436-8000
Persons called to crash site for purposes of investigation and photography of scene

Charles Danley
Records Custodians
Manager(s) of Fueling and/or Maintenance
Baytown Airport (KPHY)
5600 Barkaloo Road
Baytown, TX 77521
(281) 421-1671
Individuals believed to have knowledge of relevant facts, including fueling of helicopter prior to crash

Roger Schmidt, Manager
David Wayne Hooks Airport (KDWH)
20803 Stuebner Airline Rd, Spring, TX 77379
(281) 376-5436
Individual believed to have knowledge of relevant facts

Bobby Lopez
Records Custodians
Xtreme Piper
7814 Miller Road 3
Houston, Texas 77049
(281) 452-9015
Individual believed to have knowledge of relevant facts

Records Custodians
Dr. Kristin Escobar Alvarenga, Forensic Pathology Fellow
Dr. Stephen K. Wilson, Asst. Medical Examiner
Harris County Institute of Forensic Sciences
1885 Old Spanish Trail
Houston, Texas 77054
Individuals who performed autopsy services on the victims of the crash

John B. Butler
Investigator
Lycoming Engines
3004 Green Valley Lane
Arlington, Texas 76014
(817) 456-0933
Individual who may have knowledge of relevant facts

Erling Sales & Service
Records Custodians (no records deposition)
10321 Veterans Memorial Drive
Houston, Texas 77038
(281) 260-7878
Believed to have performed maintenance on helicopter at issue

David Boudreaux
Boudreaux Aviation
Records Custodians
Orange County Airport
2540 S. Highway 87
Orange, Texas    77630
Performed weight/balance report on helicopter at issue

Robert L.  Garza
Records Custodians
Garza Avionics
7644 Eagle Lane
Spring, Texas 77339
(832) 717-0818
Believed to have performed transponder certification on helicopter at issue

Western Skyways, Inc.
Records Custodians
21 Creative Place
Montrose, Colorado
(970) 249-0232
Performed overhaul of subject helicopter engine

Mr.  Ruben Vazquez
Records Custodians
Blackwell Woodforest Funeral Home, Inc.
750 Uvalde Road
Houston, Texas 77015
(713) 453-1900
Provided assistance with services and funeral of Joyce Ates, Deceased

Flowers of Conroe
Records Custodian
806 N.  Loop 336 W
Conroe, Texas 77301
(936) 760-3499
Provided assistance with funeral services of Joyce Ates, Deceased

R0476

Kelly Monument Company
(f/k/a Muskogee Monument Co.)
Records Custodians
1525 N York Street
Muskogee, Oklahoma 74403
(918) 682-2641
Provided monument at burial site of Joyce Ates, Deceased

Sheldon Community Fire & Rescue
William Crawford, Records Custodian
8407 C.E. King Parkway
Houston, Texas 77044
(281) 458-1431
Provided emergency responders and equipment to crash site

Harris County HazMat
Harris County Fire Marshal's Office
Records Custodians
2318 Atascocita Road
Humble, Texas 77396
Provider emergency responders and equipment to crash site
(281) 436-8000

Harris County Sheriff's Department
Records Custodians
1200 Baker
Houston, Texas 77002
(713) 755-6044
No Records Deposition

Channelview Fire Department
Records Custodians
16010 Ridlon
Channelview, Texas 77530
(281) 452-5782
Provided emergency responders and equipment to crash site

Cloverleaf Fire Department
Records Custodians
911 Hollywood Street
Houston, Texas 77015
(713) 453-1811
Provided emergency responders and equipment to crash site

KFOR-TV
Records Custodian
444 E. Britton Rd.
Oklahoma City, Oklahoma 73114
405) 424-4444
Provided local news report of Joyce Ates' death

Texas Bureau of Vital Statistics
Department of State Health Services
P.O. Box 12040
Austin, TX 78711-2040
1(800) 963-7111

Internal Revenue Service
3651 S. Interregional Hwy., PhotoCopy Unit, STOP 6716 AUSC
Austin TX 73301

Social Security Administration - Earnings
300 North Greene Street, Dero Section-3T
Baltimore MD 21290-0300

THE LISTED MEDICAL PROFESSIONALS MAY BE CALLED TO TESTIFY AS TO THOSE MEDICAL DAMAGES SUSTAINED BY PLAINTIFF.

THE RECORD CUSTODIANS LISTED MAY TESTIFY AS TO THE AUTHENTICITY OF BUSINESS RECORDS KEPT IN CONNECTION WITH THE BUSINESS RECORDS AND/OR THE REASONABLENESS OF CHARGES AND NECESSITY OF SERVICES IN CONNECTION WITH BUSINESS RECORDS.

**Subject Matters of Non-Retained Experts:**

The subject matters on which said non-retained non-controlled experts will testify are as follows:

a. The written, photographic and/or video communications made within the records relevant to each non-retained expert;

b. Examination of the injuries and cause of death of the Deceased Plaintiff;

c. The type, purpose, extent, results, evaluations and/or interpretations of the investigation into the incident subject of this suit;

d. The cause and/or causes of Deceased Plaintiff's injuries and condition;

R0478

e. Incident response required by the subject accident;

f. The reasonableness and the necessity of the services provided by the agencies relevant to the incident subject of this suit and as contained in the business records;

g. All those subject matters contained, discussed or disclosed in:

(1)The business records and medical records concerning the incident, investigation and the Deceased Plaintiff which have been and which may hereafter be produced in this cause;

(2)Any and all business and medical records affidavits and/or billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;

(3)The depositions on written questions of all business records custodians, including Deceased Plaintiff's health care providers, if any, which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and

4)All written reports of contained in the business records listed herein and records of business record and/or medical providers as have been produced during the course of discovery in this cause.

All of which documents are incorporated herein by reference as though set out at length for all purposes.

**3.<u>Impressions and Opinions of Non-Retained Experts.</u>**

The general substance of said non-retained / non-controlled experts' mental impressions and opinions are expected to be, and a brief summary of the basis for these are, as follows:

a. The nature, extent and severity of Deceased Plaintiff's injuries and the reasons therefor;

b. Deceased Plaintiff's injuries and death are the result of the incident subject of this suit;

c. That the subject accident did, based on reasonable medical probability, cause all of the

complaints, disabilities, injuries, and/or death of Deceased Plaintiff,

d. All other impressions and opinions that are contained, discussed or disclosed in:

(1)The business records which have been and which may hereafter be produced in this cause;

(2)The business records which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;

(3)The depositions on written questions of business records custodians which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and

4)All written reports of contained in the business records produced during the course of discovery in this cause.

All of which documents are incorporated herein by reference as though set out at length for all purposes.

**4.Brief Summary of Basis For Impressions And Opinions.** The basis for the foregoing impressions and opinions of the above named and/or designated expert witnesses are all of the facts shown by and/or contained in:

a. All of the business records, depositions upon written questions, and other records promulgated in this case and relevant to the incident subject hereof and the deceased Plaintiff, which have been produced in this cause;

b. All depositions taken and hereafter taken in this cause, either by written questions or orally, and all exhibits thereto;

c. The expert reports hereinabove expressly referred to;

d. All witness statements which may be produced in this cause;

e. All of the photographs and videotape recordings produced in this cause;

f. The Responses to Requests For Disclosure, Responses to Requests For Production, Answers to Interrogatories, and the Amendments and Supplements thereto which have been filed by each of

the parties to this cause;

g. The Pleadings on file in this cause;

h. All documents and tangible things produced in this cause;

All of which records, reports, documents, depositions, photographs and videotape recordings are incorporated herein by reference and made a part hereof for all purposes as if set out at length herein.

R0481



McSWAIN ENGINEERING, INC.
3320 MCLEMORE DRIVE
P.O. BOX 10888
PENSACOLA, FLORIDA 32524-0888

(850) 484-0506
FAX (850) 484-0508

# Materials Engineering Report
## July 22, 2015

| | |
|---|---|
| **Reference:** | **Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al.** |
| **Accident Aircraft:** | **Robinson R22 BETA Helicopter, Registration N281RG** |
| **Accident Location:** | **Houston, TX** |
| **Accident Date:** | **September 10, 2012** |

## 1.0 Requested Analysis

McSwain Engineering, Inc. was requested to perform a materials engineering analysis regarding the crash of a Robinson R22 BETA helicopter, Registration N281RG, in Houston, TX.

McSwain Engineering, Inc. is a consulting engineering firm with capabilities in materials engineering, mechanical engineering, and forensic chemistry. McSwain Engineering, Inc. utilizes standard methodology and generally accepted techniques in performing a materials engineering investigation.

This is a report of findings and opinions to date based on examination of selected subject components, and the literature produced in this case.

## 2.0 Background Information[1]

On September 10, 2012, about 1545 Central Daylight Time, a Robinson R22 BETA helicopter impacted the terrain of a steel pipe yard in Houston, TX. The pilot and passenger

[1] Extracted NTSB Factual Report, NTSB ID No. CEN12FA621

were fatally injured. The helicopter sustained extensive post-impact fire damage.

The V-belts were thermally damaged and small sections of the V-belts were found on the horizontal firewall, forward of the grooves of the lower sheave, inside the rim of lower sheave, and on the ground below the sheaves. The upper sheave was extensively damaged by the post-impact fire.

The clutch annunciator and low rotor RPM warning lights were examined by the NTSB Materials Laboratory. Based on the Materials Laboratory Factual Report No. 12-116, the broken filament from the clutch annunciator light bulb "exhibited hot coil stretching." The low rotor RPM warning light bulb filament was broken, but did not exhibit hot coil stretching.

## 3.0 McSwain Engineering Analysis

Selected subject components were shipped to McSwain Engineering on September 8, 2014. The laboratory analysis was performed on March 17, 2015.

## 3.1 Subject V-Belt Remnants

The V-belt remnants collected from the subject aircraft were severely burned and brittle, as shown in Enclosure 1. One remnant still showed white numbers, indicative of the stamped lot number typically found on v-belts. Another remnant showed the characteristic groove and tie band configuration. The v-belt remnant was analyzed using Fourier Transform Infrared spectroscopy (FTIR) for comparison with the deposit samples taken from the lower sheave.

## 3.2 Subject Lower Sheave

The subject lower sheave is shown in Enclosure 2. The lower sheave was burned with traces of coating remaining on the grooves. Samples were taken from both the forward and aft grooves at the 6:00, 9:00, and 12:00 positions, as shown in Enclosure 3. A sample was also taken from the aft face of the lower sheave in order to characterize a non-contact area sample of the sheave coating. The samples were analyzed using FTIR.

R0483

Out of the six samples taken from the aft two grooves of the lower sheave, the FTIR spectra of four samples showed indications matching the v-belt remnant spectra and were identified as belt material. The locations from where these samples were taken are shown in Enclosure 4. None of the five samples taken from the forward two grooves of the lower sheave showed any FTIR characteristics of the v-belt remnant. Three of the five samples taken from the forward two grooves did show similar FTIR spectra of the coating sample taken from the aft face of the lower sheave, but lacked any indications of transferred belt material. The locations of these samples are shown in Enclosure 5.

### 3.3 Subject Clutch Annunciator Light and Low Rotor RPM Warning Light Bulbs and Filaments

The NTSB materials report stated that the subject clutch annunciator light showed sections of hot coil filament stretching. The hot coil filament stretching is indicated by the NTSB figures shown in Enclosure 6. Upon examination at the March 17, 2015 inspection, the filament of the subject clutch annunciator light was broken and only one end of the filament was attached to the base. The area where the NTSB saw stretching was not attached to the base and could not be examined, as shown in Enclosure 7.

The low rotor RPM warning light was also examined by the NTSB. Their materials report concluded that the filament did not exhibit signs of hot coil stretching (shown in their figures in Enclosure 8). The filament was examined under the stereomicroscope at the March 17, 2015 inspection. The examination showed that the glass bulb had melted around the filament, allowing only a small portion of the filament to be visible for examination. That portion of the filament did not exhibit signs of stretching, as shown in Enclosure 9.

## 4.0 Opinions

The following is a summary of findings and conclusions expressed in the previous sections of this report. They have been reached to a reasonable degree of materials engineering certainty based on observations, laboratory examination and analysis, consideration of case documents, literature researched, and my experience, education and training:

1. The subject clutch annunciator light filament exhibited signs of hot coil stretching indicating that the light was illuminated at the time of impact.

   Basis: Laboratory examination, review of case documents

2. The subject low rotor RPM warning light filament did not show any signs of hot coil stretching indicating that the light was not illuminated at the time of impact.

   Basis: Laboratory examination, review of case documents

3. Samples taken from the lower sheave indicated that belt material was present on the aft two grooves of the lower sheave. No indication of belt material transfer was found on the forward two grooves.

   Basis: Laboratory examination, review of case documents

4. The presence of belt material on the aft grooves and the lack of belt material on the forward grooves is indicative of the forward belt jumping the grooves.

   Basis: Laboratory examination, review of case documents

The above are findings and conclusions of this investigation to date. I reserve the right to supplement these findings and opinions as new information becomes available.

The curriculum vitae and testimony chronology of William Carden, P.E., are enclosed as attachments. A curriculum vitae includes qualifications and all publications authored and/or co-authored. McSwain Engineering, Inc., charges $225.00 per hour for materials failure analysis and testimony of Mr. Carden in this case.

It is intended that case documents, literature reviewed, collected data, photographs, and exemplar hardware will be used to support the above findings and conclusions. Other photographic exhibits and demonstrative aids may also be selected for trial.

William Carden, M.S., P.E.



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject V-Belt Remnants

Bag of V-Belt Remnants
17 MAR 15
DP-0148
Partial Lot Number on V-Belt
17 MAR 15
DP-0150
V-Belt Tie Band
Front of V-Belt Remnant
DP-0378
V-Belt Groove
Back of V-Belt Remnant
17 MAR 15
DP-0379

# ENCLOSURE 1



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Lower Sheave

Rotating Counterclockwise

12

FORW

12

FORW

FORW

9

FORW

FORW

12 o'clock Position

9 o'clock Position

6

FORW

FORW

3

FORW

FORW

6 o'clock Position

3 o'clock Position

DP-0089-0097

# ENCLOSURE 2



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Lower Sheave – Sample Locations

Sample 1
Sample 2
Sample 4
Sample 3
9
AFT
17 MAR 15
DP-0105

Sample 5
Sample 6
6
Sample 7
FWD
17 MAR 15
DP-0123

Sample 9
Sample 11
Sample 12
Sample 10
12
AFT
FWD
17 MAR 15
DP-0199

Sample 8
AFT
17 MAR 15
DP-0183

# ENCLOSURE 3



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Lower Sheave – Location of Samples Matching Belt Material

Sample 9
Belt Material
Sample 10
Belt Material
12
FORW
12
FORW
FORW
Sample 2
Belt Material
9
FORW
FORW
Sample 6
Belt Material
6
FORW
FORW
3
FORW
FORW

DP-0089-0097

# ENCLOSURE 4

R0490



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Lower Sheave – Location of Samples Matching Paint Sample 8

Sample 4
Coating Sample

Sample 3
Coating Sample

Sample 7
Coating Sample

DP-0089-0097

# ENCLOSURE 5



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Clutch Annunciator Light – NTSB Materials Report

NTSB Materials Laboratory Factual Report No. 12-116 Figure 1

NTSB Materials Laboratory Factual Report No. 12-116 Figure 3

NTSB Materials Laboratory Factual Report No. 12-116 Figure 4

# ENCLOSURE 6



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Clutch Annunciator Light

As-Received Condition

17 MAR 15

DP-0143

Location of Missing Filament Section

Intact Section of Filament

1 mm

3/17/2015

MDP_A-003

1 mm

3/17/2015

MDP_A-002

# ENCLOSURE 7

 # McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Low Rotor RPM Light – NTSB Materials Report

0.250inch

NTSB Materials Laboratory Factual Report No. 12-116 Figure 2

Reported Non-Stretched
Filament Section

NTSB Materials Laboratory Factual Report No. 12-116 Figure 5

# ENCLOSURE 8



# McSWAIN ENGINEERING, INC.

| PROJECT: | Nathan S. Ates, et al. v. Robinson Helicopter Company, Inc., et al. |
|---|---|

Subject Low Rotor RPM Light

As-Received Condition

17 MAR 15

DP-0147

1 mm

3/17/2015

MDP_A-020

Non-Stretched Filament Section

1 mm

3/17/2015

MDP_A-024

# ENCLOSURE 9

# *WILLIAM DAVID CARDEN, M.S., P.E.*

## *TESTIMONY CHRONOLOGY*

| Case Style | Type | Date |
|---|---|---|
| LINDA P. SEVERINO and FRANK SEVERINO,<br>Plaintiffs,<br>vs.<br>LAZY DAYS' R.V. CENTER LLC f/k/a LAZY DAYS' R.V. CENTER, INC., a Florida corporation and citizen; DOMINIC A. CALABRO, a Florida resident and citizen; GOODYEAR DUNLOP TIRES GERMANY GMBH, a foreign corporation; GOODYEAR LUXEMBOURG TIRES S.A., a foreign corporation; THE GOODYEAR TIRE & RUBBER COMPANY, a foreign corporation; and SP REIFENWERKE G.M.B.H., a foreign corporation,<br>Defendants<br>IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA<br>CASE NO.: 12 017948<br>DIVISION F | D | 2015 |
| PAMELA MARGARET LEWIS, et al.<br>Plaintiffs,<br>v.<br>LYCOMING, et al.<br>Defendants<br>IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br>Civil Action No. 11-6475-HB | D | 2014 |

| | | |
|---|---|---|
| JEFF LYON and LISA LYON,<br>Plaintiffs,<br>vs.<br>HONEYWELL INTERNATIONAL, INC., GENIE INDUSTRIES, INC., METROLIFT, INC., and METROLIFT SALES AND SERVICE, LLC,<br>Defendants.<br>IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, LAW DIVISION<br>No. 09 L10983 | D | 2014 |
| LARRY DALE CROUCH; RHONDA MAE CROUCH; TEDDY LEE HUDSON; AND CAROLYN SUE HUDSON,<br>Plaintiffs,<br>vs.<br>TELEDYNE CONTINENTAL MOTORS, INC.,<br>Defendant.<br>IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION<br>NO. 1:10-cv-00072-KD-N | D | 2013 |
| PARIS PICKETT,<br>Plaintiff,<br>vs.<br>MCDONALD'S RESTAURANTS OF NEVADA, INC.; LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN DOES 1 through 100; and DOE CORPORATIONS 1 through 100,<br>Defendants.<br>DISTRICT COURT CLARK COUNTY, NEVADA<br>No. A-11-653208-C<br>Dept.XIII | D | 2013 |

| | | |
|---|---|---|
| BLANCA M. GONZALEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERTO GONZALEZ, DECEASED, ET AL.<br>Plaintiffs,<br><br>VERSUS<br><br>LONE STAR TEMP SERVICES, INC., ET AL.<br>Defendants.<br>IN THE UNITED STATES DISTRICT COURT OF HARRIS COUNTY, TEXAS<br>164TH JUDICIAL DISTRICT<br>CASE NO: 2010-62821 | D | 2013 |
| KRISTI MITTS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE DESEASED AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES,<br>Plaintiffs,<br><br>VERSUS<br><br>SIKORSKY AIRCRAFT CORPORATION; SIKORSKY SUPPORT SERVICES, INC. d/b/a SIKORSKY AEROSPACE MAINTENANCE; UNITED TECHNOLOGIES CORPORATION; PARKER-HANNIFIN CORPORATION; PARKER-BERTEA AEROSPACE GROUP f/k/a BERTEA CORPORATION; CURTISS-WRIGHT CORPORATION; and, CURTISS-WRIGHT CONTROLS, INC.,<br>Defendants.<br>IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION<br>CIVIL ACTION NO: 4:10-cv-05164<br>CONSOLIDATED WITH<br>CIVIL ACTION NO: 4:11-cv-00551 | D | 2013 |

D – Deposition H – Hearing T – Trial A – Arbitration

| Case | Type | Year |
|---|---|---|
| CHAD EVERETT, et al.,<br>Plaintiffs,<br>And<br>KENTUCKY FARM BUREAU MUTUAL INSURANCE CO.<br>Intervening Plaintiff<br>vs.<br>CHRYSLER GROUP LLC,<br>Defendant<br>COMMONWEALTH OF KENTUCKY 1ST JUDICIAL CIRCUIT FULTON CIRCUIT COURT<br>CASE No.: 10-CI 00151 | T | 2012 |
| CHAD EVERETT, et al.,<br>Plaintiffs,<br>And<br>KENTUCKY FARM BUREAU MUTUAL INSURANCE CO.<br>Intervening Plaintiff<br>vs.<br>CHRYSLER GROUP LLC,<br>Defendant<br>COMMONWEALTH OF KENTUCKY 1ST JUDICIAL CIRCUIT FULTON CIRCUIT COURT<br>CASE No.: 10-CI 00151 | D | 2012 |
| LURA HESS BECHTEL, individually and as Co-Administratrix of the Estates of Donald R. and Veronica Hess, JOHANNA V. HESS, individually and as Co-Administratrix of the Estates of Donald R. and Veronica Hess,<br>Plaintiffs,<br>vs.<br>SANDEL AVIONICS, INC., DELAWARE SANDEL AVIONICS, LLC, CENTURY FLIGHT SYSTEMS, INC. dba CENTURY FLIGHT SYSTEMS; MID CONTINENT INSTRUMENT COMPANY, INCORPORATED, dba MID CONTINENT INSTRUMENTS, ELECTRIC GYRO CORPORTATION, and DOES 1-10, Inclusive,<br>Defendants.<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN DIEGO<br>CASE NO. 37-2010-00104069-CU-PO-CTL | T | 2012 |

| Case | Type | Year |
| --- | --- | --- |
| LURA HESS BECHTEL, individually and as Co-Administratrix of the Estates of Donald R. and Veronica Hess, JOHANNA V. HESS, individually and as Co-Administratrix of the Estates of Donald R. and Veronica Hess,<br>Plaintiffs,<br>vs.<br>SANDEL AVIONICS, INC., DELAWARE SANDEL AVIONICS, LLC, CENTURY FLIGHT SYSTEMS, INC. dba CENTURY FLIGHT SYSTEMS; MID CONTINENT INSTRUMENT COMPANY, INCORPORATED, dba MID CONTINENT INSTRUMENTS, ELECTRIC GYRO CORPORTATION, and DOES 1-10, Inclusive,<br>Defendants.<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF SAN DIEGO<br>CASE NO. 37-2010-00104069-CU-PO-CTL | D | 2012 |
| SEAN DAVI, an individual; SHAWNA DAVI, an individual; JAMES SANTOS, an individual; SHANNON SANTOS, an individual,<br>Plaintiffs,<br>vs.<br>H&E EQUIPMENT SERVICES, INC., a corporation; BEE WELDING, INC. d.b.a. BEE ACCESS PRODUCTS, and DOES 1 through 100, Inclusive,<br>Defendants.<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT<br>CASE NO. BC425711 | D | 2012 |
| LARRY DALE CROUCH; RHONDA MAE CROUCH; TEDDY LEE HUDSON; AND CAROLYN SUE HUDSON,<br>Plaintiffs,<br>vs.<br>TELEDYNE CONTINENTAL MOTORS, INC.,<br>Defendant.<br>IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION<br>NO. 1:10-cv-00072-KD-N | T | 2011 |

| Case | Type | Year |
|---|---|---|
| IDANIS MAZZANET-FIGUEROA, as Personal Representative of the ESTATE OF MIGUEL A CRUZ-SANTIAGO, and IDANIS MAZZANET-FIGUEROA, individually, Plaintiff v. SCORPION SPORTS, INC., a/k/a SCORPION SPORTS USA, a California corporation; and J.P. CYCLES, INC., d/b/a SEMINOLE POWERSPORTS, a Florida corporation, Defendants. IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA CASE NO: 2008-ca-20186 DIVISION: 33 | T | 2011 |
| LARRY DALE CROUCH; RHONDA MAE CROUCH; TEDDY LEE HUDSON; AND CAROLYN SUE HUDSON, Plaintiffs, vs. TELEDYNE CONTINENTAL MOTORS, INC., Defendant. IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION NO. 1:10-cv-00072-KD-N | D | 2011 |

IDANIS MAZZANET-FIGUEROA, as Personal Representative of the ESTATE OF MIGUEL A CRUZ-SANTIAGO, and IDANIS MAZZANET-FIGUEROA, individually,
Plaintiff
v.
SCORPION SPORTS, INC., a/k/a SCORPION SPORTS USA, a California corporation; and J.P. CYCLES, INC., d/b/a SEMINOLE POWERSPORTS, a Florida corporation,
Defendants.
IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA
CASE NO: 2008-ca-20186
DIVISION: 33 — D — 2010

IDANIS MAZZANET-FIGUEROA, as Personal Representative of the ESTATE OF MIGUEL A CRUZ-SANTIAGO, and IDANIS MAZZANET-FIGUEROA, individually,
Plaintiff
v.
SCORPION SPORTS, INC., a/k/a SCORPION SPORTS USA, a California corporation; and J.P. CYCLES, INC., d/b/a SEMINOLE POWERSPORTS, a Florida corporation,
Defendants.
IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA
CASE NO: 2008-ca-20186
DIVISION: 33 — D — 2009

R0502

| | | |
|---|---|---|
| DALIA AMAYA, AS PARENT AND NATURAL GUARDIAN OF NATALIA AMAYA, A MINOR,<br>Plaintiffs,<br>vs.<br>BUDGET RENT A CAR SYSTEM, INC., A FOREIGN CORPORATION; PV HOLDING CORPORATION, A FOREIGN CORPORATION; AND JUAN CARLOS BASURTO, A FLORIDA RESIDENT,<br>Defendants<br>IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA<br>CASE NO.: 50 2008CA009513XXXXMBAI | D | 2009 |
| JOEY MALLARD,<br>Plaintiff,<br>v.<br>SAFARI MOTOR HOMES, INC.,et al.,<br>Defendants.<br>IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA<br>CASE NO: CV-08-181 | D | 2009 |
| KRISTINE FERNANDEZ, Individually and as natural mother and next friend of MEAGAN K. CARPINTERO,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY, a foreign corporation,<br>Defendant.<br>THE STATE OF FLORIDA<br>IN THE CIRCUIT COURT OF ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br>GENERAL CIVIL DIVISION<br>CASE NO.: 02-22006 CA 09 | T | 2008 |

The ESTATE OF POLLY ANN GONZALEZ, by ALLAN J. MOTA, Administrator and SABRINA MARIE MOTA and GABRIELLA MONIQUE MOTA, Minors, by their Guardian ad Litem, ALLAN J. MOTA, Plaintiffs, vs. FORD MOTOR COMPANY a Delaware corporation, SILVER STATE FORD d/b/a GAUDIN FORD, a Nevada corporation and Black and White Corporation I through X, Defendants — D — 2008

DISTRICT COURT CLARK COUNTY, NEVADA
CASE NO. A538297
DEPT. NO. XI

CYNDI H. BLANCHARD, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF COLBY TAYLOR BLANCHARD, DECEASED, AND MARK BANKS AS ADMINISTRATOR OF THE ESTATE OF DAYNA BANKS, DECEASED PLAINTIFFS, v. ROBERT J. LANDRY, JR., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT JOSEPH LANDRY, SR. AND THERESA BOYD AS PERSONAL REPRESENTATIVE OF THE ESTATE OF COY MAC BOYD, SR. DEFENDANTS — D — 2008

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS, WESTERN DIVISION – CIVIL DIVISION- AT JONESBORO
CASE NO. CV2007-0607 (JF)

DAVID WEBSTER, Plaintiff v. MATTHEWS INTERNATIONAL CORPORATION and MATTHEWS CREMATION DIVISION, Defendants — D — 2007

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:06-cv-1688-Orl-31KRS

D – Deposition H – Hearing T – Trial A – Arbitration

| | | |
|---|---|---|
| MICHAEL W. RAMSEY AND ANN R. RAMSEY, as Personal Representatives of the Estate of CARRIE GRACE RAMSEY, deceased, Plaintiffs<br>v.<br>CLARENCE N. BEHN AND DUDE BEHN TRUCKING, Defendants<br>IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR PUTNAM COUNTY, FLORIDA<br>CASE NO. 05-28640-CA | T | 2007 |
| MICHAEL W. RAMSEY AND ANN R. RAMSEY, as Personal Representatives of the Estate of CARRIE GRACE RAMSEY, deceased, Plaintiffs<br>v.<br>CLARENCE N. BEHN AND DUDE BEHN TRUCKING, Defendants<br>IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR PUTNAM COUNTY, FLORIDA<br>CASE NO. 05-28640-CA | D | 2007 |
| WILLIAM B. NICKELL, M.D., Plaintiff<br>v.<br>MIDMARK CORPORATION, ET AL., Defendants<br>CIRCUIT COURT OF JEFFERSON COUNTY, AL<br>CASE NO.: CV-05-1823 | D | 2007 |
| KRISTINE FERNANDEZ, individually and as natural mother and next of kin of MEAGAN K. CARPINTERO Plaintiff,<br>v.<br>LUAR ENTERPRISES, INC., a Florida corporation, DAMARIS RIOS, FLORIDA DEPARTMENT OF TRANSPORTATION, FORD MOTOR COMPANY, a foreign corporation, Defendants.<br>CIRCUIT COURT OF FLORIDA, COUNTY OF MIAMI-DADE<br>CASE NO.: 02-22006 CA 09 | D | 2006 |

D – Deposition H – Hearing T – Trial A – Arbitration



Burton
& Associates
FORENSIC AND ENVIRONMENTAL PATHOLOGY AND MEDICINE
Joseph L. Burton, M.D.

March 16, 2015

Mark T. Murray
Stevenson & Murray
24 Greenway Plaza, Suite 750
Houston, TX 77046

Re: Ates v. Robinson Helicopter Co., Inc;
Our case No. 14-052:

Dear Mr. Murray:

You have ask me to address this case in order to evaluate the injuries that occurred to Joyce Ates, a 62-year-old female who was the occupant of a R22 helicopter piloted by Chris Yeager on September 10, 2012 in Harris County, Texas.

In arriving at my opinions I have considered the following case specific material:

1. HARRIS COUNTY M.E. REPORT FOR JOYCE ATES
2. HARRIS COUNTY M.E. PHOTOS
3. HARRIS COUNTY M.E. REPORT FOR CHRIS YEAGER (PILOT)
4. FAA REPORT
5. NTSB REPORT
6. PRODUCTION DOCUMENTS

In addition to the above materials, I have considered my experience as a Medical Examiner over a span of 30+ years which includes investigating and autopsying victims of various types of fires including residential fires, industrial fires, and post-collision plane and other transportation fires.

I have considered my review of 169 cases involving fires in automobile accidents. This is relevant because in each of these cases I have evaluated how the fire affected the occupants, caused their injuries and evaluated their conscious pain and suffering.

I have considered peer-reviewed literature and studies relative to fires, carbon monoxide, conscious pain and suffering and human tolerance. (Burton & Associates Fire Bibliography, Pain and Suffering Bibliography and Human Tolerance Bibliography)

In addition, for almost 2 decades I served as a consultant to the Georgia Arson Investigators, meeting with them and lecturing to them.

I have authored and presented papers on both fire deaths and conscious pain and suffering:

- "Post Collision Vehicular Fires; Determination of Probability of Occupant Survival Post Impact" J. Burton and P. Lewis, Jr., Burton & Associates, 54th Annual Meeting of the American Academy of Forensic Sciences, February 15, 2002, Atlanta, Georgia.
- "Forensic and Environmental Pathology and Medicine: Biomechanics-Kinematics-Conscious Pain and Suffering" Joseph Burton, M.D., Presented at the American Bar Association Tort Trial and Insurance Practice Section Self-Insurers' and Risk Managers' Committee, Transportation Megaconference VI, Co-sponsored by Commercial Transportation Litigation Committee, April 17-18, 2003.

On the date of the incident, witnesses observed this helicopter out of control spinning with the rotors rotating slowly and no evidence of the tail rotor moving, descending with pitch and yaw back and forth until approximately 75 +/- feet from the ground when its descent became more rapid and it apparently crashed horizontal-forward facing.

Following impact with the ground witnesses observed movement from both the pilot and the passenger. There was a fire which witnesses were attempting to extinguish with fire extinguishers; however, the fire became too hot and they had to pull back at which time there was an explosion that fully engulfed the helicopter's remains and consumed the two occupants.

Full autopsies and toxicology studies were done on the two victims.

Ms. Ates had less than 5 percent CO hyperemia of the respiratory tree but no obvious soot within it. She had a right sacral iliac fracture and multiple other injuries as described within the autopsy record summarized within this file. The cause of her death is listed as multiple blunt force injuries and thermal burns.

Ms. Ates had at least a partial AO (atlantooccipital) injury. Assuming that the witnesses were accurate and that she was moving she did not have a complete separation at the AO joint and such a complete separation is not described within the autopsy record. Individuals survive partial AO dislocation injuries; some with significant residual neurological deficit and some without. (Burton & Associates AO Dislocation Bibliography)

Her right sacral iliac joint dislocation is most likely associated with vertical impact forces possibly more concentrated on the right side of the aircraft.

The pilot had a compression fracture of L1. His cause of death is documented from blunt force and thermal injuries.

Neither occupant had evidence of blunt force skull fractures or blunt force brain injuries. Neither is described as having cervical spine fractures.

Blunt force injuries certainly were sufficient to have caused their deaths; however, such injuries would not necessarily result in immediate unconsciousness and death.

In my opinion, there is more than reasonable probability that as the aircraft is descending out of control that both the pilot and occupant were aware that there was a potential event that could have occurred and caused their deaths. Such would have resulted in pre-impact conscious pain and suffering. Pain could have resulted from their bodies pitch and yaw within the helicopter's cabin. Upon impact, vertical forces were sufficient to have bottomed-out the helicopter and result in some vertical impact injuries to both victims.

## Support

- Pain is defined as a perception. An individual's previous experience with pain, the anticipation of pain, the victim's state of mind, and invariable reflex responses to pain all may have an impact on the severity of pain that an individual perceives as the result of some traumatic event. (Reference: "Forensic Pathology in Criminal Cases" Hanzlick, Graham, pages 132-137.)

- Perception of pain requires some degree of consciousness.

- Normal consciousness requires that both cerebral hemispheres of the brain, the reticular activating system and connections between them, are intact and functioning.

- There are two types of pain endings in the human body, ones that carry pain related impulses to the spinal cord very quickly and others that carry them in a slower fashion. The perception of pain depends on impact nerves to the spinal cord, an intact

spinal cord pathway, and the above described brain recognition and processing centers. (Id.)

- Black's Law Dictionary further describes "Pain and Suffering" as a term used to describe not only physical discomfort and distress but also mental and emotional trauma that are recoverable as elements of damage in torts.

- The medical literature defines "suffering" with more understanding and compassion. Cassell portrays suffering as the state of severe distress associated with events that threaten the intactness of the person.

- Steadman's Medical Dictionary defines "Consciousness" as awareness, perception of physical facts of mental concepts, sentiment, knowledge of one's surrounding. (Reference: "Pain and Suffering…and Unconsciousness" Quillen and McQuillen, The American Journal of Forensic Medicine and Pathology, pp. 174-179, Volume 15, Number 2, June 1994)

- Cassell further makes three points as follows: (Id.)

  1. Suffering is experienced by persons.
  2. Suffering occurs when an impending destruction of the person is perceived.
  3. Suffering can occur in relation to any aspect of the person.

- Consciousness is further described as an awareness of self and environment. Its precise limits are difficult to define. There are two primary aspects to consciousness, these being "Content" and "Arousal".

- The "content" of consciousness is the sum of mental functions and arousal, the appearance of wakefulness.

- There are numerous levels of consciousness, including the following:
  1. Clouding of consciousness
  2. Confusional state
  3. Delirium
  4. Stupor
  5. Coma

- The concept of conscious pain and suffering is a complex issue. Studies published by a British scientist in 2001 on comatose patients have indicated that the appreciation of pain and stimuli can occur even after a patient is "clinically dead."

- Intimately associated with the issue of "conscious pain and suffering" is the period of potential survival after a particular trauma has occurred.

- Forensic pathologists and scientists by their training, background and experience are often able to give a reasonable range that a person may remain conscious and/or survive after a particular type of injury has been sustained. (Reference: Forensic Pathology, Bernard Knight, pages 154-155, Oxford University Press, 1991)

- The inhalation of superheated air and carbonaceous debris is extremely irritating to the lungs causing pulmonary edema. Hypoxia, i.e. oxygen starvation, occurs. This is an extremely frightening and painful event. One can interview fire fighters who before the advent of using respirators to fight fires frequently inhaled smoke and heat and survived but were treated for this and can account for the extreme pain and fear associated with the lack of air and inability to breathe.

- My opinion also is based on my evaluation of nearly 50,000 forensic cases in which I have had the opportunity to observe and study the effects of various types of trauma and traumatic situations on humans.

- As stated previously, I have also lectured to the American Bar Association on the issue of conscious pain and suffering. (Reference Dr. Burton's Curriculum Vitae)

- Additionally, while a senior medical student I rotated through the Grady Memorial Hospital Burn Unit in Atlanta, Georgia and participated in the treatment of patients with mild, moderate and severe burns. I had the opportunity as part of the medical care team to interview, talk to and treat these individuals. Not only this experience but the textbooks describing the pathophysiology to tissues and structures clearly indicates that before the deceased victims became unconscious and died, and during the occurrence of the injuries for the other victims, that they experienced extreme conscious pain and suffering. (Id.)

- Support for my opinion is based on my education, training and experience as a forensic pathologist including acting as a consultant for nearly 3 decades to the Georgia Arson Investigations and the Southeastern Arson Investigators. (Id.)

It is documented that the pilot had on a 3-point restraint. It is not said what Mrs. Ates was utilizing; however, the left front seat of this helicopter most likely had a 3-point restraint as well.

The blunt force chest and abdominal injuries and visceral injuries occurring to both were a consequence of their bodies' interaction with the restraints and the helicopters interior structures as well as inertial forces from their impact with the ground.

There is reasonable scientific probability that both the pilot and Ms. Ates experienced conscious pain and suffering before being overcome by the explosive fire as well as the injuries sustained

upon impact. There is no evidence from toxicology studies that some pre-existing toxicological condition affected their consciousness or their life and death.

There is nothing within Ms. Ates's autopsy report to suggest a previous existing disease that may have shortened her life from what would be normally expected from someone her age.

The same is true for Mr. Yeager, the pilot, although he did have some coronary artery disease.

Mr. Yeager maintained a pilot's license so it is reasonable to assume that he had to pass physical exams in order to maintain his license to operate an aircraft, especially one commercially.

At this time these are the issues that I have been asked to address and these are my opinions concerning the cause of death and the likelihood of pre-crash pain and suffering and post-crash pain and suffering.

The above opinions are based on my current understanding of the case based on the specific data that I have evaluated, my personal evaluation of the various photographic evidence submitted with the case file and on my education, background and training.

If further or additional information becomes available of significance that might in any way impact the opinions which I have currently offered I will re-evaluate such opinions and potentially amend or expand such.

Sincerely,

Joseph L Burton, MD
Consultant in Forensic
And Environmental Pathology and Medicine



# AEROSCOPE, INC.

11901 Allison Street
Broomfield, CO 80020
303.465.4414 • Fax: 303.465.4116
aeroscope@aeroscopeinc.com

6 August 2015

Mr. Mark Murray
Stevenson & Murray
24 Greenway Plaza, Suite 750
Houston, TX 77046

RE: Crash of a Robinson R22 Beta II helicopter, N281RG

Dear Mr. Murray,

The materials and activities listed in Appendix 1 support the conclusions contained within this document both in the conclusion section and in the body of this report. I have the credentials outlined in Appendix 2. Below is a report of my investigation regarding the crash of N281RG which resulted in the deaths of the onboard passenger/photographer, Joyce Ates and pilot, Christopher Yeager.

## Report of Findings

### Background Information:

On 10 September 2012 at approximately 1545 Central Daylight Time (CDT), a Robinson R22 Beta II helicopter with U.S. Registration N281RG crashed into a steel pipe yard in Houston, Texas while conducting low altitude aerial photography. Visual Meteorological Conditions (VMC) prevailed at the time of the crash and the flight was being conducted in accordance with Title 14 Code of Federal Regulations (CFR) Part 91, general operating rules. According to the Baytown Airport (KHPY) manager, the subject aircraft departed KHPY at approximately 1500 CDT and fuel records indicate the helicopter was serviced with 22.9 gallons of fuel prior to departure.

R0512



**Figure 1 - Crash Site**

Several witnesses, who were located in the vicinity of the crash site, reported the following observations:

Albert Collier and Kenneth Franklin both observed the subject helicopter while driving westbound on Highway 90; when they first observed the helicopter, it was at an altitude of approximately 75 feet above ground level (AGL) and was spinning in a counter-clockwise direction. Mr. Collier indicated that the helicopter descended quickly (less than 30 seconds) and the main rotor blades didn't look like they were moving. Furthermore, the nose of the helicopter was pointed down toward the ground and a post-crash fire ensued.[1]

Jerrod Danner also witnessed the subject helicopter while driving westbound on Highway 90. He estimated that the helicopter was at an altitude of 400-500 feet AGL when he first saw it and noted that it was slowly spinning around the main rotor shaft and descending vertically at about 70-80 mph as if it had lost power. "There was no smoke or parts coming off the helicopter as it descended. The main rotor blades were turning "slower than expected" and were not deflected upward." Furthermore, the tail rotor didn't appear to be turning.[2]

Jose Escamilla initially observed the subject helicopter at an altitude of approximately 70-100 feet AGL while driving eastbound on Highway 90. The helicopter was slowly spinning counter-clockwise around the main rotor shaft and was in a slow vertical descent. At 40-50 feet AGL, the helicopter's descent rate increased rapidly before it impacted the ground. He also noted that the main rotor blades were turning "pretty slow" and it seemed "like he lost power". Furthermore, the body of the helicopter was level and the main rotor blades were not deflected upward.[3]

[1] NTSB Record of Conversation with Albert Collier and Kenneth Franklin, 18 September 2012

[2] NTSB Record of Conversation with Jerrod Danner, 11 September 2012

[3] NTSB Record of Conversation with Jose Escamilla, 14 September 2012

**Pilot:**

Pilot in Command (PIC) of the subject helicopter was Mr. Christopher Yeager. Mr. Yeager held a commercial pilot certificate for helicopters and had accumulated approximately 757 total flight hours at the time of the crash; 619 of those hours were logged in the R22 Beta. In December 2011, he obtained a first-class medical certificate with the restriction that he must wear corrective lenses. According to Mr. Yeager's flight log, he completed the required Special Federal Air Regulations (SFAR) 73 training for the R22 on 2 September 2009. This SFAR was originally issued by the FAA in March 1995 and details specific training, experience and endorsement requirements to act as pilot in command of R22 and R44 helicopters. Flight log records also indicate that Mr. Yeager completed several flights with a CFI within a week of the subject crash. During these training flights he practiced hover and full-down autorotations.

**Weather:**

Surface weather observations from Ellington Field Airport (KEFD) in Houston, TX, which is located approximately 16 miles southwest of the crash site, at 1550 CDT was as follows: winds 130° at 8 knots, visibility 10 statute miles, scattered clouds at 8,000 feet, temperature 93 °F, dew point 62 °F, and an altimeter setting of 30.02 inHg. Similar weather conditions were reported at Houston Intercontinental Airport which is located approximately 13 nautical miles northwest of the accident site and Houston Hobby Airport which is located approximately 14 nautical miles southwest of the accident site.[4] These conditions were reviewed and weather is not considered to be a causal factor in this crash.

**Aircraft:**

The 2007 Robinson R22 Beta II (serial number 4250) involved in this crash was registered to Helicopter Services, Inc. (HSI) of Spring, TX and operated by Mr. Yeager who was an HSI employee. A single Lycoming O-360-J2A engine powered the subject helicopter and this engine was designed to produce 145 horsepower at sea-level.

In August 2011, Western Skyways Inc. overhauled the subject O-360-J2A engine to "Factory New Tolerances" and Helicopter Services, Inc. conducted a 2200-hour inspection of the airframe. The 2200-hour overhaul is an extensive inspection that requires the overhaul and/or replacement of numerous components, which includes a set of v-belts that transmit power from the engine to the primary drive shaft that travels forward to the main rotor transmission and aft to the tail rotor transmission. At the time of this crash, the airframe had accumulated approximately 2030.9 total flight hours; whereas, the engine had accumulated approximately 2227.2 total hours and 26.3 hours since the overhaul.[5]

[4] Historical weather data from Weather Underground

[5] Robinson Helicopter Company Accident Report, dated 11 October 2013

R0514



**Figure 2 – Robinson R22 Beta II Helicopter**

**Main & Tail Rotor Drive System Operation:**

The R22 helicopter incorporates two double "V" belts to transmit power from the engine to the primary driveshaft that travels forward to the main rotor transmission and aft to the tail rotor transmission (Reference Figures 3 and 4). Robinson recommends checking for drive belt slack before engine start.[6] Prior to and during start up, the engine is disengaged from the primary drive shaft and transmissions by way of the belt tensioner actuator, which is connected to the upper and lower sheaves. Engagement of the actuator and thus tensioning of the belts constitutes and is referred to in the flight manual as a "Clutch"; thus allowing the engine to run independently and without operation of the main rotor system and the tail rotor system.

[6] Robinson Safety Notice (SN) 33



R0515



JA2000
R22
TAIL ROTOR
Tail Rotor
Transmission
Upper Drive
Sheave
Main Rotor
Transmission
Belt Tensioner
Actuator
V-Belts
Tail Rotor
Drive Shaft
TEXTRON LYCOMING
4-CYLINDER ENGINE
Fan
Lower Drive
Sheave

**Figure 3 - R22 Drive System Diagram**

Aeroscope Inc. Report of Findings – Ates

Page 5 of 28

R0516



**Figure 4 – Exemplar R22 Rotor Drive System**

The belt tensioner actuator is controlled by a guarded "Clutch" switch in the cockpit and movement of the actuator is indicated to the pilot by an amber light on the panel. When the clutch switch is engaged after engine start-up, the clutch light on the instrument panel will illuminate and the belt tensioner actuator will extend and engage the primary drive shaft. During normal flight, the clutch light may come on infrequently as the belts change length and the actuator extends slightly to keep the proper belt tension. Operational characteristics of drive belt tensioning is detailed in Robinson Safety Notice 28,

*"It is normal for the clutch light to come on occasionally in flight for a short time (approximately 3 to 6 seconds) to re-tension the drive belts. If the clutch light flickers or does not go out within*

R0517

*10 seconds, it can indicate a belt or bearing failure. If abnormal clutch light indication occurs, pull clutch circuit breaker and reduce power. Select a safe landing site and make a precautionary landing to check drive system. If additional symptoms of drive system failure (smell of hot rubber, noise, or vibration) are present, land immediately. If tachometer needle split occurs, enter autorotation."*

The actuator automatically shuts itself off when the proper belt tension is reached. Although the clutch light does come on sporadically for short durations during normal flight, it is highly unlikely that the belt tensioner in N281RG was in the process of doing a routine belt tension at the exact moment the impact occurred.

The Robinson line of piston helicopters are designed such that the lower drive sheave on the engine and the upper drive sheave driving the rotor systems are forced apart to tighten the belts. This is done by way of an actuator positioned just aft of both the upper and lower sheaves and directly connected to the two by way of two bearings. The position of the actuator is such that the upper sheave changes position vertically at a hinge point located forward of the upper sheave along the clutch shaft where it attaches to the main rotor transmission (Reference Figure 5).



**Figure 5 – Deflection of the Upper Sheave**

R0518

This design causes the two sheaves to shift out of alignment when the belts are tightened. This misalignment causes uneven belt loading, uneven belt wear, uneven belt break in and progressively larger stretch in the belts moving forward to aft. This goes against standard mechanical engineering and belt drive design principles which mandate sheave alignment in belt drive systems; furthermore, the design of this system is a proximate cause of this crash.

Robison Helicopter originally purchased the belts for their helicopters from Gates Rubber Company until Gates finally refused to provide belts to Robinson due to legal issues.[7] Gates decided they needed to get out of aviation for risk management reasons.[8] Gates was so adamantly against aircraft manufacturers using their belts on aircraft that they pressed the FAA to issue an Information For Operators bulletin warning that Gates belts are not designed or intended for aircraft use.[9] Robinson now purchases the belts from Mitsuboshi Belting, Ltd., which is of a similar design with two extra plies of cotton fabric, one on the top and one on the bottom. The v-belts installed in the subject helicopter were manufactured by Mitsuboshi.

Gates Rubber Company, the world's leading belt manufacturer, provided numerous manuals, bulletins and troubleshooting guides on proper drive belt design, alignment and configuration. Gates published a design guide for belt driven farm equipment that was used in designing the Robinson belt systems.[10] The manual, published in 1976, recommends the use of idler pulleys to apply tension to the system. It also provides two types of automatic tension systems: spring loaded idlers and spring loaded pulleys (sheaves).[11] Neither of these systems was used in the R22. Idler systems are found in numerous other piston helicopters covered later in this report. The manual is very specific on sheave alignment and parallelism. The manual states:

> *"Make sure the sheaves are lined up and the shafts are parallel. Misalignment may cause many problems, some of which are:*
>
> *Stability: Misaligned belts are subject to turnover*
>
> *Wear: Misalignment will accelerate wear on the side of the belt that comes in contact with the sheave first due to the misalignment.*
>
> *Life: A significant degree of misalignment decreases belt life."*[12]

Robinson has indicated that they used this manual in design but deliberately designed contrary to the guidance instructions by creating a system that operates on the principle of sheave misalignment. Gates stated: "Misalignment is one of the most common causes of premature belt failure". They go on to say, "Misalignment can destroy a belt in a matter of hours or days". Gates statement: "uneven belt and cord loading, results in unequal load sharing with multiple belt drives and leads to premature failure". This is

[7] Peter Riedl Deposition in the Holtmeier case, Pg. 151
[8] Aschenbrenner Deposition in the Holtmeier case, Pg. 29
[9] FAA INFO 15007
[10] Gates Agricultural V Belt Drive Design Manual
[11] Gates Agricultural V Belt Drive Design Manual p. 42
[12] Gates Agricultural V Belt Drive Design Manual p. 46

R0519

exactly what happened in the subject accident.[13] Gates provided a bulletin on analyzing v-belt drives for better performance. They warn: "the drive must be properly aligned. Misalignment causes belt instability and shortens V-belt life".[14] And they even show a warning diagram of how not to design or install belts on sheaves which mimics the Robinson design:



ANGULAR MISALIGNMENT

FLEETING ANGLE

**Wreckage:**

The NTSB on-scene investigation revealed that N281RG "came to rest upright on a heading of 195 degrees on a dirt road located inside a steel pipe storage yard." The main fuel tank was punctured during the crash sequence and a post-impact fire consumed the cabin of the helicopter. I personally inspected the wreckage of N281RG on 22 January 2014 at the facilities of Air Salvage of Dallas in Lancaster, TX and on 17 March 2015 at the facilities of McSwain Engineering in Pensacola, FL. Examination of the wreckage along with analysis of available data allowed me to confirm and/or note the following:

- The landing skids were attached to the fuselage post-crash and spread out, level with the belly of the helicopter. Both seat structures were collapsed.

- The main rotor blades exhibited thermal damage in the inboard sections; little to no impact damage noted.

- Examination of the engine and analysis of inspection reports revealed no indications of a pre-impact condition that would have prohibited the engine from producing rated power. The following engine conditions were noted:

    - With the accessory housing and RH magneto removed, compression was obtained in cylinders #1, #3 and #4.

    - The #2 cylinder exhibited extensive thermal damage and was separated from the crankcase. The intake and exhaust valves and push rods were all undamaged; the piston and piston pin were unremarkable.[15]

    - The condition of the spark plugs is consistent with normal operation

- Tail Section –

    - Both of the tail rotor blades were fractured / torn off at the roots. Both blades exhibited chordwise scratching and one blade exhibited leading edge damage

    - The pitch change tube was wrapped around the tail rotor driveshaft

[13] Gates Facts Technical Information Library: Preventing Drive Belt Alignment Problems
[14] Gates: Analyze your way to longer lasting, better performing V-belt drives.
[15] NTSB Factual – CEN12FA621

R0520

- Circumferential marks on the tail rotor drive shaft from binding with the pitch change tube.
- The tail section was broken at the beacon and the aft section rotated more than 360° after the fracture occurred
- All 3 stabilizers have side load damage from rotation of the tail
- The tail rotor driveshaft coupling torque rolled on itself just aft of the sheave

- The belt tensioner actuator was located and the following measurements were recorded:
  - From the shoulder to the bolt hole on the shaft = 1.4". Note - The distance for tensioned belts is normally 1.0 to 1.5 inches.[16]
  - Total extension 1.19"
- Microscopic analysis of the "Clutch" warning light bulb filament revealed a stretched condition; which is consistent with the bulb being illuminated at the time of impact. As noted above, this warning light automatically activates when the rotor is initially engaged and occasionally in-flight due to changes in v-belt length (i.e. tension).
- The v-belts were thermally damaged and the NTSB noted "small sections of v-belts remnants were found on the horizontal firewall; in the grooves of the sheaves, and on the ground below the sheaves at the accident site." Numerous pieces of drive belt were also found in between the drive sheave and ring gear.
- V-belt material was found forward of the lower drive sheave post-crash (Reference Figures 6 thru 8).
- A Fourier Transform Infrared Spectroscopy (FTIR) analysis was completed on a piece of the v-belt for comparative purposes and on the lower sheave. This analysis did not reveal material transfer from the v-belts within the forward two grooves; whereas belt material was found in the aft two grooves. Reference the McSwain Engineering's report of findings for more detail relating to this analysis and locations of material transfer.

[16] RHC Accident Report, R22 Beta, N8328Q in Rialto, CA

R0521



**Figure 6 – Post-Crash photo of the Lower Drive Sheave**

**Figure 7 – Post-Crash photo of the Lower Drive Sheave (bottom view)**



**Figure 8 – Lower Sheave**

Aeroscope Inc. Report of Findings – Ates Page 12 of 28

R0523

- The upper drive sheave exhibited thermal damage (Reference Figure 9). Due to the heat damage, no samples were analyzed.

**Figure 9 –The Upper Driven Sheave from N281RG**

**Failure Sequence:**

An accumulative analysis of available crash data, inspection of the wreckage and FTIR analysis of the lower drive sheave indicates that this crash was caused by the failure of the helicopters drive system. The forward v-belt disengaged the forward grooves of the lower sheave while the subject helicopter was being operated in an out-of-ground-effect (OGE) hover; this is the proximate cause of this crash. This resulted in activation and extension of the belt tensioner actuator and a sudden loss of power to the main and tail rotor drive systems. Lack of damage to the main rotor blades, tail rotor driveshaft and couplings is all commensurate with a loss of tension of the drive system. Activation of the belt tension actuator is supported by the "hot-stretched" condition of the annunciator bulb filament. Pilot Yeager was forced to execute an emergency autorotation of the helicopter as it spun around the main rotor mast.

**Low Rotor Inertia:**

The family of Robinson piston powered, light utility helicopters incorporate a two bladed teetering rotor system with blades comprised of very lightweight materials. Although beneficial as far as helicopter weight and power requirements, it very undesirable for maintaining rotor rpm following an engine or power transmission failure such as occurs after a belt failure. Rotor inertia is defined as the amount of rotational energy stored in the main rotor system and is dependent upon the radius of the blade system,

R0524

the mass of the blades and the speed at which they rotate. The low mass of the Robinson system results in the low rotor inertia which causes the blades to lose rpm very rapidly after power is removed. The Robinson helicopters have a long history of crashes due to low rotor rpm and there are numerous warnings, bulletins (e.g. Safety Notice 24 – LOW RPM ROTOR STALL CAN BE FATAL), NTSB and FAA (as well as foreign government) studies and reports on the phenomena. Safety Notice 24 is evidence of Robinson's awareness of the low rotor inertia in the R22 helicopter and the dangers associated with the inherently defective design. Furthermore, Safety Notice 24 is an inadequate solution to the defectively designed low inertia rotor system on the R22 helicopter and does not meet the minimum industry standards for safe engineering and manufacturing practices. The problems were so widespread that the certification of the helicopter was reviewed and a Special Federal Air Regulation (SFAR) was issued regarding training and recurrent training required to pilot the helicopters.[17] The Robinson helicopters are the only FAA certified helicopter to have this type of special regulation for pilot training.

Due to the lack of rotational inertia in the R22 main rotor system, pilots have a minimal amount of time to recognize a low rotor RPM condition and either instantaneously roll on the throttle and lower the collective or enter an autorotation; this is unreasonably dangerous and a violation of FAR 27.141, which states,

> *The rotorcraft must...(b) Be able to maintain any required flight condition and make a smooth transition from any flight condition to any other flight condition without exceptional piloting skill, alertness, or strength, and without danger of exceeding the limit load factor under any operating condition probable for the type*

Research relating to pilot reaction time to recognize a failure or dangerous situation and implement corrective action far exceeds the minimal time required to correct a low rotor RPM situation in an R22. The concept of issuing a training requirement to address the inherent design deficiencies in the R22 is unreasonably dangerous and doesn't represent sound engineering practice. Design deficiencies need to be addressed and corrected from the engineering level and designed away; training is not the answer.

Originally issued in March 1999 and revised in April 2009, Robinson Safety Notice SN-34 warns operators of the dangers / risk associated with low time pilots conducting aerial survey and photo flights in the R22 and R44 helicopters.

> *"The helicopter can rapidly lose translational lift and begin to settle. An inexperienced pilot may raise the collective to stop the descent. This can reduce RPM thereby reducing power available and causing an even greater descent rate and further loss of RPM. Rolling on throttle will increase rotor torque but not power available due to the low RPM. Because tail rotor thrust is proportional to the square of RPM, if the RPM drops below 80% nearly one-half of the tail rotor thrust is lost and the helicopter will rotate nose right. Suddenly the decreasing RPM also causes the main rotor to stall and the helicopter falls rapidly while continuing to rotate. The resulting impact is usually fatal."*

[17] Special Federal Air Regulation (SFAR) No. 73

R0525

This safety notice fails to address the underlying problem, which are the inherent design issues associated with the Robinson's low inertia rotor system. Furthermore, issuance of a warning does not relieve a manufacturer of their responsibilities to design a safe helicopter for all FAA approved flight operations (e.g. low altitude, low airspeed operations, Out-of-Ground-Effect (OGE) hover, etc.). The main rotor system has proven time and again to be dangerous and intolerant of power interruptions and minor reductions in main rotor RPM. Pilot Yeager met Robinson's total flight time recommendations and was well trained and properly certificated to act as pilot in command during the subject flight. The low inertia rotor system incorporated in the subject helicopter has been proven to be dangerous and intolerant to power interruptions. Furthermore, Robinson's failure to implement the necessary design changes to improve both safety and reliability of the drive system is the proximate cause of this crash. From an engineering perspective, issuance of additional helicopter specific training for issues that should have been corrected via design changes is a violation of standard engineering practice.

Low altitude operations (e.g. aerial photography, surveying, etc.) and OGE hovers are common maneuvers that all helicopter pilots are trained to conduct. For Robinson to issue a safety notice indicating that these operations are dangerous is improper and contrary to the purpose of operating a helicopter.

**Drive Belt Break-in Procedure:**

New belts are much more prone to failure than older, run in belts. Gates was concerned about the use of their belts on Robinson's helicopters and as such required Robinson to perform a 5 hour break in of the belts prior to their release into service. I inspected the machinery and break-in procedure at Robinson Helicopters on 27 July 2011 while investigating a similar crash. According to deposition testimony of Peter Riedl, who is the vice-president of engineering for Robinson Helicopters, new v-belts are more vulnerable to failure during the first 50-hours of operation.[18] Furthermore, new v-belts are stickier and more vulnerable to coming out of the grooves, especially if the sheaves are misaligned.[19] As the belts break in, they become more glazed and less likely to jump out of the groove.[20] To help prevent the failure of new v-belts inflight, Robinson developed a break-in procedure for all v-belts prior to being released to service. The machines use the same actuator as installed in an R22 helicopter to tension the belts between the two sheaves. The sheave alignment in the break-in machine was measured while the belts were in tension and it was discovered that both sheaves were parallel as opposed to misaligned as they would be in the actual helicopter. This means that each set of belts are stretched uniformly during the break in and are not subject to progressive stretching and variable loading as they would be when installed in the helicopter. The belts are also not exposed to similar operating temperatures as would be experienced by the belts when installed for use in a functioning aircraft.

In addition to the alignment inconsistency during break in, the upper or driven sheave is not loaded. It is freewheeling on a bearing unlike in the helicopter where it drives the main and tail rotor systems. This dramatically reduces the amount of load exerted on the belts on the tight side during the operation.

[18] Deposition testimony of Peter Riedl in the Holtmeier case, page 76

[19] Deposition testimony of Peter Riedl in the Holtmeier case, page 74

[20] Deposition testimony of Peter Riedl in the Holtmeier case, page 74

Robinson verified this during the deposition of the VP of Engineering.[21] The break in conditions do not represent the actual conditions on the helicopter due to the lack of loading, sheave alignment and lack of variable loading. This type of belt break in does not represent good engineering judgment and practice and does not prep the belts to be installed on an actual flying helicopter. The first time the belts are subject to conditions similar to that on the helicopter is when they are actually installed and flown.

Robinson attempted to warn their ferry pilots of these issues via a notice which indicated that if power limits are exceeded during ferry flights, failure of the drive and rotor systems may occur. This notice also noted that v-belts are especially vulnerable at high power setting and are stiff due to fact that they are not broken in yet. This notice does not mention the stickiness problem of new belts nor does it mention the misalignment issues. Robinson was aware of the problem with premature belt failure due to their improper break in and still released them into service placing the burden on the pilots. Instead of designing out the problem or breaking the belts in to an acceptable level, they put the belts on a helicopter in an unairworthy condition and put pilot's and occupant's lives at risk with nothing but a ferry notice. Robinson has since deleted this notice and refuse provide a copy in conjunction with this litigation. This shows a clean and conscious disregard for the safety of the pilots, passengers and others.

**Other Similar Incidents and Accidents:**

The Robison line of piston helicopters has a long history of documented belt failures. This is not to say that this list comprises all instances as so many of the Robinson helicopters experience post impact fire and often pilots don't live to explain what happened. The fire damage may also have prevented the NTSB or other investigators from coming to that conclusion. It is common for the belts to break during a crash sequence, so that alone may be ignored as causal during a routine investigation. The following instances are only a subset of the much larger body of Robinson belt failures:

11/01/1991 Riverside, CA (NTSB ID LAX92LA034) – R22 Beta – The helicopter lost rotor rpm and subsequently crashed due to belt drive system failure. The forward belt was split and displaced from the transmission pulley. The aft belt was found off the engine and transmission pulleys.

01/15/1994 Gurabo, PR (NTSB ID MIA94LA054) - Robinson R22 Beta, N193HC – The pilot smelled burning rubber and then pulled the clutch circuit breaker after 5 seconds of illumination. The helicopter impacted terrain due to one of the two vee-belts completely separating and 1/2 of the remaining belt separating. Only 1/2 of one belt remained.

06/08/2002 Henderson, NV (NTSB ID LAX02LA189) - Robinson R22 Beta, N7176S – The pilot smelled burning rubber and clutch light illuminated while rotor rpm was lost. The aircraft was auto rotated and impacted terrain. One of the two installed vee-belts was found broken. The second belt was intact, with the lower section of the belt found on the lower pulley in the correct position. The upper section of the belt on the upper pulley

[21] Deposition testimony of Peter Riedl in the Holtmeier case, page 218

was found shifted forward one groove on the pulley. The cause was determined to be a belt system failure.

02/18/2003 Kent, TX (NTSB ID FTW03LA099) - Robinson R22 Beta II, N54TR – The pilots were flying the new helicopter when they heard two loud thumps from the rear of the helicopter and then the clutch light illuminated and rotor rpm was lost. The engine showed evidence of an over speed greater than 110%. One of the two drive belts was missing and the remaining belt was off of the upper sheave and showed considerable damage. Failure was determined to be from drive belt separation.

05/12/2004 Winstead, MN (NTSB ID CHI04LA119) - Robinson R22, N2301F – The pilot reported that he heard a loud bang, smelled rubber, received a clutch warning light and auto rotated to a recently planted corn field. One of the belts was split between the 2 V's for approximately 1/2 of the circumference of the belt. The second belt was shredded. The cause was determined to be from a belt failure.

09/12/2007 Fort Stockton, TX (NTSB ID DFW07LA197) - Robinson R22, N993KC – The pilot heard a loud bang and felt a vibration in the pedals. He observed the engine rpm was excessively high and noticed the rotor RPM was below 80 percent accompanied by the low rotor RPM warning. One of the v-belts to the main rotor drive system had separated which caused the other belt to slip off the upper spindle. The cause was determined to be from belt drive system failure.

11/24/2007 Suffolk, VA (NTSB ID NYC08LA043) - Robinson R22, N442FA – The pilot noticed the clutch light and experienced rotor rpm loss and engine over speed. The V-drive belts appeared to have rolled off the sheaves, and the clutch actuator was engaged. The forced landing was determined to be from the V belts rolling off the drive sheaves for unknown reasons.

12/12/2007 Plant City, FL (NTSB ID NYC08LA060) - Robinson R22 Beta, N7188J - The pilot detected a "strong odor of burning rubber, a loss of power, the clutch warning light illuminated, and the helicopter yawed. The drive belts were twisted, torn, and off of their respective drive pulleys. The impact was determined to be from excessive slack and breakage of the drive belts.

06/21/2009 Del Ray Beach, FL (NTSB ID ERA09LA360) – Robinson R-22 Beta helicopter, N2306T – The student and instructor noticed the clutch light and low rotor light were illuminated during the flight and subsequent crash. The forward vee belt left black residue on the front side of the pulley and shaft. The rear vee belt was broken in two and also had breaks in the center between the two v sections. No other anomalies were noted.

07/15/2010 West Melbourne, FL (NTSB ID ERA10LA361) – Robinson R22 – The pilot reported the clutch light illuminated and the pilot felt the aircraft vibrate. A witness reported seeing a belt, approximately 4-5 feet in length, falling from the helicopter. The pilot stated that the

engine rpm went high and the rotor rpm continued to fall. The nose continued to tuck forward and he felt that the response with aft cyclic was limited or not at all there. One of the V-belts had broken with a clean break. A section of the belt was recovered away from the main wreckage, and the remaining portion was found entangled in the other V-belt's system.

Robinson, as the helicopter manufacturer and type certificate holder has a basic responsibility to review this information and develop design improvements to mitigate risk. These accidents should have put Robinson on notice that there is a safety issue with the design of the helicopter and appropriate actions should have been completed to mitigate this risk.

> *"Before issuance of SFAR No. 73 in 1995, the Robinson R-22 experienced a higher number of fatal accidents due to main rotor/airframe contact than other piston-powered helicopters. Many of these accidents were caused by low rotor revolutions per minute (RPM) or low "G" conditions that resulted in mast bumping or main rotor-airframe contact accidents."*[22]

Due to the propensity of vee-belt failures in the subject helicopter, the NTSB and other government agencies have issued reports, bulletins and other warnings. These investigations should have also put Robinson on notice that there is a serious design issue in regards to the drive system and vee-belt alignment. Robinson should have completed a root cause investigation and implemented corrective actions to mitigate these risks. In December 1992, the NTSB issued Safety Recommendation A-92-122 thru -124 relating to Robinson R22 vee-belt failures. This NTSB analysis was initiated after a pilot was forced to conduct an emergency autorotation in an R22HP helicopter due to failure of the vee-belts. In this specific incident, corrosion of the lower sheave created sharp edges in the grooves and damaged the v-belts. "The manufacturer [Robinson] has identified the factors which can lead to premature failures of the vee-belts and has issued Service Bulletin (SB) 66, dated April 19, 1991, and Service Letter (SL) 39 issued on the same date. SB 66 requires a one-time visual inspection of any wear patterns in the grooves of the lower sheave. The condition of the lower sheave is indicative of upper sheave wear patterns. If the patterns are markedly dissimilar, the manufacturer recommends immediate replacement of the belts and inspection of the sheaves as described in SL 39."

**Australian Government Civil Aviation Safety Authority - Airworthiness Bulletin 63-006,** *"This AWB has been raised in response to continuing reports of R22 main rotor drive system failures, including low time-in-service main rotor drive belt failures. Investigations into local and overseas defect reports and fatal accidents involving the Robinson R22 helicopter show a significant number of occurrences that involve catastrophic failure of the main rotor drive belts. Main drive belt failures may be attributed to a number of possible causes, which are now considered under the headings of Maintenance related considerations and Operational related considerations."*[23]

The Australian Transportation Safety Bureau also issued an extensive report relating to the reliability of the Robinson R22 helicopter belt drive system on 30 April 2013.

[22] FAA Docket No.: FAA-2002-13744, Amendment No. SFAR 73-2
[23] Australian AWB 63-006 was issued 14 August 2009

R0529

*"The ATSB's experience, together with service reports and advice from RHC, has demonstrated that the drive belts have a greater overall likelihood of failure when compared with other components in the rotor drive system. Failures have been reported to occur suddenly and without obvious warning to the pilot.*

*During the 8-year period between 2004 and 2012, there have been eight significant incidents or accidents reported to the ATSB, where failure or degradation of the vee-belts has been central to the occurrence event. In most instances, belt failure has led to a successful landing or the occasional hard landing or rollover. However, there have been two fatal R22 accidents in which the pilot has been unable to successfully manage the emergency autorotation following v-belt failure.*

*In addition to the ATSB's occurrence database, a search of the Australian Civil Aviation Safety Authority's (CASA's) service difficulty report (SDR) database was conducted to gauge the prevalence of v-belt problems reported by Australian operators. The SDR database contained a collection of reports from the Australian Robinson R22 flying and maintenance community. As plotted in Figure 6, the yearly number of reported v-belt failures rose and fell without any apparent pattern; however, a peak developed during the 2009 operating period. The failure rate has since declined since the introduction of the Revision-Z belts in March 2010."*

It is important to understand that the above statistics are based on incidents and accidents where the belt malfunction was known to the investigative party. Many times, especially where pilot, occupant or witness account is not available, a belt failure will go unnoticed. This is in part due to propensity for the

sheaves to become further misaligned in the impact sequence and due to the large number of post impact fires that have occurred in the Robinson line of helicopters.

**Alternative Belt Drive Designs:**

Belts are commonly used on piston powered helicopters as they provide a relatively light weight and simplistic method of engine to rotor engagement after start. This type of design has been around for many years and is probably most prevalent on the very similar and common Schweizer 300 series helicopter (aka the military TH-55 which was designed in the mid 1950's). The military used the TH-55 for training purposes for approximately 60 years without the adverse history of belt failures. This is because the two primary belt sheaves are in direct parallel alignment and use an idler sheave (pulley). The idler sheave allows tension to be applied to the belts while maintaining the angular alignment of the drive and driven sheaves. This is the standard in fixed drive sheave alignment and is the recommendation by the largest belt manufacture in the world, Gates Rubber Company. This is also in accordance with standard professional mechanical engineering design. The design alleviates uneven belt wear, progressive belt stretch and variable stretch on individual belts as found in the Robinson piston models. The idler pulley in the Schweizer 300/TH-55 is also spring loaded, per the Gates recommendation for automatic tensioning.[24]

**Figure 10 – Drive Belt Design in the Schweizer 300**

[24] Schweizer 300 Illustrated Parts Catalog

R0531

Another piston powered helicopter that incorporated aligned drive sheaves and an idler pulley was manufactured by Enstrom. It should be noted that the Enstrom idler is also spring loaded which alleviates the plethora of problems encountered in the Robinson system due to sheave misalignment.

Driven Sheave
Idler Pulley
Drive Sheave

**Figure 11 – Enstrom Design**

**Investigation Methodology:**

While investigating this crash, I followed the guidance and investigative techniques found in numerous widely accepted accident investigation manuals, including but not limited to the ICAO Manual of Aircraft Accident Investigation, the US Navy Aircraft Accident Investigation Handbook, the US Air Force Guide to Mishap Investigation, the US Army Accident Investigation Manual, the Canada Transportation Safety Board Investigations Manual and the University of Southern California Aircraft Accident Investigation Manual. I also relied upon my experience and education and all available information to analyze the failures and ascertain the most likely cause of this crash.

**Conclusions**

1. Mrs. Ates was a passenger in N281RG during the subject flight and had no responsibilities regarding the piloting or operation of the helicopter.

R0532

2. Mr. Christopher Yeager was qualified and properly certificated to act as pilot in command of N281RG during the subject flight that ultimately resulted in this crash.
3. Weather conditions at the time of the crash were considered and determined not to be a causal factor to this crash.
4. Analysis of the engine did not reveal any pre-impact anomalies that would have adversely affected engine power production
5. Special Federal Air Regulation (SFAR) 73 requires awareness training to be completed on a recurrent basis. The concept of issuing a training requirement to address the inherent design deficiencies in the R22 is unreasonably dangerous and doesn't represent sound engineering practice. Design deficiencies need to be addressed and corrected from the engineering level; training is not the answer.
6. Low rotor rpm in Robinson piston helicopters has been subject to numerous investigations and review of certification and can result in catastrophic flight maneuvers causing complete loss of control.
7. The Robinson R22 helicopter does not comply with FAR 27.141 in that it requires exceptional piloting skill, alertness, or strength which is the reason for the multiple FAA certification reviews and development of SFAR 73.
8. Design of the main and tail rotor drive system in the R22 causes asymmetric loading of the forward and aft v-belts.
9. The subject v-belts had accumulated approximately 26.3 hours of operations since new and Peter Riedl testified that new v-belts are more vulnerable to failure during the first 50-hours of operation. Furthermore, new v-belts are stickier and more vulnerable to coming out of the grooves, especially if the sheaves are misaligned.
10. The FTIR analysis of the lower sheave at McSwain Engineering did not reveal material transfer from the v-belts within the forward two grooves; whereas belt material was found in the aft two grooves. This indicates that the forward belt disengaged the forward grooves; this caused the clutch annunciator bulb to illuminate.
11. The clutch annunciator light bulb filament exhibited hot stretch which indicates that the bulb was illuminated at impact due to the loss of one of the drive belts.
12. Failure / disengagement of the forward v-belt resulted in a sudden loss of power being transmitted to the main and tail rotor drive systems and forced pilot Yeager to execute an emergency autorotation.
13. The condition of the belt tension actuator post-accident was consistent with the in-flight loss of the forward V-belt.
14. The location of the fire damaged belt material post-accident is consistent with the displacement of the forward V-belt prior to impact.
15. The design of the belt drive system on the R22 is intolerant to a belt failure and is not designed to properly handle belt failures in flight.

16. The design of the Robinson belt drive system is defective and unreasonably dangerous and a breach of ordinary care in aircraft design and manufacture because it uses sheave misalignment to tension the belts, contrary to belt manufacturers' design specifications and generally accepted engineering principles.

17. The design of the belt drive system is defective and unreasonably dangerous because it does not use a conventional spring loaded idler pulley.

18. Standard industry and mechanical engineering practice is to tension belts in an aligned condition often using an idler pulley.

19. The belts are loaded and stretched progressively greater moving for to aft and from the front band of each V belt to the rear. This goes against professional mechanical engineering and industry standard drive belt design.

20. Robinson helicopter has a long history of belt failure and is aware of the tendency for new belts to fail.

21. Robinson failed to warn pilots and owners of their helicopters of the dangers associated with premature belt failure and the likelihood of belt failure during high power settings.

22. Robinson failed to inform the FAA of the issues with premature belt failures in their helicopters and failed to request an Airworthiness Directive addressing the issue.

23. Robinson inadequately issued a Notice To Ferry Pilots warning them of the dangers associated with belt failures in their helicopters instead of correcting the problem and then later negligently removed that notice from service.

24. Gates Rubber Company determined that none of their belts should be used in aircraft and stopped allowing Robinson to install them in their helicopters due to the dangers in the Robinson design.

We hold these opinions to a reasonable degree of certainty in our field. We reserve the right to make changes as new information is obtained.

Sincerely,

Colin A. Sommer, P.E.

COLORADO LICENSED
COLIN ANTHONY SOMMER
43554
PROFESSIONAL ENGINEER

R0534

## Appendix 1 – Items Reviewed

1. NTSB Report and Docket
2. Photos
3. Correspondence
4. Notes
5. Maintenance records
6. Pilot Logs
7. Pilot training records
8. Discovery documents
9. Documents produced by Robinson
10. Documents produced by Joyce Ates
11. Federal Air Regulations
12. Robinson R22 Maintenance Manual
13. Robinson R22 Pilot Operating Handbook
14. Robinson R22 Illustrated Parts Catalog
15. Robinson Safety Notices, Alerts, Service Bulletins, etc.
16. FAA Type Certificate Data Sheet for airframe and engine
17. Witness statements
18. Similar accident data
19. FAA Airmen Information
20. Weather data
21. Documents produced by HSI
22. Fire Department records
23. Depositions

## Activities

1. 22 January 2014 wreckage inspection at the facilities of Air Salvage of Dallas in Lancaster, TX
2. 19 August 2014 wreckage disassembly at the facilities of Air Salvage of Dallas in Lancaster, TX
3. 17 March 2015 wreckage inspection at the facilities of McSwain Engineering in Pensacola, FL

## Appendix 2 – Curriculum Vitae

**COLIN A. SOMMER, P.E.**

CURRENT POSITION

Vice President and Aircraft Mishap and Failure Investigator with Aeroscope, Inc. Aeroscope, Inc. performs engineering services related to aviation accident analysis, forensic engineering, computer modeling, failure analysis and testing of airframes, engines, and aircraft systems. Aeroscope has investigated in excess of 1000 aircraft accidents and incidents including the well-known crashes of TWA 800, United 232, United 585, Continental 1713, USAir 427, Alaska Airlines 261, Silk MI 185, Flash Air 604, SAS SK686, Air Algerie Flight 6289, Helios 522 and the crashes that killed the former governor of Missouri and golfer Payne Stewart. Aeroscope was also hired by the State of Florida to aid the criminal prosecution resulting from the crash of Value Jet 592.

EDUCATION

- Bachelor of Science Engineering - Civil and Environmental Engineer
  Emphasis in Structural Design
  University of Michigan, Ann Arbor
  Dean's Honor List two semesters

- NTSB Academy, Washington DC, Aircraft Accident Investigator Training Program. Training included: Accident Investigation, Failure Analysis of Airframes and Engines, Mid-air Collisions, In-flight Breakups, Fault Tree Analysis, Piston and Turbine Engine Failures, Pre and Post impact Fire Analysis, Metallurgy, Pathology, Biomedics, Crash Survivability, Aircraft Performance, Impact Kinematics, Propeller Analysis, Aviation Weather, Aircraft Maintenance, and many others. (May 10, 2004)

- Southern California Safety Institute, Aircraft Accident Investigation Training Program. Training included: Investigation Methodology, Causation Theory, Wreckage Pattern Analysis, Aviation Operations, Weather, Aircraft Performance, Aircraft Maintenance, Human Factors, Crash Survivability, Structural Analysis, Fire Damage, Reciprocating and Turbine Engine Failure, Propeller Analysis, Metallurgy and Material Science, Aircraft Structure and System Design, Impact Dynamics and Kinematics, Aerodynamic Loading, Aeromedics, and many others. (October 10-21, 2005)

- Teledyne Continental Motors Aviation Technician Advanced Training Program. Training included: 40 hours of advanced factory training, with focus on General Engine Theory of Operation, Crankcase Threading, Crankshaft Component R & R, Cylinder R & R, 100-Hour/Annual Inspection Fuel Injection System Fuel Pump Adjustment, Cylinder Borescope Inspections, TCM Ignition Systems and Service Bulletin Exercises. (June 20-25, 2010)

✈FAA Ratings
Private Pilot Certificate – Single Engine Land (September 1, 2006)
Multi Engine Land (October 14, 2011)
Instrument Airplane (March 17, 2009)

✈Routine training in numerous aspects of aircraft accident reconstruction and failure analysis

✈Fundamentals of Engineering (FE) / Engineer in Training (EIT) Completed. (July 5, 2007)

✈Principles & Practice of Engineering Exam (PE) Completed (June 9, 2008)

✈Licensed Professional Engineer – State of Michigan No. 6201055608 (September 4, 2008)

✈Licensed Professional Engineer – State of Colorado No. PE-43554 (September 22, 2009)

ENGINEERING EXPERIENCE

✈I have personally investigated over 350 different aircraft accidents including:
- -Alaska Airlines Flight 261 McDonnell Douglas MD 83
- -Silk Air MI 185 Boeing 737-300
- -Oklahoma State Basketball Team King Air 200
- -Governor Mel Carnahan Cessna 335
- -Payne Stewart Learjet 35
- -Flash Air 603 Boeing 737-300
- -Air Algerie Flight 6289
- -Comair Flight 191
- -Helios Flight 522
- -Many other single and multi-engine aircraft both piston and turbine as well as helicopter

✈I have personally investigated accidents involving the following equipment types:

| | |
|---|---|
| -Aero Commander | -Beech General Aviation |
| -Aerospatiale/Eurocopter | -Beech King Air 90, 200 |
| -Airbus 310, 320 | -Beech 1900 |
| -Air Tractor | -Bellanca |
| -Allison/Rolls Royce Engines | -Bell Helicopters |
| -American Champion | -Boeing 737, 767, 777, Vertol |
| -Astra | -Bombardier Challenger, CRJ |
| -Augusta Helicopters 109, 119 | -Caterpillar Fork Lift |

R0537

-Cessna General Aviation
-Cessna Citation
-Commander Aircraft
-Cirrus Aircraft
-De Havilland
-Diamond Aircraft
-Ercoupe
-Express
-Fairchild/Swearingen
-Garrett Engines
-Grumman American
-Gulfstream
-Hawker
-Hughes Helicopters
-Kaman Helicopters
-Lancair
-Lake Aircraft
-Learjet
-MBB Helicopters
-McDonnell Douglas MD-80, DC-10
-McDonnell Douglas Helicopters
-Mitchell Wing
-Mitsubishi MU-2B
-Mooney
-Piper General Aviation
-Pilatus PC-12
-Pratt & Whitney Engines
-Precision Airmotive
-Rans
-Raytheon -Revolution Mini 500
-Rockwell OV-10
-Robinson Helicopter
-Rotax Engines
-Schweizer Helicopter
-Sikorsky S-58, S-61, S-76
-Taylorcraft
-Teledyne Continental Motors
-Textron Lycoming Engines
-Turbo Mecca Engines
-Ultralight
-Vans
-Westwind
-Zivco

PROFESSIONAL MEMBERSHIPS

✈International Society of Air Safety Investigators (ISASI)
✈Vice President Colorado/Wyoming ISASI Chapter
✈Aircraft Owners & Pilots Association (AOPA)
✈National Council of Examiners for Engineering & Surveying (NCEES) (June 26, 2009)

AREAS OF SPECIALIZATION

✈Fixed Wing Accident Reconstruction Analysis and Testing
✈Helicopter Accident Reconstruction Analysis and Testing
✈Flight Path Analysis
✈Mechanical, Pneumatic and Hydraulic Systems
✈Aircraft Performance
✈Aircraft Auto Pilot Systems
✈Aircraft Navigation Systems
✈Aircraft Design and Operation
✈Aircraft Control Systems
✈Aircraft Fuel Systems
✈Aircraft Crashworthiness
✈Helicopter and Fixed Wing Structural Design and Failure Analysis

- ✈FAA Regulations
- ✈FAA Airworthiness Directives
- ✈Vehicular Kinematic Impact Analysis and Mathematical Modeling of Crashes
- ✈Pressurization Systems
- ✈Aircraft Vacuum Systems
- ✈Carburetor Design and Operation
- ✈Rotorcraft Aerodynamics
- ✈In-Flight Break Up
- ✈Video Animation
- ✈Aircraft Systems Analysis
- ✈Fluid Mechanics
- ✈Internal combustion engine failures
- ✈Fuel Injection Systems
- ✈Turbine engine failures
- ✈Mid Air Collisions
- ✈Post Impact Fire Investigation
- ✈Aircraft Crash Survival Design
- ✈Aircraft Avionics
- ✈Aircraft Engine Vibration
- ✈Wire Strike Protection
- ✈Aircraft Stall Protection

PUBLICATIONS

✈Robb, Gary C. (2010). *Helicopter Crash Litigation*. Tucson, AZ: Lawyers & Judges Publishing Company Inc. – Technical Advisor and Contributor



## REPORT ON THE CRASH OF Robinson R-22 Beta II, N281RG, which occurred near Houston, Texas on September 10, 2012

My name is William S. Lawrence. I am a retired Colonel of the United States Marine Corps. This is my report in the case of Ates/Yeager v. Robinson Helicopter Company, Inc. and Helicopter Services, Inc. Since my retirement from the Marine Corps in 1991, I have consulted in aviation matters. I was engaged by Stevenson-Murray and The Ammons Law Firm of Houston, Texas, in the fall of 2014, to consult in the above-titled matter. This action concerns the crash of a Robinson R22 Beta II helicopter, N281RG. This crash occurred near Houston, Texas. It occurred on September 10, 2012, and resulted in the deaths of Christopher Yeager and Joyce Ates of Midwest City, OK.

I served as a Marine Corps aviator from 1966-1991, and have accumulated over 4,000 flight hours in over 120 types, models, and series of aircraft. Since 1991, I have flown both military and civilian aircraft in the pursuit of aircraft investigations to include the ownership and operation of a Beech Bonanza fixed wing aircraft. I attended the U. S. Navy Test Pilot School from 1978-1979 and served as an engineering and experimental test pilot for over 10 years. At the time of my retirement, I was the senior active test pilot in the Marine Corps and in command of all rotorcraft flight testing for the Navy, Marine Corps, and Coast Guard. By virtue of my experience and qualifications, I am an associate fellow in the Society of Experimental Test Pilots. I have extensive experience evaluating flight characteristics of helicopters, including the evaluation of both existing and experimental flight control systems. Attached are my current

CV, Rates & Fees Schedule, a list of publications authored, and a list of testimony by affidavit, deposition, and/or at trial in the past 4 years.

I was retained in the fall of 2014 to consult relative to this crash. I have been furnished with the following material related to this crash. In addition, I attended a wreckage inspection conducted at McSwain Engineering in Pensacola, FL, on 17-18 March 2015. Because of the ongoing nature of this case and investigation, I expect to receive additional material to review and may have other interaction with personnel involved in this case. I therefore reserve the right to alter this report at some later date to include additions, deletions, and/or changes to the opinions expressed herein. My compensation is dependent neither on testimony nor the outcome of this case.

**Received via CD (Materials sent 10-27-14)**

1. Photos of the scene (13 photos)
2. Aeroscope Photos taken inspection 1-22-14 (255 photos)
3. Aereoscope Inc. Photos taken inspection 8-19-14 (106 photos)
4. Harris County Institute of Forensic Sciences (Autopsy) Scene Photos (84 Photos)
5. Ibid, Scene 2 Photos (72 photos)
6. Ibid, Dental Photographs (11 photos)
7. Ibid, Dental Radiographs (36 images)
8. Ibid, Exam, (60 photos)
9. Ibid, Exam 2 (8 photos)
10. Ibid, Xrays (85 images)
11. Ibid, R-Eye (17 images and files)
12. Ibid, MEO_3853 (1 photo)
13. Deposition Subpoena to The Harris Country Institute of Forensic Sciences
14. Autopsy and Toxicology Report, re Christopher Yeager
15. Chris Yeager Training Materials (14 files and folders)
16. Deposition of Jarrod A Dannar
17. Deposition of Kiley Montgomery
18. Deposition of Isaac N. Pinson

R0541

19. Discovery Responses (4 files)
20. FAA-NTSB Inspection (3 files)
21. Local Responders (2 files)
22. Pleadings (3 files)
23. Robinson R-22 (2 PDF files)
24. Chris Pilot Log – (1 PDF file)
25. Chris Yeager Birth Certificate (1 PDF file)
26. Copy of 281RG Flight Time (1 Excel spreadsheet)

**Received via E-mail**

1. jatesfederalaviationadministration25834-1 (also received via hard copy – 9 pages)
2. NTSB Docket and Docket Items – CEN12FA621
3. McSwain Report w/enclosures 1-9
4. FAA Accident/Incident Data System Report ASW0912043
5. NTSB Preliminary Report
6. NTSB Factual Report
7. Climatological Data for Houston G. Bush Airport (4 pages)
8. Robinson-produced documents (Robinson0001-0379)

**Description of the Accident.**[1] N281RG, a Robinson R-22 Beta II, departed the Hooks Memorial Airport in Houston, Texas, about 1200. Onboard were the pilot, Christopher Yeager, and a passenger, photographer Joyce Ates. They flew in the local area until landing at the Baytown Airport in Baytown, Texas about 1425. The helicopter was serviced with 22.9 gallons of 100LL gasoline at 1429. At 1500, N281RG departed the Baytown airport and was next seen by several witnesses about 1545 maneuvering in the area over a steel pipe yard near the crash location. They were in the area to take photographs.

Witnesses described the helicopter as being at an altitude estimated from 70 – 500 feet above the ground when first seen. It was spinning around the main rotor shaft and descending slowly to the ground. The blades may have been spinning slower than normal but were not

[1] Information contained in the "Description of the Accident" is taken from the NTSB Preliminary Report, CEN12FA621.

R0542

coning. The tail rotor may not have been turning. Witnesses' statements vary on these points. No parts were seen to be coming off of the helicopter and there was no smoke.

Q. As you've described it, the spitting and the sputtering of the engine, did that include any revving of the engine that you noticed?

**A. Yes. Yes, the motor would go high, full -- like full idle, and then back down and start spitting and sputtering, and then back up to a full idle, a full speed -- or throttle, to me, you know.**

One of the local witnesses testified that the engine was missing and erratic.[2]

The descent accelerated and N281RG hit the ground upright on a heading of 190° magnetic, exploded, and burned. First responders noted the two occupants still moving in the wreckage following the crash, but they were soon consumed by the fire[3].

The following statement is taken from the full narrative of the NTSB Preliminary report: "The main fuel tank was partially consumed by fire and the rear exterior skins were bulged and slightly deformed. A puncture hole was observed in the fuel tank and also through the firewall that sat below the tank. The puncture came from the bottom up. The #2 spark plug that sat directly underneath the puncture hole exhibited damage to the top of its ignition lead. The tank's fuel cap was secure to the filler neck and the fuel finger-screen was absent of debris."

**Meterology.** The NTSB reported weather at the accident site to be clear with visibility in excess of 10.0 miles. The temperature was 31°C and winds were calm.[4]

Climatological data from the George Bush Intercontinental Airport in Houston, located some 13 miles from the crash site, showed weather at the time of the crash: skies were clear with a few scattered clouds at 20,000 feet, visibility was in excess of 10.0 miles, the temperature was 30.6°C and winds were out of 130° at 10 knots.

[2] Pinson Depo, p 20

[3] Ibid, p 32 and Inspector Glen Longnion's statement in NTSB Docket

[4] CEN12FA621

R0543



Figure 1 - Robinson R-22 Beta Exemplar Photograph

**Robinson R-22.**[5] The Robinson R-22 is a two-place light utility helicopter produced by the Robinson Helicopter Company. It was designed by Frank Robinson in 1973, received FAA certification, and has been in production since 1979. The R-22 has a very low inertia rotor system and does not incorporate a hydraulic system. Therefore, flight control inputs are controlled by push/pull rods with no hydraulic assistance. The flight controls are very sensitive and require a light touch to prevent over-controlling. Because of issues relating to flight controls and a teetering rotor system, the FAA mandated that all pilots desiring to fly Robinson R-22 helicopters receive special instruction and a special flight check, SFAR-73, unique to the Robinson helicopter.

The R-22 was designed as a light two-place, single reciprocating-engine helicopter with a semi-rigid two-blade rotor system, a two-bladed tail rotor, and it is equipped with skid-type

---

[5] Wikipedia, "R-22 Beta"

landing gear. The main rotor has a teetering hinge and two cone hinges. The tail rotor has only a teetering hinge.

Power is transmitted from the engine to the rotor system through two dual V-belts running on matching multi-groove sheaves. Figure 2 is from the Australian Transportation Safety Bureau AO-2011-060 Final Report. The upper driven sheave is mounted on the tail rotor drive shaft next to a flexible coupling and is raised and lowered relative to the engine-mounted driving sheave by means of a small electric gear motor. During shutdown, the gear motor is used to lower the top sheave to loosen the drive belts. For startup, the engine is started with the belts loose, allowing the engine to run without spinning the rotor system. Immediately after engine start, the clutch switch located in the cockpit is closed by the pilot, powering the gear motor to slowly move the top sheave up to flight position, which tightens the belts. The gear motor is thereafter controlled by a pressure-sensing switch, automatically maintaining proper belt tension during flight as the belts warm up and stretch. A caution light illuminates whenever the actuator is operating, either engaging, disengaging, or retensioning the belts. The light stays on until the belts are tensioned or completely disengaged. Safety Notice 28 contains the following notation: "It is normal for the clutch light to occasionally come on while in flight for a short time … usually not more than 3 or 4 seconds … to retension the belts. However, if the clutch light flickers or stays on for a longer time than usual … immediately pull the CLUTCH circuit breaker … and make a normal power-on landing."[6] The operating handbook says to pull the CLUTCH circuit breaker if the light

Figure 2 - R-22 Drive System

[6] SN-28

R0545

comes on in flight and does not go out within 7 or 8 seconds.[7] The tail rotor drive shaft is also driven by the main transmission; the semi-conical gear box delivers power to the main rotor shaft through a pair of splash-lubricated spiral bevel gears.

It is worthwhile to note that, when the sheaves are relaxed, they are parallel. When the clutch is engaged and the upper sheave is driven to expand, it does so via a hinge point on the forward end of the sheave. Therefore, the further the sheave is driven, the greater the angle of incidence between the upper and lower sheaves. This results in unequal tension on the two belts with the aft belt having the greater tension. And, to a lesser extent, each individual belt has unequal tension increasing from forward to aft.

A sprag clutch is built into the center of the top sheave to allow the rotor system to continue to rotate in the event of engine failure, allowing the R22 to enter autorotation and land in a controlled manner. Because the main rotor has very little mass and inertia, autorotation in an R22 requires careful and proper execution to assure a successful outcome.

The R22 is powered by a horizontally mounted Lycoming O-320 (O-360-J2A on the Beta II), four-cylinder, air-cooled, normally aspirated, carburetor-equipped piston engine. It is fueled with 100LL grade aviation gasoline. Cooling is provided through a direct drive squirrel-cage cooling fan.

**Helicopter Services Incorporated R-22 Beta II, N281RG.** N281RG, Serial Number 4250, was was manufactured by the Robinson Helicopter Company in 2007. It was powered by a Lycoming IO-360-J2A engine, serial number L-40494-36A, rated at 145 horsepower. The engine had a total time of 2,200 hours with 24 hours since overhaul. It was registered to Helicopter Services Inc, 19931 Steubner Airline Road, Spring, TX.

N281RG was maintained in accordance with the Manufacturer's Inspection Program. The last inspection had been completed on August 31, 2012, with a total airframe time of 2,004 hours.[8] At the time of the crash, the NTSB noted a total airframe time of 2,028 hours.[9]

---

[7] Robinson R22 Pilot's Operating Handbook

R0546

**Christopher J. Yeager.** Chris Yeager was born December 30, 1971. He was 40 years old at the time of his death. He received his private pilot's certificate #3440977 on October 6, 2009. Commercial rotorcraft privileges were added on October 29, 2011. His last flight review had been successfully conducted in a Robinson R-22 on July 26, 2011. He had completed the required SFAR-73 training. At the time of his death, he had accumulated a total of 757 flight hours with 619 hours in the R-22. He had 40.0 flight hours in the last 30 days and 132.7 in the last 90 days. He had a current first class medical certificate issued December 16, 2011.

**Joyce A. Ates.** Joyce Ates was a freelance photographer who specialized in aerial photography of businesses. She and her husband would print and sell the prints to the businesses involved. Ms. Ates was born August 17, 1942 and lived in Midwest City, OK. She had been shooting aerial pictures for about 15 years and Ates' family commented to a local news source that she loved to be in the air. She even owned and operated her own glider. A wife, mother, and grandmother, Joyce Ates was 60 years old at the time of her tragic death.

Ms. Ates was a passenger in N281RG. She had no crew responsibilities and therefore I have been given no material to indicate that action or inaction on her part was connected in any way with the crash.

**Helicopter Services, Incorporated.** Helicopter Services, Inc. owned and operated N281RG under a Part 135 (on demand air taxi) certificate. The accident flight on September 10, 2012, was conducted under Part 91 regulations.[10]

Maintenance procedures were investigated by the NTSB. Additionally, the mechanic that had most recently worked on N281RG was drug-tested. Results for alcohol and drugs came back negative for Benito Perez as the result of tests conducted on the day after the crash, September 11, 2012.[11]

**Power Loss in the Robinson R-22 Helicopter.** Characteristics unique to the R-22 affect the ability of the aircrew to conduct a successful landing in the event of a power loss.

---

[8] Data relating to N281RG is taken from the NTSB Factual Report Aviation
[9] Jatesfederalaviationadministration25834-1
[10] NTSB Docket
[11] Yeager 000344, 000345, 000407, 000408

R0547

1. Rotor Inertia. Rotational system decay is directly proportional to applied torque and inversely proportional to the moment of inertia (Newton's second law applied to rotation). Moment of inertia is determined by the weight of the system and radial distribution of the weight:

$$I = \sum mr^2$$

Designers control this parameter, the result being either a high or low inertia rotor. To minimize rotor RPM decay during a power loss, a high inertia rotor is preferred.[12] The Robinson R-22 series has among the lowest inertia rotor systems in the helicopter industry. A Robinson factory trained instructor, who has testified for Robinson in aviation litigation, has written that a pilot has 1.6 seconds to lower the collective and regain lost rotor RPM before the ability to control the aircraft is lost.[13]

The Robinson Helicopter Company has acknowledged this by the incorporation of three safety notices in the Pilot's Operating Manual. Two of these notices address low rotor RPM stall.[14] The third warns instructors against unannounced throttle chops.[15] Surprise throttle chops will result in a precipitous rotor RPM decay if the student does not immediately reduce the collective.

2. Indications of rotor RPM loss. All helicopters incorporate a sprag clutch in the main transmission. It resembles a roller bearing, but instead of cylindrical rollers, non-revolving asymmetric figure-eight shaped sprags are used. When the unit rotates in one direction the rollers slip or free-wheel, but when a torque is applied in the opposite direction, the rollers tilt slightly, producing a wedging action and binding because of friction. The sprag clutch allows power to be transferred to the main rotor, but allows the rotor to freewheel in the event of a power failure. In most helicopter drive trains, a power loss associated with an engine malfunction results in an instantaneous rotor RPM loss easily recognizable by the aircrew.

---

[12] George. H. Sanders, *Dynamics of Helicopter Flight* (New York: John Wiley & Sons, Inc. 1975), p197
[13] Philip.greenspun.com/flying/robinson-r22
[14] SN-10 and SN-24
[15] SN-27

R0548

In the Robinson R-22, however, between the main transmission and the rotor is the sheave mechanism described above. Therefore, with a properly-operating engine producing power, a loss of tension in the sheave system will result in rotor RPM degradation in a non-linear gradual process rather than an easily-recognizable instantaneous loss. The sprag clutch will slip intermittently, and indications of rotor RPM loss will be inconsistent. With the loss of one of the dual V-belts, tension is reduced and the belts begin to slip, resulting in a gradual rotor RPM loss. The actuator senses the loss of tension and tries to expand to retension the belts, but the time required to retension the belts is greater than the time available before helicopter control is lost. The aircrew has difficulty identifying the loss of tension as an emergency requiring immediate action because of its confusing characteristics. As previously noted, the Robinson Operating Manual tells the pilot that it is common for the CLUTCH light to illuminate periodically during flight.

3. Operational Considerations Following the Loss of a Vee-Belt. The catastrophic loss of power in a helicopter almost invariably results in the immediate loss of rotor RPM, loss of engine RPM, warning lights and/or audio, and the physical reaction of the helicopter, usually a yaw perhaps accompanied by a nose tuck. Even in the case of a drive shaft failure, the loss of rotor RPM, warning lights and/or audio, and physical reaction serve to alert the pilot to take immediate action. Experienced helicopter pilots are "spring-loaded" to take the appropriate action.

Those rare crashes preceded by a partial power loss with unusual characteristics are those most likely to lead to confusion and ultimate disaster[16].

The loss of a V-belt in a Robinson helicopter will present the pilot with an unexpected and confusing scenario. There is nothing in the operating manual or the factory training to prepare any pilot for this scenario. There is no information in the manual that addresses belt failure procedures.

---

[16] I have investigated many power losses, and, in the course of my career as a test pilot, failed innumerable engines in flight to investigate the characteristics of power loss.

When the belt fails, tension will be insufficient to provide normal drive power to the upper sheave. The CLUTCH light will illuminate and rotor RPM will begin to deteriorate. The following Note appears in the Robinson R-22 Pilot's Operating Handbook.

*"The clutch light may come on momentarily during run-up or during flight to retension the belts as they warm-up and stretch slightly. This is normal. If, however, the light flickers or comes on in flight and does not go out within 7 or 8 seconds, pull the CLUTCH circuit breaker, reduce power, and land immediately. Be prepared to enter autorotation. Inspect drive system for a possible malfunction.*"[17]

Since the pilot is unaware of what has occurred, he or she will be faced with the dilemma of whether to turn the CLUTCH off to avoid the possibility of over-tensioning the belts. That action would unknowingly result in the continuing deterioration of rotor RPM.

The pilot is in the position of being confronted by an emergency about which there is no information, and for which there is no warning, there is no training, and there are no procedures.

It should be noted that the NTSB found that the CLUTCH light, examined in their laboratories, exhibited "hot coil stretching", indicating that the bulb was illuminated at the time of the crash.[18]

**Robinson Helicopter Corporation Corporate Knowledge and Procedures.** The Robinson Helicopter Corporation representative testified that Robinson has a duty to sell only products that have been properly designed, constructed, tested, and that are safe and reliable. Further, they have a responsibility to warn customers using their products of any known danger involving that product. And further, Robinson has a responsibility to determine the root cause and corrective action of any component part failure.[19]

However, based on my knowledge and experience, it must be noted that the Robinson Helicopter Company is unique among aircraft manufacturers, and perhaps in the manufacturing

---

[17] Robinson R22 Pilot's Operating Handbook, p 3-9
[18] NTSB Materials Laboratory Factual Report
[19] Riedl depo in Long/Holtmeier v Robinson, pp 11-18

industry. Unlike other aircraft manufacturers, Robinson does not retain records unless mandated by the government. They do not retain accident investigations, do not retain feedback from service centers, and do not retain any documentation of crashes. They do not have or maintain any database of malfunctions or failures.[20] Robinson does not have a safety committee.[21] Robinson has never done an accident reconstruction.[22] The Robinson "Accident Investigator" has testified that he did not know what "failure modes and effects analysis" is.[23] In fact, Robinson does not try to find a cause for the crash of one of their helicopters.[24] Robinson does not draw conclusions, and does not consider that it is their responsibility to find out why their helicopters crash.[25] Actually, Robinson does not conduct an accident investigation, despite sending individuals titled as "Accident Investigators" to the crash site. Robinson simply compiles factual data with no comment, analysis, conclusion, or recommendation, and, when allowed, throws the data away. In another case, Long/Holtmeier v Robinson, a ferry agreement was produced by the Robinson Helicopter Company. When asked about that agreement in this case, Robinson representatives stated that they no longer had any copy of this agreement. They did not use the agreement any longer and had thrown away all copies.

**Robinson's "Experience" with Vee-Belts.** Robinson representatives were deposed in the matter of Long-Holtmeier v Robinson. Those representatives included the head of Engineering, Peter Riedl, both "Accident Investigators" Ken Martin and Thom Webster, and a Robinson test pilot, Jack Fleming. Testimony related to the vee-belt-driven sheave system is germane in this matter.

First, Robinson's test pilot testified that he had "never heard of a vee belt rolling off the sheave ... or breaking".[26] A Robinson "Accident Investigator" testified that he had "never heard of a problem with vee-belts breaking ... off tracking ... coming off sheaves ... becoming

---

[20] Riedl depo in Long/Holtmeier v Robinson, p 157ff
[21] Riedl depo in Long/Holtmeier v Robinson, p 223
[22] Webster depo in Long/Holtmeier v Robinson, p 20
[23] Martin depo in Long/Holtmeier v Robinson, p 17
[24] Webster depo in Long/Holtmeier v Robinson, p 70
[25] Webster depo in Long/Holtmeier v Robinson, p 77, Martin depo in Long/Holtmeier v Robinson, p 35
[26] Fleming depo in Long/Holtmeier v Robinson, p 30

R0551

misaligned … over stretching…."[27] despite the fact that he had already previously testified to known failures.[28] However, the head of Robinson Engineering testified that "Robinson knows of belts that have failed in service"[29] and, in fact, testified about such failures.[30] It is also noted that, at that time, each ferry pilot was required to sign a "Ferry Pilot Notice – Helicopter Limitations", which states, in part, "New V-belts are especially vulnerable at high power settings as they are still quite stiff and not yet broken in".[31]

On January 18, 2005, Robinson conducted a belt removal tiedown test as the result of a crash in Canada in which the vee-belts were involved.[32] It is noted that there was apparently no test plan, no data cards, no recorded data, no analysis, and no recommendation.

Jack Fleming, the "test pilot", didn't know the purpose of the test, didn't know what he was supposed to do until he got there, didn't know what kind of engine was in the helicopter, didn't know the results of the test, has never done anything like it since, and doesn't know of any other similar tests ever conducted.[33]

Ken Martin, the engineer, testified as to conduct of the test. This test was performed "in conjunction to an accident in Canada where there was some black rubbery material on two of the forward sheave grooves, four of the forward sheave grooves … an attempt to try to figure out what could have caused that".[34]

The test did not replicate conditions that would exist in a catastrophic belt failure or off-tracking. In the event of a catastrophic belt failure, the actuator would require at least 15 seconds to retension, and since that would exceed the allowable time limit, the pilot would be required by the operating manual to turn off the clutch.[35] It is unknown how much retensioning would be required to reach the desired range. It is also unknown what effect a missing belt would have on

---

[27] Martin depo in Long/Holtmeier v Robinson, p 53
[28] Martin depo in Long/Holtmeier v Robinson, p 32-33
[29] Riedl depo in Long/Holtmeier v Robinson, p 77
[30] Riedl depo in Long/Holtmeier v Robinson, p 176
[31] This quote is taken from the Robison ferry agreement, produced in Long/Holtmeier v Robinson as RHC-00026
[32] Martin depo in Long/Holtmeier v Robinson, p 29
[33] Fleming depo, p 34ff
[34] Martin depo in Long/Holtmeier v Robinson , p 29
[35] Martin depo in Long/Holtmeier v Robinson , p 68

R0552

operating RPM. It is unknown to Robinson what effect losing a belt would have on instantaneous drive dynamics. There is simply no data to substantiate the impact of a catastrophic belt failure. However, it will certainly result in a loss of friction available to transfer power from the lower powered sheave through the belts to the upper sheave.

**Opinions.** Based on my consultation with others involved in this litigation, my background, training, and experience, and the review of the various materials received, I have formed certain opinions that I expect to present in court. The opinions contained in this report are certain to a high degree and completely and accurately set forth the opinions I have developed in the course of my consultation in this case. However, as stated in the beginning, these opinions may change as the result of future work performed on this crash.

It is my opinion that:

1. Christopher Yeager was properly trained and qualified to serve as the aircraft commander of N281RG on September 12, 2010. *The NTSB Factual Report clearly details the qualifications Mr. Yeager without question. My training and experience leads me to believe there is no question related to the qualifications and abilities of Mr. Yeager. Their signatures on the Ferry Pilot Briefing forms and the release of N41411 indicate that Robinson accepted their qualifications and abilities.*
2. Joyce Ates was a passenger in N281RG, had no aviation-related responsibilities during the flight, and bears no fault in the crash of the helicopter. *Ms. Ates was a professional photographer who was airborne for the purpose of conducting her business. The NTSB did not suggest that she bore any responsibility for the conduct of the flight, and there is no indication that she manipulated the flight controls at any time.*
3. Weather and conduct of operations were not causal factors in the crash of N281RG. *These aspects of the investigation were adequately addressed by the NTSB to the degree that there is no indication that neither of these areas were causal factors.*
4. Based on the evidence in this case, one of the two double-vee belts connecting the upper and lower sheaves failed in flight, causing a loss of main rotor RPM. *I have not been asked to investigate the mode of power loss. Aeroscope, Inc. of Denver, CO has investigated the power loss. In my conversations with their representative, I have been*

R0553

*told that their report will state that a main rotor RPM loss was caused by the in-flight failure of one of the double-vee belts connecting the sheaves. My opinion that one of the two vee-belts failed is based on the Aeroscope analysis and opinion. That opinion is substantiated by my attendance at the wreckage inspection in March, 2015, during which I observed evidence that one of the two vee-belts had failed during flight.*

5. Following loss of the rotor RPM, Yeager found himself in a catastrophic environment for which he had not been trained and about which he had no information, warnings, or procedures. *The Robinson Helicopter Company has provided its customers with minimal information in multiple areas. Although Robinson's corporate representatives acknowledge belt failures and other malfunctions, they have chosen to ignore the subject in their training and manuals.*
6. With low rotor inertia, Yeager had even less time to react, and whatever emergency procedures he attempted to employ were unsuccessful in preventing the crash of N281RG and the tragic results. *With no understanding of what had transpired, and no knowledge, information, training, or procedures from Robinson to employ, Yeager was helpless in preventing the crash.*
7. The Robinson Helicopter Company acted with clear and conscious indifference to these pilots and the public in that they had corporate knowledge of actual vee-belt failures and other vee-belt malfunctions, yet never conducted testing or training related to any vee-belt malfunction and included no information in the operating handbook related to vee-belt malfunctions. *Robinson corporate representatives have testified that they had prior knowledge of vee-belt failures and other malfunctions. They also have testified that they never conducted tests related to vee-belt failures. It is also clear that they never conducted testing intended to investigate relevant vee-belt malfunctions that they knew to have occurred in their products. Further, any mention of vee-belt failure or malfunction is notably absent in the pilot's operating handbook. Robinson knowledge related to malfunctions of the vee-belts is also indicated by their statements in the ferry agreement that they claim to no longer possess. I have seen and relied on this document in other Robinson litigation matters and have quoted from that document in the body of this report.*

R0554

8. The Robinson Helicopter Company acted with clear and conscious indifference to these pilots and the public in their failure to warn of dangers that the company knew to exist about its products. *Robinson corporate representatives have testified that they know of vee-belt failures and other malfunctions. But there is no information given to pilots during training concerning vee-belt malfunctions. There is no information in the pilot's operating handbook related to vee-belt malfunctions. There are no emergency procedures related to vee-belt malfunctions. Further, there are no tests or failure modes and effects analysis on how vee belt failures will manifest themselves.*
9. The Robinson Helicopter Company has acted with clear negligence and a conscious disregard of safety in their indifference to known failures in the vee-belt-driven sheave system that provides power to the main rotor system. *Robinson representatives have testified that they know of belt failures. Their testimony related to belt testing shows a clear lack of concern, lack of documentation, lack of appropriate testing, and lack of warning related to this phenomenon. Their failure to warn Robinson operators of the R22 and R44 continues despite clear and convincing evidence that failures have and continue to occur.*

W. S. Lawrence

August 4, 2015

CAUSE NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates and Nathan M. Ates | § | IN THE DISTRICT COURT OF |
| V. | § | HARRIS COUNTY, TEXAS |
| ROBINSON HELICOPTER COMPANY, INC., HELICOPTER SERVICES, INC. and the Estate of CHRISTOPHER YEAGER | § | 11th JUDICIAL DISTRICT |

PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION TO
ROBINSON HELICOPTER COMPANY, INC.

TO: ROBINSON HELICOPTER COMPANY, by and through its counsel of record, Tim Goetz, Robinson Helicopter Company, 2901 Airport Drive, Torrance, California 90505 and George Andrew Coats, COATS & EVANS, P.C., P.O. Box 130246, The Woodlands, Texas 77393-0246

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs serve this Third Request for Production to Defendant, Robinson Helicopter Company, Inc., by service upon its counsel of record.

Plaintiffs request that Defendant produce for inspection, copying, and reproduction the documents and tangible things hereinafter designated. Plaintiffs request that the documents be produced in the offices of Stevenson & Murray, 24 Greenway Plaza, Suite 750, Houston, Texas, 77046, in accordance with the time periods and in the manner dictated by Rule 196.

You are further requested to supplement your response to this Request for Production as required by the Texas Rules of Civil Procedure. If Defendant contends any documents are privileged, or not subject to discovery, a privilege log is requested.

Respectfully submitted,

**STEVENSON & MURRAY**

By: ______________________
**MARK T. MURRAY**
State Bar No. 14724810
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Ph:(713) 622-3223 Fax (713) 622-3224

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel on this the 17th day of August 2015, pursuant to the Texas Rules of Civil Procedure, via email, U.S. Mail, or facsimile:

DON SWAIM
Cunningham Swaim, LLP
7557 Rambler Road, Suite 440
Dallas, Texas 75231

George Andrew Coats
Gary Linn Evans
COATS & EVANS, P.C.
P.O. Box 130246
The Woodlands, Texas 77393-0246

______________________
Mark T. Murray

## TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiffs set forth the following definitions or abbreviations of various words and phrases which are contained in the following requests for production. Plaintiffs provide the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., to help the Defendant fully and accurately understand the objectives of the Plaintiffs' discovery efforts to locate and furnish the relevant information and documents.

A. "You" or "your" or "yours" refers to this Defendant (see "B"), and its attorney;

B. "DEFENDANT" shall be deemed to refer to Defendant, ROBINSON HELICOPTER COMPANY, INC. and any department, division, office, agency or corporate affiliate, including those in the United States of America and in any other country. The term also includes any director, officer, agent, attorney, employee, person, firm, or corporation acting on behalf of "DEFENDANT" now or at any time relating to "your" response to attached requests for production;

C. "Defendant" means this defendant and also all representatives acting or purporting to act on behalf of Defendant with respect to any matter inquired about in these requests for production, including, but not limited to, all such employees, attorneys, consultants, sureties, indemnifier, insurers, or agents.

D. "Robinson" means Robinson Helicopter Company, Inc.

E. "HSI" means Helicopter Services, Inc.

F. "Incident" means any malfunction, breakdown, and/or failure.

G. "This crash" means the September 10, 2012 crash in which the subject Robinson R22 model was involved, and in which Joyce A. Ates died.

H. "Crash" means to collapse, fall, fail and/or land in an abnormal manner;

I. "Settlement" means the terms of agreement reached between you and a disputing party in which there was a claim against you as a result of an incident involving a Robinson helicopter model.

J. "Investigation"and/or "Root Cause Analysis" means all acts undertaken in searching, inquiring, discovering, ascertaining and examining facts related to an event.

K. "Safety Committee" means all persons volunteering, appointed to and otherwise involved with consideration of events, facts and circumstances related to identification and control of hazards and prevention of helicopter failures.

L. "*Long/Holtmeier*" when used in this document means the litigation filed by Kimberly Long and Ronald Long and/or Wayne M. Holtmeier, Sr. against Robinson Helicopter Company, Inc., bearing civil action numbers 6:09cv03283 and 6:09cv03311, respectively.

## REQUESTS FOR PRODUCTION

**PLEASE PRODUCE THE FOLLOWING:**

1. Produce the deposition of Peter Riedl taken in the *Long/Holtmeier* litigation.

RESPONSE:

2. Produce the deposition of Aschenbrenner taken in the *Long/Holtmeier* litigation.

RESPONSE:

3. Produce the deposition of Kurt Robinson taken in the *Long/Holtmeier* litigation.

RESPONSE:

4. Produce the Thomas Webster deposition taken in the *Long/Holtmeier* litigation.

RESPONSE:

5. Produce the Kenneth Martin deposition from the *Long/Holtmeier* litigation.

RESPONSE:

6. Produce the Jack Fleming deposition from the *Long/Holtmeier* litigation.

RESPONSE:

7. Produce the Jarrod Dannar deposition taken June 25, 2014 in the *Yeager v. Robinson, et al* litigation.

RESPONSE:

8. Produce the Isaac Pinson deposition taken June 26, 2014 in the *Yeager v. Robinson, et al* litigation.

RESPONSE:

9. Produce the Kylie Montgomery deposition taken June 25, 2014 in the *Yeager v. Robinson*, et al litigation.

RESPONSE:

10. Produce all investigations conducted by Thomas Webster into R-22 crashes, including but not limited to personal injuries and fatalities, which were performed on behalf of or at the request of Robinson Helicopter Company, Inc. during the last 15 years.

RESPONSE:

11. Produce all Robinson Helicopter Company, Inc. prepared safety presentations including Power Points, DVDs, videos, films, memoranda, warnings and/or analyses of R-22 crashes during the past fifteen years.

RESPONSE:

12. Produce any and all video clips or files obtained and/or maintained by Robinson Helicopter Company, Inc. which depict R-22 crashes.

RESPONSE:

13. Produce any and all documents and/or data which evidences or reflects calculations regarding causes of R-22 crashes including all data utilized by Robinson Helicopter Company, Inc. in its safety awareness DVD presentations regarding R-22 helicopters and R-44 helicopters, including low RPM rotor stall.

RESPONSE:

14. Produce any and all documents and/or data obtained by Robinson Helicopter Company, Inc. which supports its contention that low rpm rotor stall can occur at any air speed.

RESPONSE:

15. Produce any and all documents and/or data which evidence and/or reflect Robinson's contention that low RPM rotor stall has occurred when a pilot has rolled the throttle the wrong direction.

RESPONSE:

16. Produce any and all documents and/or data which Robinson Helicopter Company, Inc. maintains support its contention that R-22 helicopter pilots have induced low RPM rotor stall by over pitching the collective.

RESPONSE:

17. Produce all documents and/or data prepared by or for Robinson Helicopter Company, Inc. and forwarded to helicopter flight instructors, to address the fatal accident rate per 100,000 hours in the Robinson R-22 helicopter, from 1982 to the present.

RESPONSE:

18. Produce all documents and/or data which evidence or reflect Robinson's contention that the R-22 should maintain a minimum air speed of 60 knots at all times.

RESPONSE:

19. Produce any and all documents and/or data which evidence or reflect air speed necessary in order to perform successful auto rotation in a Robinson R-22 helicopter.

RESPONSE:

20. Produce any and all expert reports prepared by Consulair, Inc. and/or Col. William Lawrence, concerning a Robinson R-22 and/or a Robinson R-44 helicopter during the last 15 years.

RESPONSE:

21. Produce any and all expert reports obtained by Robinson Helicopter Company, Inc. and prepared by McSwain Engineering, Inc., related to or concerning a Robinson R-22 and/or Robinson R-44 helicopter during the last fifteen years.

RESPONSE:

22. Produce any and all expert reports prepared by Aeroscope, Inc. and/or Colin A. Sommer, concerning a Robinson R-22 and/or a Robinson R-44 helicopter during the last fifteen years.

RESPONSE:

23. Produce any and all depositions obtained or in the possession of Robinson Helicopter Company, Inc. concerning testimony of any of Plaintiffs' designated experts in this litigation.

RESPONSE:

**CAUSE NO. 2014-34635**

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| ROBINSON HELICOPTER COMPANY, INC.; HELICOPTER SERVICES, INC.; and the Estate of CHRISTOPHER YEAGER, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**ROBINSON HELICOPTER COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION AND REQUEST FOR RULING ON DEFENDANT'S OBJECTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Robinson Helicopter Company, Inc. ("Robinson" and/or "Defendant") and files this, its Response to Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Requests for Production and Request for Ruling on Defendant's Objections, and in support thereof respectfully shows the Court the following:

## I.
## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

Plaintiffs, Nathan S. Ates, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; Sonia Ates; and Nathan M. Ates (collectively "Ates" and/or "Plaintiffs"), served written discovery on Robinson concurrently with filing the present lawsuit. Robinson timely provided its objections and responses to Plaintiffs' discovery requests on September 30, 2014. Nearly six months later, Plaintiffs filed a motion to compel, misrepresenting to the Court that the parties had conferred prior to its filing. Plaintiffs' motion

included a request to compel Robinson to produce evidence of its net worth. After subsequently conferring, Robinson offered to produce many responsive documents (although not evidence of its net worth) subject to a protective order, but Plaintiff would not agree to the protective order proposed by Robinson and re-set its motion to compel for hearing.

The parties appeared before the Court regarding Plaintiffs' motion to compel on May 11, 2015. During the hearing, all arguments on Robinson's objections were passed and not presented to the Court. Despite the fact that no arguments were presented to the Court and Plaintiffs' request for a ruling on Robinson's objections was passed at the hearing, Plaintiffs' filed a proposed order attempting to obtain a ruling on Robinson's objections to Plaintiffs' First Requests for Production.

On July 3, 2015, Robinson filed its objections to the entry of any order sustaining and/or overruling Robinson's objections to Plaintiffs' First Requests for Production prior to the presentation of all arguments relating to said objections to the Court for consideration. A copy of Robinson's objection is attached hereto as Exhibit "A". Since the May, 2015 hearing, Robinson has produced a significant number of documents and served its Amended Objections and Responses to Plaintiffs' First Set of Requests for Production on July 24, 2015. A copy of Robinson's Amended Objections and Responses is attached hereto as Exhibit "B".

## II.
## PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION

Plaintiffs' motion summarily states that Robinson has not responded adequately to its discovery requests, and seeks to compel production. However, Robinson's responses were complete and asserted reasonable objections where necessary. Robinson has produced the non-proprietary responsive documents which could be identified based on the requests it was served. Robinson's responses further directed Plaintiffs to documents which were publicly available, and

stated clearly what documents are not within its possession and/or control.

Plaintiffs' discovery requests are not aimed at finding information which supports or is related to their theory as to the cause of the helicopter crash the subject of this suit. Rather, Plaintiff does not have a theory of what caused the helicopter to crash. By Plaintiffs' own admission, the purpose of their overly broad and inappropriate requests is to "establish a theory about the accident." This constitutes an improper fishing expedition prohibited by the Texas Rules of Civil Procedure and the Supreme Court of Texas.

In addition to these responses, due to the vastly overbroad nature of many of the requests, Robinson notified Plaintiffs where a response required a clarification so that Robinson could ascertain what documents were being requested. Plaintiffs did not respond to these requests. A copy of Robinson's Objections and Responses to Plaintiffs' Second Requests for Production is attached hereto as Exhibit "C".

Robinson has adequately responded to Plaintiffs' discovery requests. Additionally, Robinson has produced information that was produced in the *Yeager* case, which is a now-resolved matter which arose out of the same helicopter accident. Plaintiffs were never a party to that case, the cases were filed at vastly different times, and were never deemed related or consolidated, yet, Robinson has produced said documents in the spirit of cooperation in the discovery process, despite never being served with any discovery requests seeking these documents to which Robinson could respond.

## III.
## ARGUMENT AND AUTHORITIES

Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution. *In re American Optical*, 988 S.W.2d 711, 713, (Tex. 1998); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). Thus, discovery

requests must be "reasonably tailored" to include only relevant matters. *Id*. Discovery may be limited by the legitimate concerns of the producing party of avoiding harassment, disclosure of privileged information, or overly broad requests. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984), overruled on other grounds sub nom; *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992). The trial court has great discretion in determining whether the discovery request involves unnecessary harassment or invasion of personal or property rights. *Lunsford*, 746 S.W.2d at 473; *Kern v. Gleason*, 840 S.W.2d 730, 736 (Tex. App.—Amarillo 1992, orig. proceeding).

The rules of procedure provide that the scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought appears "reasonably calculated to lead to the discovery of admissible evidence." Tex. R. Civ. P. 192.3(a); *see also In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). (orig. proceeding). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401.

"Generally, the scope of discovery is within the trial court's discretion," but "the trial court must make an effort to impose reasonable discovery limits." *In re CSX Corp.*, 124 S.W.3d at 152. Thus, because discovery may not be used as a fishing expedition, discovery requests must be reasonably tailored to include only matters relevant to the case. *In re CSX Corp.*, 124 S.W.3d at 152; *In re Am. Optical Corp.*, 988 S.W.2d at 713. A reasonably tailored discovery request is not overbroad merely because it may include some information of doubtful relevance, and "parties must have some latitude in fashioning proper discovery requests." *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995).

Texas Rule of Civil Procedure 193 provides that a party objecting to discovery must state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply. Tex. R. Civ. P. 193.1(a). Moreover, a party is required to object to discovery "if a good faith factual and legal basis for the objection exists at the time the objection is made." Tex. R. Civ. P. 193.1(c). The objections raised by Robinson are thoughtful, thorough, and in accordance with the Texas Rules of Civil Procedure. Accordingly, Robinson's objections to Plaintiffs' discovery requests should be sustained.

**Robinson's Objections to Plaintiffs' Second Requests for Production**[1]

Plaintiffs' requests for production are not reasonably limited in time and/or scope and are thus, overly broad. While many of Plaintiffs' requests do not contain any limitation as to time or scope, the ones that attempt a temporal limitation seek information covering the last twelve years, which is beyond the scope of information relevant to the current proceedings and are not reasonably calculated to lead to the discovery of admissible evidence. Indeed, a discovery order "requiring document production from an unreasonably long time period" is "impermissibly overbroad." *In re Dana Corp*., 138 S.W.3d at 301 (quoting *In re CSX Corp*., 124 S.W.3d at 152).

Additionally, Plaintiffs' requests are not reasonably tailored in time or scope and are unduly burdensome. For example, Request No. 1 seeks "all documents, correspondence, and communications (including emails) pertaining to each and every investigation of a Robinson R22 helicopter that you have ever been a part of during the last twelve years." As written, the request seeks production of every single document relating to any helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the

[1] A true and correct copy of Robinson's objections to Plaintiffs' Second Requests for Production is attached hereto as Exhibit "C" and incorporated herein. Robinson's objections provide a thorough explanation of the objections raised to Plaintiffs' discovery requests.

same or similar issues to the present case, or are factually similar to the present case. The majority of Plaintiffs' requests are similarly overbroad, burdensome, and have no connection to the present case.

Plaintiffs broadly contend that "evidence of incidents involving other products besides the exact model at issue ***can be*** admissible, and therefore, obviously discoverable." [emphasis added]. However, what Plaintiffs' argument fails to demonstrate is that the discoverability of incidents involving other products is not unlimited. Indeed, the Supreme Court has limited discovery in several product-liability cases when a discovery order covered products "the plaintiff never used." *In re Graco Children's Prods.*, 210 S.W.3d 598, 600-01 (Tex. 2006) (orig. proceeding); *see In re Alford Chevrolet-Geo*, 997 S.W.2d at 180 n.1 (providing that a request was overly broad when it sought information on a product different from the allegedly defective product at issue); *In re Am. Optical Corp.*, 988 S.W.2d at 713 (reversing a discovery order regarding respiratory equipment the plaintiffs never alleged they used); Texaco, Inc., 898 S.W.2d at 814 (reversing a discovery order regarding substances to which the plaintiffs never alleged exposure); *Gen. Motors Corp. v. Lawrence*, 651 S.W.2d 732, 734 (Tex. 1983) (reversing a discovery order regarding vehicles without the fuel filler-neck that was allegedly defective).

"A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information . . . ." *See In re CSX Corp.*, 124 S.W.3d at 153. Plaintiffs' requests are not reasonably tailored to any relevant product defect, and thus, are impermissibly overbroad. *See In re Graco Children's Prods.*, 210 S.W.3d at 601. Rule 196 requires that a request for production "must specify the items to be produced or inspected, either by individual item or by category, and describe with reasonable particularity

each item and category." Tex. R. Civ. P. 196.1(b). Plaintiffs' requests fail to provide the level of specificity required by the Rules.

Moreover, the information sought by Plaintiffs as requested constitutes nothing more than a mere fishing expedition, prohibited by the Supreme Court in *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989). At the time *Loftin* was issued, Rule 167 of the Texas Rules of Civil Procedure governed the discovery and production of documents and other tangible things and placed similar limitations on the scope of discovery as the current Rule 196. The Supreme Court held that "[u]nlike interrogatories and depositions, Rule 167 is not a fishing rule. It cannot be used simply to explore. You are permitted to fish under deposition procedures, but not under Rule 167. The Motion for Discovery must be specific, must establish materiality, and must recite precisely what is wanted. The Rule does not permit general inspection of the adversary's records." *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989). The same limitations apply to Rule 196.

In applying the limitations found in *Loftin*, the Supreme Court held that where the Plaintiff admitted that the documents requested were to "explore whether he can in good faith allege racial discrimination," the requests were the "very kind of 'fishing expedition'" prohibited by the Texas Rules of Civil Procedure. *Dillard Dep't Stores v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Unlike depositions and interrogatories, requests for document production may not be used simply to explore. *Loftin*, 776 S.W.2d at 148; *Dillard Dep't Stores*, 909 S.W.2d at 492.

By their own admission, Plaintiffs admit their requests are aimed to "establish a theory about the accident." This is precisely the type of fishing expedition prohibited in *Loftin* by the Supreme Court of Texas. Plaintiffs' initial investigation prior to bringing suit should have revealed at least some potential cause(s) of the accident. Discovery should then be properly and

reasonably tailored to prove/disprove and expand/narrow the initial theories. The idea that Plaintiffs cannot possible form any theory as to the cause of the accident by which discovery can be reasonably tailored is absurd and does not allow Plaintiffs unlimited freedom to propound overly broad and burdensome discovery requests that exceed the scope of permissible discovery, are not reasonably tailored and "seek simply to explore."

Furthermore, Plaintiffs' complain that Robinson did not provide the proper information to locate and obtain certain document, rather than provide the documents themselves. The documents requested are publically available and are just as easily obtained by Plaintiffs' as by Robinson. Pursuant to Rule 196.3, the responding party, in lieu of producing documents, is permitted to provide the requesting party a reasonable opportunity to inspect the responsive documents. Robinson has done just that. Robinson has identified the location of the documents, provided that location to Plaintiffs, who have the reasonable opportunity to inspect and/or obtain the documents at any time they choose. Additionally, these items have been made available as they are kept in the ordinary course of business, which is permitted by Rule 196.3. Robinson provides such documents to customers, prospective customers, etc., by having them available on their website.

While the objections and responses provided to Plaintiffs speak for themselves, Robinson has provided further explanation for the basis of its objections below:

> **REQUEST FOR PRODUCTION NO. 1:** All documents, correspondence, and communications (including emails) pertaining to each and every investigation of a Robinson R22 helicopter crash that you have been a part of during the last twelve years.
>
> **As written, the request seeks production of every single document relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or**

**accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R44 helicopter model crash during the last twelve years.

**As written, the request seeks production of every single document relating to any R44 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are**

**factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. Robinson further objects on the basis that the request seeks information relating to model R44 helicopters, however, the accident aircraft was not a R44.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R22 helicopter model crash during the last twelve years.

**As written, the request seeks production of every single document relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material**

**<u>connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; duplicate of request number 1 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R22 helicopter model during the last twelve years.

**<u>As written, the request seeks production of every single document relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material</u>**

**connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R44 helicopter model during the last twelve years.

**As written, the request seeks production of every single document relating to any R44 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material**

**connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. Robinson further objects on the basis that the request seeks information relating to model R44 helicopters, however, the accident aircraft was not a R44.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; is propounded for the purpose of harassment; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R44 helicopter model during the last twelve years.

**As written, the request seeks production of every single document relating to**

**<u>any R44 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. Robinson further objects on the basis that the request seeks information relating to model R44 helicopters, however, the accident aircraft was not a R44.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; is duplicative of request number 5 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes)

involving a Robinson R22 helicopter model during the last twelve years.

**As written, the request seeks production of every single document relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; duplicative of request number 4 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:** A full and complete copy of all settlements involving a Robinson R44 helicopter model for death and/or personal

injury as a result of a crash or incident during the last twelve years.

**As written, the request seeks production of documents relating to any R44 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the request is not limited to settlement agreements to which Robinson is a party, seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. Indeed, the documents requested subject to mutual confidentiality provisions, which constitute a material part of the agreements and cannot be produced. Robinson further objects on the basis that the request seeks information relating to model R44 helicopters, however, the accident aircraft was not a R44.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 9:** A full and complete copy of all settlements involving a Robinson R22 helicopter model for death and/or personal injury as a result of a crash/incident during the last twelve years.

**As written, the request seeks production of documents relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the request is not limited to settlement agreements to which Robinson is a party, seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. Indeed, the documents requested subject to mutual confidentiality provisions, which constitute a material part of the agreements and cannot be produced.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 10:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R44

helicopter model during the last twelve years, in reference to personal injury or death.

**As written, the request seeks production of documents relating to any R44 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the request seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. Robinson further objects on the basis that the request seeks information relating to model R44 helicopters, however, the accident aircraft was not a R44. The request further seeks information protected by attorney-work product privilege. Robinson does not maintain organized files of closed cases, making the request unduly burdensome and expensive to answer as presented.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R22 helicopter model during the last twelve years, in reference to personal injury or death.

**<u>As written, the request seeks production of documents relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the request seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. The request further seeks information protected by attorney-work product privilege. Robinson does not maintain organized files of closed cases, making the request unduly burdensome and expensive to answer as presented.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:** A full and complete copy of all opinions, articles, bulletins, memoranda, and/or presentations that you have issued pertaining to aerial photography services utilizing R-22 and/or R-44 helicopters

during the last twelve years.

**<u>The documents requested have previously been produced and/or identified in the Pilot's Operating Handbook.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:** A full and complete copy of all safety reports, issued by your Safety Committee, regarding the helicopter model at issue.

**<u>Robinson does not have a "Safety Committee." Robinson has previously produced and/or identified the relevant safety notices.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope and time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request number 4 of Plaintiffs' first requests for production; seeks documents previously produced; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because

Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:** All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction, in whole or any part, relative to this case.

**Robinson has previously produced a copy of the RHC Accident Report relating to the subject accident.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:** All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction relative to any case involving a Robinson R22 helicopter in the last twelve years.

**As written, the request seeks production of every single documents relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material**

**connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the request seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 16:** All documents, correspondence, and communications (including emails) that have discussed, analyzed, and/or concluded the possible cause(s) of the crash subject of this suit.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents not within the

actual or constructive control of this party; calls for a legal conclusion; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege and the trade secret privilege. Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:** All documents, correspondence, and communications (including emails) that have discussed the analytics, investigations and/or conclusions regarding cause(s) of crashes in which Robinson R-22 helicopters have been involved during the last twelve years.

**As written, the request seeks production of documents relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this

request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** A full and complete copy of the operating manual pertaining to the Robinson R22 helicopter model.

**This information has been provided to Plaintiffs as it is kept during the ordinary course of business and is available for inspection and/or copying at Plaintiffs' convenience, pursuant to Tex. R. Civ. P. 196.3.**

**RESPONSE:** This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 19:** A full and complete copy of the operating manual pertaining to the Robinson R44 helicopter model.

**This information has been provided to Plaintiffs as it is kept during the ordinary course of business and is available for inspection and/or copying at Plaintiffs' convenience, pursuant to Tex. R. Civ. P. 196.3.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, but without waiving any of the foregoing objections, This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 20:** A full and complete copy of your corporate policies and procedures, including any mission statements, code of conduct, and/or any statements covering business ethics and safety procedures for your company.

**The requested information is wholly irrelevant to the issues in the present case. The request as written is vastly overbroad and requests everything from Robinson's dress code, to accounting procedures, and everything in between. Moreover, Robinson's design and production regulations are dictated by the FAA.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible

scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 21</u>:** All documents, correspondence, and/or communications submitted to NTSB during the last twelve years which involve R-22 helicopter crashes resulting in personal injury or death.

**<u>As written, the request seeks production of documents relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the request is not limited to documents submitted to the NTSB by Robinson, but rather any individual or entity in the world. The request further seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 22</u>:** All witness statements that were obtained relative to the incident subject of this suit.

**<u>Robinson has previously produced the RHC Accident Report in connection with the crash the subject of this suit.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is vague, overly broad, duplicative of Plaintiffs' requests for disclosures; and seeks information not within the actual or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 23:** All reports, memos, conclusions, and/or documents that Robinson maintains suggest pilot error occurred during the crash subject of this suit.

**Robinson has previously produced the RHC Accident Report in connection with the crash the subject of this suit.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:** All documents addressing or discussing the belt drive system and power failures associated with the Robinson R22 helicopter model.

**The request, as written, requests over thirty years of engineering work product, as well as service difficulty and incident information, which is maintained by the FAA and the NTSB, not Robinson.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and

contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 25:** A full and complete copy of all service bulletins and safety notices issued for Robinson R-22 helicopters and Robinson R-44 helicopters during the last 12 years.

**This information has been provided to Plaintiffs as it is kept during the ordinary course of business and is available for inspection and/or copying at Plaintiffs' convenience, pursuant to Tex. R. Civ. P. 196.3.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 26:** A full and complete copy of all service bulletins and safety notices withdrawn for the Robinson R-22 helicopter.

**This information has been provided to Plaintiffs as it is kept during the ordinary course of business and is available for inspection and/or copying at Plaintiffs' convenience, pursuant to Tex. R. Civ. P. 196.3.**

**RESPONSE:** Robinson objects to the immediately preceding request to the

extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 27:** Final engineering drawings which describe and identify the R-22 helicopter such as that involved in the incident subject of this suit, including part drawings, depictions of the configuration, specified tolerances, U.S. Government and Robinson Helicopter Co., Inc. specifications, engineering orders, "Operation Sheet" a/k/a Outside Data Sheet setting out required specific tooling, inspection requirements, finish coating, process specifications, identification requirements, packaging requirements and any special facilities required for production. This request includes the supporting documentation for the power transfer system and fuel system of the R-22, including belt drive system, fuel tank location, fuel tank liners, clutch system and wiring diagram.

**The request, as written, requires over 30 years of engineering work product which includes each and every document describing the design, engineering, and build information for the entire helicopter and each and every component. Not only is this request vague, oppressive, and harassing, producing such documents would be potentially catastrophic to RHC's ongoing competitive viability in the global market. Further, production of this breath of documents represents a danger to public safety via the real potential for the manufacture and sale of substandard counterfeit aircraft parts.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**<u>REQUEST FOR PRODUCTION NO. 28</u>:** All documents, correspondence, and communications (including emails) pertaining to all belt manufacturing changes, including changes from Gates to any other manufacturer, involving the Robinson R22 helicopter model from 2003 to the present.

**<u>As written, the request seeks confidential information, trade secrets, and information protected by attorney work product privilege. Further, these documents are not maintained by Robinson as they relate to a supplier who has not been a current supplier for many years.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 29</u>:** Records identifying each and every crash in which any R-22 helicopter models have been involved including but not limited to crash date, crash location, root cause analysis, investigation materials, identity of investigators and exact model of helicopter involved from 2003 to the present.

**<u>As written, the request seeks production of documents relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the request seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 30:** Documents reflecting the identity of members of Robinson Helicopter Company, Inc.'s Safety Committee, including official capacity and/or office held by each, from original establishment of any committee dealing with helicopter safety of Robinson-manufactured helicopters, to the present.

**This request seeks information wholly irrelevant to the present suit. If Plaintiffs are attempting to identify persons with knowledge of relevant facts, Robinson refers Plaintiffs to its Rule 194 disclosures, which is the proper vehicle for obtaining such information. Additionally, Robinson does not have a "Safety Committee."**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential and proprietary; violates third-party's privacy rights and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 31:** All documents provided to customers purchasing the R-22 helicopter from Robinson Helicopter Company, Inc., i.e., warranty information, brochures, guarantees, user guides, etc. from 2003 to the present.

**As written, the request seeks documents provided to each and every purchaser of a R22 helicopter during the last twelve years. The request is not reasonably tailored to the documents that are typically provided during any sales transactions, but as written, would include copies of sales contracts, finance agreements, documents specific to a particular purchaser, etc. Additionally, the documents requested are either duplicative of other**

**requests seeking warranting information, product brochures, etc., or wholly irrelevant to the present suit. Additionally, the request seeks information not within the active or constructive control of Robinson. Robinson's helicopters are sold to customers via dealers. Beyond the manuals (previously produced), Robinson has no way of knowing or discovering what is provided to individual customers by its dealers.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 29 [sic]:** All Exhibit "A's" attached to any protective order entered on behalf of and/or for the benefit of Robinson Helicopter Company, Inc., including those executed by consulting witnesses and/or testifying witnesses who have or may have reviewed documents related to Robinson R-22 helicopters.

**The request seeks information protected by attorney-work product privilege. Robinson does not maintain organized files of closed cases, making the request unduly burdensome and expensive to answer as presented.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is vague; overly broad; ambiguous; unduly burdensome and expensive to produce as presented; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks information that is confidential, proprietary and contains trade secrets; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information not within the actual or constructive control of this party; and exceeds the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by protective orders and confidentiality agreements in other cases.

**REQUEST FOR PRODUCTION NO. 30 [sic]:** All documents which reflect testing of the belt drive system such as that utilized on the Robinson R-22

helicopter subject of this suit, including but not limited to stretching of belts, conditioning of belts, instructions for belt replacement, instructions for belt inspection and instructions for handling any belt "failure."

**<u>This request seeks information that has been previously produced and/or identified. The request also seeks information maintained by the FAA and NTSB, and thus, not in the actual or constructive control of Robinson.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**<u>REQUEST FOR PRODUCTION NO. 31 [sic]</u>:** All documents which evidence and/or reflect instructions for response to rotor power loss while piloting a Robinson R-22 helicopter.

**<u>The documents requested have previously been produced and/or identified in the Pilot's Operating Handbook.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**<u>REQUEST FOR PRODUCTION NO. 32</u>:** Information reflecting the net worth of Robinson Helicopter Company, Inc.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that is seeks privileged financial records which are highly sensitive, and their confidentiality is necessary to Robinson's competitive advantage and continued viability. Robinson further objects to the extent that the request seeks

information that is not relevant to any of the current issues of liability and causation; is not reasonably calculated to lead to the discovery of admissible evidence; and is duplicative of request number 22 of Plaintiffs' first set of requests for production. Further, there is no public policy reason for this information to be released as it only concerns the financial status of one defendant, and implicates no public safety or other relevant issue. Robinson incorporates by reference its prior briefing to the Trial Court and the Court of Appeals on this issue.

**REQUEST FOR PRODUCTION NO. 33:** All documents exchanged between Robinson Helicopter Company, Inc. and Helicopter Services, Inc. which resulted in HSI becoming a factory-authorized Robinson Helicopter Service Center.

**The information sought in this request has been previously produced to the extent it is maintained by Robinson.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 34:** All documents which evidence inspections, reviews, audits or any other documents submitted by HSI to Robinson in order to maintain its designation with Robinson Helicopter Company, Inc.

**The information sought in this request has been previously produced to the extent it is maintained by Robinson.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 35:** All documents which reflect, depict and/or outline the training of HSI technicians, service and/or repair personnel, by

Robinson Helicopter Company, Inc. personnel and/or its representatives, authorizing HSI to service the R-22 helicopter in question.

**<u>There are no documents responsive to this request other than the information contained in the Robinson maintenance manual, which has previously been produced and/or identified.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 36</u>:** All photographs of post-crash R-22 helicopters from 2003 through the present.

**<u>As written, the request seeks production of documents relating to any R22 helicopter crash, in any jurisdiction in the world, for any reason whatsoever, regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or constructive control of this party; and exceeds the permissible scope of discovery.

**<u>REQUEST FOR PRODUCTION NO. 37</u>:** Produce all documentation evidencing and/or reflecting post-crash fuel fed fires from 2003 through the present, involving R-22 and/or R-44 helicopters.

**<u>As written, the request seeks production of documents relating to any helicopter crash, in any jurisdiction in the world, for any reason whatsoever,</u>**

**regardless of the cause of the crash and/or any material connection to any issue in the present case, whether the investigation and/or accident presents the same or similar issues to the present case, or are factually similar to the present case. Additionally, the requests seeks documents and information that is not in Robinson's active or constructive possession or control and/or may be subject to a protective order, confidential settlement agreement, or on-going litigation in another jurisdiction. Robinson further objects on the basis that the request seeks information relating to model R44 helicopters, however, the accident aircraft was not a R44.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the attorney-client and work product privileges, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 38:** All deposition transcripts of the following individuals, which are maintained by Robinson Helicopter Company, Inc. and/or its counsel:

a. Robert McSwain, McSwain Engineering, Inc.
b. William "Bill" Carden, McSwain Engineering, Inc.
c. Sri Kumar, Ph.D., Safety Research Institute
d. Colin Sommer, Aeroscope, Inc.
e. WilliamS. Lawrence, Colonel USMC (Ret' d), ConsulAir, Inc.
f. Joseph L. Burton, M.D.
g. Dr. Kenneth Orloff, Orloff Consulting

**<u>Robinson does not maintain organized files of closed cases, making the request unduly burdensome and expensive to answer as presented.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the request to the extent that it seeks information unrelated to the accident aircraft and/or outside the scope of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 39</u>:** To the extent that Robinson Helicopter Company, Inc. maintains it is self-insured, produce any and all documents which evidence or reflect all financial limitations and/or restrictions relative to the incident in question.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; is duplicative of request number 6 of Plaintiffs' first set of requests for production; and is duplicative of Plaintiffs' requests for disclosures.

**<u>REQUEST FOR PRODUCTION NO. 40</u>:** All documents obtained from the NTSB including but not limited to photographs, statements and /or conclusions relative to the R-22 helicopter subject of this litigation.

**<u>Robinson has previously produced the RHC Accident Report in connection with the crash the subject of this suit.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope; and seeks information not within the actual or constructive control of this party. Robinson further objects to the extent that this request seeks documents protected by the work product privilege.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:** All documents which evidence or reflect the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-22 Robinson Helicopter with alternative materials.

**<u>As written, the request is overly broad and seeks confidential, proprietary, trade secret information.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 42:** All documents reflecting the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-44 Robinson Helicopter with alternative materials.

**As written, the request is overly broad and seeks confidential, proprietary, trade secret information.**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves

the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 43</u>:** All maintenance manuals associated with the Robinson R-22 Beta distributed during the regular course of business by Robinson Helicopter Company, Inc. over the last twelve years.

**<u>The most current information responsive to this request has been provided to Plaintiffs as it is kept during the ordinary course of business and is available for inspection and/or copying at Plaintiffs' convenience, pursuant to Tex. R. Civ. P. 196.3.</u>**

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

By reason of the foregoing, Plaintiffs' Motion to Compel should be denied in all respects and Robinson's objections to Plaintiffs' requests for production should be sustained.

## IV.
## <u>CONCLUSION AND PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant, Robinson Helicopter Company, Inc. respectfully requests that Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Requests for Production be denied in all respects, that the Court sustain Robinson's objections to Plaintiffs' Second Requests for Production, Robinson be awarded attorneys' fees and costs in responding to the present motion, and that Robinson be granted such other and further relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**COATS & EVANS, P.C.**

*/s/ **George Andrew Coats***
George Andrew Coats
Texas Bar No. 00783846
Email: coats@texasaviationlaw.com
Gary Linn Evans
Texas Bar No. 00795338
Email: evans@texasaviationlaw.com
P.O. Box 130246
The Woodlands, TX 77393-0246
Telephone: 281-367-7732
Facsimile: 281-367-8003

**Attorneys for Defendant**
**Robinson Helicopter Company, Inc.**

**CERTIFICATE OF SERVICE**

I certify that pursuant to Rule 21a of The Texas Rules of Civil Procedure a true a correct copy of the foregoing instrument has been delivered to all counsel of record on this the 12th day of August, 2015.

MARK T. MURRAY
STEVENSON & MURRAY
24 Greenway Plaza, Suite 750
Houston, Texas 77046
713-622-3223
713-622-3224 Fax
mmurray@johnstevensonlaw.com

***Via Electronic Filing***

DON SWAIM
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Ste. 440
Dallas, Texas 75231
214-646-1495
dswaim@cunninghamswaim.com

***Via Electronic Filing***

*/s/ **George Andrew Coats***
George Andrew Coats

EXHIBIT "A"

Post Office Box 130246
The Woodlands, Texas 77393-0246

Office: (281) 367-7732
Facsimile: (281) 367-8003

George Andrew ("Drew") Coats
Coats@TexasAviationLaw.com

Direct: (832) 541-8134

July 3, 2015

Honorable Mike Miller
Attn: Gabriela DeLaRosa
11th Judicial District Court
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, TX 77084

Re: Cause No. 2014-34635; *Nathan S. Ates, et al v. Robinson Helicopter Company, Inc., et al*; In the 11th Judicial District Court of Harris County, Texas

Dear Judge Miller:

In response to Plaintiff's letter of June 30, 2015 and proposed Orders on Plaintiff's Motion to Compel, Defendant, Robinson Helicopter Company, Inc. ("Robinson") submits the following for the Court's consideration.

An order sustaining and/or overruling Defendant's objections to Plaintiff's discovery request should not be entered at this time because all arguments on the objections were passed at the May 11, 2015 hearing and were not presented to the Court.

Additionally, Robinson has produced a significant number of documents since the May 11, 2015 hearing and anticipates serving amended discovery responses within the next week.

Sincerely,

**COATS & EVANS, P.C.**

/s/ ***George Andrew Coats***

George Andrew "Drew" Coats

cc: Mark T. Murray, Stevenson & Murray, via electronic filing
Don Swaim, Rose Walker LLP, via electronic filing

EXHIBIT "B"

NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| ROBINSON HELICOPTER COMPANY, INC.; HELICOPTER SERVICES, INC.; and the Estate of CHRISTOPHER YEAGER, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**DEFENDANT ROBINSON HELICOPTER COMPANY, INC.'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST DISCOVERY REQUESTS**

Pursuant to the Texas Rules of Civil Procedure, Defendant ROBINSON HELICOPTER COMPANY, INC. ("Robinson") hereby serves this its Amended Responses Plaintiffs NATHAN S. ATES', Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES ("Plaintiffs'") First Discovery Requests for the purpose of this action only without admitting in any way or to any extent the relevance to this cause of action or the admissibility as evidence of any statement or document provided herein, and without prejudice to subsequently discovered facts or information relevant to these requests. Robinson's discovery is not completed at this time, and, as such defendant reserves the right to supplement any and all responses herein by reason of subsequently discovered information.

## GENERAL OBJECTIONS

Robinson submits the following general objections to Plaintiffs' Instructions,

Definitions and Discovery Requests which apply to each and every request contained in Plaintiffs' Discovery Requests to Robinson. For convenience, these general objections are set forth below and are not necessarily repeated after each request. The assertion of the same, similar or additional objections to a specific request does not waive any of Robinson's general objections as set forth below:

1. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek to expand the scope of, or impose upon Robinson obligations greater than those required by the applicable rules of the Rules of Civil Procedure and/or applicable orders of this Court.

2. Robinson reserves the right to challenge the competency, relevancy and admissibility, at trial or any subsequent proceeding, in this or any other action, of any information produced in response to Plaintiffs' Discovery Requests.

3. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they are directed to or made on behalf of entities or persons who are not parties to this case or over whom Robinson has no control.

4. Robinson respectfully objects to Plaintiffs' Discovery Requests on the grounds that they are ambiguous, vague, overly broad, oppressive and unduly burdensome, and seek information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

5. Robinson bases its responses on information currently available to it, after reasonable inquiry, and Robinson reserves the right to amend and/or supplement its objections and responses to conform to information and documents which may be obtained through ongoing discovery and investigation, in accordance with the Rules of

Civil Procedure governing discovery.

6. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they attempt to elicit protected documents or information subject to the attorney client privilege; the work product doctrine; a joint or common defense privilege; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Robinson or its attorneys; or seeks materials prepared in anticipation of litigation or information that is proprietary in nature. Robinson asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law, applicable rules, current and future case management orders.

7. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek documents or information not within Robinson's possession, custody or control.

8. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek information or documents constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

9. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek information which is within Plaintiffs' knowledge, possession, custody or control, or otherwise accessible to Plaintiffs from other sources with substantially the same or greater facility than Robinson.

10. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they are unlimited in time, or otherwise not limited to a time frame relevant to

this litigation, and to Robinson's products at issue in this case, on the grounds that such requests seek documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

11. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they include contention interrogatories that solicit premature responses before the close of discovery.

**OBJECTIONS TO DEFINITIONS**

Robinson makes the following specific objections to Plaintiffs' definitions, which objections are incorporated into all of Robinson's responses to Plaintiffs' Discovery Requests where applicable. Any omission to refer specifically to such objections to Plaintiffs' definitions and instructions shall not be deemed a waiver of such objections.

Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" on the grounds that it is overly broad, unduly burdensome and to the extent that Robinson may not be able to ascertain all entities and/or individuals falling within these definitions. Further, Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" to the extent that they seek to expand the scope of, or impose obligations greater than, those imposed by the Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

In addition to the documents identified below, Robinson has previously produced the following documents pursuant to Plaintiffs' request that Robinson provide copies of all documents produced in Cause No. 2013-29873, *Paula Yeager, et. al. v. Robinson Helicopter Company, Inc., et. al.*, in the 129th Judicial Court of Harris County, Texas. Robinson does not believe the documents are responsive to any of Plaintiffs' requests for production, but have produced the documents as a courtesy to Plaintiffs.

- R44 Belt Removal Tie Down Test (192-193)
- Ferry Pilot Notice – Helicopter Limitations (77)
- MLB correspondence, drawings, sample certificates of compliance, purchase orders and quotations (149-167)
- MLB Corporate Overview (168-191)

**REQUEST FOR PRODUCTION NO. 1:**

Original and subsequent design drawings and/or blueprints relating to the engine and rotor systems of the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this request inasmuch as it is overly broad, vague, ambiguous, oppressive and unduly burdensome and expensive to answer as presented. Robinson further objects inasmuch as this request seeks information which is proprietary and contains trade secrets. With waiving these objections, Robinson responds that it did not manufacture the engine installed in the subject helicopter. Robinson further responds that if Plaintiff can narrow this request, Robinson will attempt to provide a response.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is

overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; seeks information that is confidential, proprietary and contains trade secrets; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and seeks information not within the actual or constructive control of this party.

More specifically, Robinson cannot produce the requested documents with respect to the engine because Robinson did not manufacture the engine and the requested documents are not within the actual or constructive control of this party.

Plaintiffs' request is overly broad in that it is not reasonably limited in scope or time. More specifically, the request seeks drawings and blue prints that are not specific to the accident aircraft. Additionally, the requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, and in response to the foregoing request, Robinson has previously produced the following documents:

- Drawing A190, Rev Z [V-Belt Sets (Source Control)] (148)

**REQUEST FOR PRODUCTION NO. 2:**

Documents from 2005 to the present referring to or reflecting any operational malfunction, testing malfunction or operational failure or defect of any type with the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this request inasmuch as it is overly broad, vague, ambiguous, oppressive, and contains terms and phrases which are ambiguous and undefined and unduly burdensome and expensive to answer as presented. Robinson further objects inasmuch as this request seeks information which is proprietary and contains trade secrets. Without waiving these objections, if Plaintiff can narrow this request, Robinson will attempt to provide a response.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; contains terms and phrases which are ambiguous and undefined; seeks information that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or

occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, and in response to the foregoing request, Robinson has previously produced the following documents:

- R22 Service Bulletins, Service Letters and Robinson Safety Notices

**REQUEST FOR PRODUCTION NO. 3:**

Documents referring to or reflecting any changes, alterations, or modifications in the design instructions or service bulletins for the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, and unlimited with respect to timeframe and scope. Robinson further responds that it is not familiar with the term "design instructions" and as such cannot reasonably provide a response. Without waiving these objections, Robinson refers to the R22 Maintenance Manual, R22 Service Bulletins and

R22 Service Letters. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; contains terms and phrases which are ambiguous and undefined; seeks information that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to

this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Robinson further responds that it is not familiar with the term "design instructions" and as such cannot reasonably provide a response.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 Maintenance Manual, R22 Service Bulletins and R22 Service Letters. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- FAA Form 8110-3 re: Drawing A190, Rev Z (89)
- FAA Form 8110-3 re: RTR 009, Rev Z (90)
- FAA Form 8110-3 re: RTR 009, Rev B (145)

**REQUEST FOR PRODUCTION NO. 4:**

Advertising brochures, safety alerts, safety notices, service bulletins, service letters, service/technical advisories, promotional literature and the like relating to the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, and unlimited with respect to timeframe and scope. Without waiving these objections, Robinson refers to the R22 brochure, R22 Maintenance Manual, R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The current R22 brochure, R22 Maintenance Manual, R22 Service Bulletins, R22 Service Letters, Robinson Safety Notices and Robinson Safety Alerts are publicly available for purchase or free download from Robinson's website at

www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; seeks information not within the actual or constructive control of this party; and constitutes a mere “fishing expedition” prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs’ request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 brochure, R22 Maintenance Manual, R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The current R22 brochure, R22 Maintenance

Manual, R22 Service Bulletins, R22 Service Letters, Robinson Safety Notices and Robinson Safety Alerts are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- R22 Service Bulletins, Service Letters and Robinson Safety Notices
- Current R22 brochure

**REQUEST FOR PRODUCTION NO. 5:**

Articles, evaluations, reports, case studies, and the like appearing in aviation or general mechanical engineering periodicals, industry or aviation trade journals, or governmental or aviation groups relative to or concerning any alleged operational or testing malfunction or failure in connection with the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, unlimited with respect to timeframe and scope. Robinson further objects to this Request inasmuch as it seeks documents which are equally available to the propounding party and it would be as cost-effective for plaintiffs to acquire information in the hands of third parties as for Robinson to do so. Without waiving these objections, Robinson responds that it does not maintain any file or database of these documents.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; unlimited in time and scope; seeks information not within the

actual or constructive control of this party; and seeks information equally available to Plaintiffs; seeks information that as equally cost-effective for Plaintiffs to acquire as Robinson; and seeks information not within the active or constructive control of this party.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson states that it does not maintain any file or database of these documents.

**REQUEST FOR PRODUCTION NO. 6:**

Contracts and/or policies of insurance which might afford coverage to Defendant in the event of a verdict for Plaintiff in the above-styled cause, whether primary, secondary or excess coverage.

RESPONSE:

Robinson responds that there is no insurance policy that insures Robinson for claims contained in the subject lawsuit. Robinson has no knowledge of any insurance policies covering third parties for claims contained in the subject lawsuit.

**REQUEST FOR PRODUCTION NO. 7:**

Correspondence between Defendant and Helicopter Services, Inc. regarding the use, experience, anticipated use, flight use, operational concerns, or otherwise specifically pertaining to or governing the maintenance, inspection or operation of the

helicopter model at issue and/or the subject helicopter and any components of such aircraft manufactured or assembled by Defendant.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. Without waiving this objection, Robinson refers Plaintiff to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog, and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989).

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this

request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson refers Plaintiff to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog, and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- Current Robinson Dealership and Service Center Agreement issued to Helicopter Services
- 2012 Customer Service Correspondence file for Helicopter Services (3-76)

**REQUEST FOR PRODUCTION NO. 8:**

For the time period from 2005 to the present, petitions for damages or complaints filed in any court or comparable administrative tribunal in connection with any lawsuits against Defendant in which it is alleged or acclaimed that the helicopter model at issue crashed as a result of design or mechanical failures.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive and burdensome. Robinson further objects to this request in that it seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case, and as such this information is outside the scope of proper discovery and is not reasonably calculated to lead to discovery of admissible evidence.

Robinson further objects to this Request to the extent that it seeks information which is protected by the attorney work product and/or attorney-client privilege. Without waiving these objections, Robinson responds that it does not maintain any database or compilation of responsive documents.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; is not reasonably calculated to lead to the discovery of admissible evidence; exceeds the scope of permissible discovery; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; is not reasonably limited in time or scope; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and seeks information not within the actual or constructive control of this party.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson responds that it does not maintain any database or compilation of responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

Maintenance manuals, parts catalogs, price lists and estimated operating costs

publications prepared by Defendant and sent to distributors, dealers or repair facilities with respect to appropriate maintenance, inspection and testing of, and parts for, the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. Without waiving this objection, Robinson refers to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this

request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 Pilot's Operating Handbook, R22 Illustrated Parts Catalog and R22 Maintenance Manual. These documents are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- Pages 7.50 and 7.52 of the R22 Maintenance Manual (1-2)
- Excerpts from R22 Maintenance Manual (78, 79, 81-88)

**REQUEST FOR PRODUCTION NO. 10:**

Service difficulty reports generated by Defendant and submitted to any field operatives, dealers, maintenance facilities and distributors with respect to the helicopter model at issue and/or any of its components.

RESPONSE:

Robinson responds that Service Difficulty Reports are not generated by Robinson, and such documents are received and maintained by the FAA and are not within Robinson's custody or control.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; calls for the creation of a nonexistent document; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to

the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson states that Service Difficulty Reports are not generated by Robinson, and such documents are received and maintained by the FAA.

**REQUEST FOR PRODUCTION NO. 11:**

Notices of malfunction or defect reports reported to the FAA or NTSB which in any way relate to tail rotor effectiveness in the helicopter model at issue.

RESPONSE:

Robinson responds that this Request seeks documents maintained by the FAA, and not in Robinson's custody or control.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as

substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson states that such documents are maintained by the FAA and/or NTSB.

**REQUEST FOR PRODUCTION NO. 12:**

Internal memoranda including, but not limited to, letters, bulletins, reports, test results, investigative evaluations and the like generated within and by employees of Defendant or at the behest of Defendant relating to any alleged or perceived malfunction, materials problem, operational or maintenance failure or alleged failure with any component of the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive, burdensome, and unlimited with respect to timeframe and scope. Without waiving this objection, Robinson responds it does not believe it is in possession of responsive documents at this time.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:**

Accident investigation reports or memoranda prepared by or at the behest of Defendant, including reports of all in-house investigations, diagrams, photographs, witness statements, engineering or test reports and memoranda, litigation testing and the like, regarding any crash of the helicopter model at issue (including the subject helicopter in the crash made the basis of this lawsuit).

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. Robinson further objects to this Request as it seeks documents relating to other helicopters not related to the accident in question without any showing of substantial similarity of design or occurrence. Robinson also objects to this Request inasmuch as it seeks information protected by the attorney work product and attorney/client privilege. Without waiving this objection, Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); is propounded for the purpose of harassment; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff

contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson has previously produced the following documents:

- RHC Accident Report

**REQUEST FOR PRODUCTION NO. 14:**

Documents, materials, reports or memoranda contained within FAA or NTSB files concerning operation or testing deficiencies or failures, either actual or alleged, relating to the helicopter model at issue.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope, and seeks documents which are proprietary and trade secret in nature. Without waiving this objection, Robinson responds that this Request seeks documents maintained by the FAA and/or the NTSB, and not in Robinson's custody or control.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; seeks information

that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Moreover, because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

Subject to, but without waiving any of the foregoing objections, Robinson states that such documents are maintained by the FAA and/or NTSB.

**REQUEST FOR PRODUCTION NO. 15:**

Evaluations, whether conducted internally or externally, at the behest of

Defendant, upon the subject helicopter, both before and after the crash.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, and burdensome as framed. Without waiving this objection, Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; and seeks information not within the actual or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson has previously produced the following documents:

- RHC Accident Report

**REQUEST FOR PRODUCTION NO. 16:**

Documents referring to or reflecting any testing, whether operation or field testing or component, experimental or laboratory testing, concerning evaluation of the helicopter model at issue's engine and rotor systems.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive and burdensome, and unlimited with respect to timeframe and scope. Robinson further objects inasmuch as this request seeks documents which are proprietary and contain trade secrets. Without waiving these objections, if Plaintiff can narrow this request, Robinson will attempt to provide a

response.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it seeks information not within the actual or constructive control of this party; is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; seeks information that is confidential, proprietary and contains trade secrets; and constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

The requested documents contain information that is highly sensitive proprietary and protected trade secrets of Robinson. The confidentiality of such information is necessary to Robinson's competitive advantage and continued viability.

Subject to, but without waiving any of the foregoing objections, Robinson states that in response to the foregoing request, Robinson has previously produced the following documents:

- RTR 009, Appendix XIII (91-144)
- RTR 009, Appendix III (146-147)

**REQUEST FOR PRODUCTION NO. 17:**

Correspondence between Defendant and Helicopter Services, Inc. referring or relating to the proper inspection, maintenance and operation of the helicopter model at issue and/or the subject helicopter.

RESPONSE:

Robinson respectfully objects to this Request in that it is duplicative in nature. Robinson refers to its response to Request for Production No. 7, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 18:**

Correspondence referring to or reflecting proper maintenance, operation, and flight use of the helicopter model at issue and/or the subject helicopter.

RESPONSE:

Robinson respectfully objects to this Request as it is overly broad, vague, ambiguous, burdensome, and unlimited with respect to timeframe and scope. This Request seeks ‘correspondence’ without indicating between what parties it is referring to. If Plaintiff can clarify this Request, Robinson can attempt to provide a reasonable response.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in time and scope; requests “correspondence” without indicting what parties/entities it is referring to; seeks information not within the actual or constructive control of this party; seeks information

protected by the attorney-client privilege; seeks information protected by attorney-work product privilege; is not reasonably calculated to lead to the discovery of admissible evidence; exceeds the scope of permissible discovery; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); and cannot be answered as framed.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 19:**

Each and every exhibit that Defendant will offer at trial for any purpose, including all demonstrative exhibits, all substantive exhibits and all tangible, photographic or documentary evidence which Defendant will attempt to show to the jury or otherwise use at the trial of this case.

RESPONSE:

Robinson respectfully objects to this Request on the grounds that it is premature at this stage of discovery, and disclosure of such documents and things will be conducted at the appropriate time under the relevant rules of Court.

**REQUEST FOR PRODUCTION NO. 20:**

Any videotapes, photographs, or other similar evidence in your possession depicting and/or relating in any way to Plaintiff.

RESPONSE:

Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

In response to the foregoing request, Robinson has previously produced the following documents:

- RHC Accident Report

**REQUEST FOR PRODUCTION NO. 21:**

Each and every exhibit, including all demonstrative exhibits, all substantive exhibits and all tangible, photographic or documentary evidence that have been reviewed by or created by your testifying experts or that in any way support or illustrate your testifying experts' opinions that are relevant to this case.

RESPONSE:

Robinson respectfully objects to this Request on the grounds that it is premature at this stage of discovery, and disclosure of such documents and things will be conducted at the appropriate time under the relevant rules of Court.

**REQUEST FOR PRODUCTION NO. 22:**

Your current balance sheet, financial statement or other document(s) sufficient to show your current net worth. For purposes of this request, "net worth" means the difference between total assets and liabilities determined in accordance with generally accepted accounting principles ("GAAP").

RESPONSE:

Robinson respectfully objects to the Request as it seeks privileged financial

records which are highly sensitive, and their confidentiality is necessary to Robinson's competitive advantage and continued viability. Robinson also objects to this Request as the information requested is not relevant to any of the current issues of liability and causation. Further, there is no public policy reason for this information to be released as it only concerns the financial status of one defendant, and implicates no public safety or other relevant issue.

**REQUEST FOR PRODUCTION NO. 23:**

Photographs, videos or maps of the scene of the crash.

RESPONSE:

Robinson respectfully objects to this Request to the extent that it is overly broad, vague, ambiguous, oppressive and burdensome, seeks information which is equally available to the propounding party and it would be as cost-effective for Plaintiffs to acquire information in the hands of third parties as for Robinson to do so. Without waiving these objections, Robinson will produce the Robinson Accident Report prepared by Thom Webster on R22 Serial Number 4250, Registration Number N281RG.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome and expensive to answer as presented; and seeks information equally available to Plaintiffs; seeks information that as equally cost-effective for Plaintiffs to acquire as Robinson; and seeks information not within the active or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson states

that it has previously produced the following documents:

- RHC Accident Report

**REQUEST FOR PRODUCTION NO. 24:**

All documents supporting your claim that another person or entity is a Responsible Third Party that has not been named by Plaintiff as a defendant in this lawsuit.

RESPONSE:

Robinson respectfully objects to this Request on the grounds that it is premature, discovery is in progress and the investigation and preparation have not been completed.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request on the grounds that it is premature, discovery is in progress and the investigation and preparation have not been completed; and is duplicative of information properly requested pursuant to Texas Rules of Civil Procedure 194.

**REQUEST FOR PRODUCTION NO. 25:**

Pilot operating manuals, helicopter operational manuals, or the like, prepared by Defendant for the helicopter model at issue and/or the subject helicopter.

RESPONSE:

Robinson refers to the R22 Maintenance Manual, R22 Pilot's Operating Handbook, R22 Flight Training Guide, R22 Service Bulletins, R22 Service Letters, and Robinson Safety Notices. Robinson will produce a full set of R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The R22 Maintenance Manual, R22 Pilot's Operating Handbook and R22 Flight Training Guide are publicly available for

purchase or free download from Robinson's website at www.robinsonheli.com.

AMENDED RESPONSE:

Robinson objects to the immediately preceding request to the extent that it is overly broad, vague, ambiguous, unduly burdensome; and unlimited in time and scope.

Plaintiffs' request is overly broad, vague, and ambiguous in that it is not reasonably limited in scope or time, and seeks information pertaining to any helicopter other than the one involved in this litigation without reasonable limitation such as substantial similarity with the facts of this case or substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, Robinson refers to the R22 Maintenance Manual, R22 Pilot's Operating Handbook, R22 Flight Training Guide, R22 Service Bulletins, R22 Service Letters, and Robinson Safety Notices. Robinson will produce a full set of R22 Service Bulletins, R22 Service Letters and Robinson Safety Notices. The R22 Maintenance Manual, R22 Pilot's Operating Handbook and R22 Flight Training Guide are publicly available for purchase or free download from Robinson's website at www.robinsonheli.com. Additionally, in response to the foregoing request, Robinson has previously produced the following documents:

- R22 Service Bulletins, Service Letters and Robinson Safety Notices
- R22 POH, page 4—7 (80)

Respectfully submitted,

COATS & EVANS, P.C.

***<u>/s/ George Andrew Coats</u>***

George Andrew Coats
Texas Bar No. 00783846
Gary Linn Evans
Texas Bar No. 00795338
P.O. Box 130246
The Woodlands, TX 77393-0246
Telephone: 281-367-7732
Facsimile: 281-367-8003

**Attorneys for Defendant**
**Robinson Helicopter Company, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the foregoing document has been served on all parties of record on this the 24th day of July, 2015.

MARK T. MURRAY
STEVENSON & MURRAY
24 Greenway Plaza, Suite 750
Houston, Texas 77046
713-622-3223
713-622-3224 Fax
mmurray@johnstevensonlaw.com

***Via Email and/or Facsimile***

DON SWAIM
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Ste. 440
Dallas, Texas 75231
214-646-1495
dswaim@cunninghamswaim.com

***Via Email and/or Facsimile***

***/s/ George Andrew Coats***
George Andrew Coats

EXHIBIT "C"

NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | 11TH JUDICIAL DISTRICT |
| vs. | § | |
| ROBINSON HELICOPTER COMPANY, INC.; HELICOPTER SERVICES, INC.; and the Estate of CHRISTOPHER YEAGER, | § | HARRIS COUNTY, TEXAS |
| Defendants. | | |

**DEFENDANT ROBINSON HELICOPTER COMPANY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

Pursuant to the Texas Rules of Civil Procedure, Defendant ROBINSON HELICOPTER COMPANY, INC. ("Robinson") hereby responds to Plaintiffs NATHAN S. ATES', Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES ("Plaintiffs'") Second Request for Production for the purpose of this action only without admitting in any way or to any extent the relevance to this cause of action or the admissibility as evidence of any statement or document provided herein, and without prejudice to subsequently discovered facts or information relevant to these requests. Robinson's discovery is not completed at this time, and, as such defendant reserves the right to supplement any and all responses herein by reason of subsequently discovered information.

**GENERAL OBJECTIONS**

Robinson submits the following general objections to Plaintiffs' Instructions, Definitions and Discovery Requests which apply to each and every request contained in

Plaintiffs' Discovery Requests to Robinson. For convenience, these general objections are set forth below and are not necessarily repeated after each request. The assertion of the same, similar or additional objections to a specific request does not waive any of Robinson's general objections as set forth below:

1. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek to expand the scope of, or impose upon Robinson obligations greater than those required by the applicable rules of the Rules of Civil Procedure and/or applicable orders of this Court.

2. Robinson reserves the right to challenge the competency, relevancy and admissibility, at trial or any subsequent proceeding, in this or any other action, of any information produced in response to Plaintiffs' Discovery Requests.

3. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they are directed to or made on behalf of entities or persons who are not parties to this case or over whom Robinson has no control.

4. Robinson respectfully objects to Plaintiffs' Discovery Requests on the grounds that they are ambiguous, vague, overly broad, oppressive and unduly burdensome, and seek information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

5. Robinson bases its responses on information currently available to it, after reasonable inquiry, and Robinson reserves the right to amend and/or supplement its objections and responses to conform to information and documents which may be obtained through ongoing discovery and investigation, in accordance with the Rules of Civil Procedure governing discovery.

6. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they attempt to elicit protected documents or information subject to the attorney client privilege; the work product doctrine; a joint or common defense privilege; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of Robinson or its attorneys; or seeks materials prepared in anticipation of litigation or information that is proprietary in nature. Robinson asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law, applicable rules, current and future case management orders.

7. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek documents or information not within Robinson's possession, custody or control.

8. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they seek information or documents constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

9. Robinson respectfully objects to Plaintiffs' Discovery Requests insofar as they seek information which is within Plaintiffs' knowledge, possession, custody or control, or otherwise accessible to Plaintiffs from other sources with substantially the same or greater facility than Robinson.

10. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they are unlimited in time, or otherwise not limited to a time frame relevant to this litigation, and to Robinson's products at issue in this case, on the grounds that such

requests seek documents neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

11. Robinson respectfully objects to Plaintiffs' Discovery Requests to the extent that they include contention interrogatories that solicit premature responses before the close of discovery.

**OBJECTIONS TO DEFINITIONS**

Robinson makes the following specific objections to Plaintiffs' definitions, which objections are incorporated into all of Robinson's responses to Plaintiffs' Discovery Requests where applicable. Any omission to refer specifically to such objections to Plaintiffs' definitions and instructions shall not be deemed a waiver of such objections.

Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" on the grounds that it is overly broad, unduly burdensome and to the extent that Robinson may not be able to ascertain all entities and/or individuals falling within these definitions. Further, Robinson respectfully objects to Plaintiffs' definition of "you," "your" and "Defendant" to the extent that they seek to expand the scope of, or impose obligations greater than, those imposed by the Rules of Civil Procedure.

## SECOND REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents, correspondence, and communications (including emails) pertaining to each and every investigation of a Robinson R22 helicopter crash that you have been a part of during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R44 helicopter model crash during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery

of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** A full and complete copy of all investigation reports, memos, conclusions, and/or documents that have been prepared by you or provided to you regarding a Robinson R22 helicopter model crash during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request number 13 of Plaintiffs' first set of requests for production; duplicate of request number 1 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its

possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 4:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R22 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:** All documents, correspondence, and communications (including emails) pertaining to any malfunction and/or failure that resulted in a crash that you have been made aware of regarding a Robinson R44 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information

protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; is propounded for the purpose of harassment; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R44 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; is duplicative of request number 5 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and

confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 7:** All documents, correspondence, and communications (including emails) pertaining to all incidents (including crashes) involving a Robinson R22 helicopter model during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; duplicative of request numbers 1 and 13 of Plaintiffs' first set of requests for production; duplicative of request number 4 of Plaintiffs' second set of requests for production; constitutes a mere "fishing expedition" prohibited by the Texas Supreme Court in *Lofton v. Martin*, 776 S.W.2d 145 (Tex. 1989); seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks information not within the actual or constructive control of this party; seeks production of items previously produced; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence; and seeks information which is proprietary and contains trade secrets. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:** A full and complete copy of all settlements involving a Robinson R44 helicopter model for death and/or personal injury as a result of a crash or incident during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 9:** A full and complete copy of all settlements involving a Robinson R22 helicopter model for death and/or personal injury as a result of a crash/incident during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; seeks information not within the actual or constructive control of this party; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the

scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R44 helicopter model during the last twelve years, in reference to personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:** A full and complete copy of all expert reports, generated by you or provided to you, analyzing the Robinson R22 helicopter model during the last twelve years, in reference to personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks information protected by the attorney-client privilege; seeks information protected by the attorney-work product privilege; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to

the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 12:** A full and complete copy of all opinions, articles, bulletins, memoranda, and/or presentations that you have issued pertaining to aerial photography services utilizing R-22 and/or R-44 helicopters during the last twelve years.

Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:** A full and complete copy of all safety reports, issued by your Safety Committee, regarding the helicopter model at issue.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope and time; seeks confidential information; is not reasonably calculated

to lead to the discovery of admissible evidence; is duplicative of request number 4 of Plaintiffs' first requests for production; seeks documents previously produced; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:** All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction, in whole or any part, relative to this case.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:** All documents, correspondence, and communications (including emails) pertaining to any accident reconstruction relative to any case involving a Robinson R22 helicopter in the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 16:** All documents, correspondence, and communications (including emails) that have discussed, analyzed, and/or concluded the possible cause(s) of the crash subject of this suit.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; is duplicative of request numbers 15 and 16 of Plaintiffs' first requests for production; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents not within the actual or constructive control of this party; calls for a legal conclusion; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege and the trade secret privilege. Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:** All documents, correspondence, and communications (including emails) that have discussed the analytics, investigations and/or conclusions regarding cause(s) of crashes in which Robinson R-22 helicopters have been involved during the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented; unlimited in scope; not reasonably limited in time; seeks confidential information; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; seeks documents containing confidential information; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:** A full and complete copy of the operating manual pertaining to the Robinson R22 helicopter model.

**RESPONSE:** This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 19:** A full and complete copy of the operating manual pertaining to the Robinson R44 helicopter model.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, but without waiving any of the foregoing objections, This is publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 20:** A full and complete copy of your corporate policies and procedures, including any mission statements, code of conduct, and/or any statements covering business ethics and safety procedures for your company.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is

propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 21:** All documents, correspondence, and/or communications submitted to NTSB during the last twelve years which involve R-22 helicopter crashes resulting in personal injury or death.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 22:** All witness statements that were obtained relative to the incident subject of this suit.

RESPONSE: Robinson objects to the immediately preceding request to the extent that it is vague, overly broad, duplicative of Plaintiffs' requests for disclosures; and seeks information not within the actual or constructive control of this party.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 23:** All reports, memos, conclusions, and/or documents that Robinson maintains suggest pilot error occurred during the crash subject of this suit.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to answer as presented;

unlimited in scope; is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents previously produced; seeks documents protected by attorney-client privilege; seeks documents protected by attorney-work product privilege; and exceeds the permissible scope of discovery.

Subject to, but without waiving any of the foregoing objections, Robinson states that it will supplement this response and will produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:** All documents addressing or discussing the belt drive system and power failures associated with the Robinson R22 helicopter model.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 25:** A full and complete copy of all service bulletins and safety notices issued for Robinson R-22 helicopters and Robinson R-44 helicopters during the last 12 years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 26:** A full and complete copy of all service bulletins and safety notices withdrawn for the Robinson R-22 helicopter.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

**REQUEST FOR PRODUCTION NO. 27:** Final engineering drawings which describe and identify the R-22 helicopter such as that involved in the incident subject of this suit, including part drawings, depictions of the configuration, specified tolerances, U.S. Government and Robinson Helicopter Co., Inc. specifications, engineering orders, "Operation Sheet" a/k/a Outside Data Sheet setting out required specific tooling, inspection requirements, finish coating, process specifications, identification requirements, packaging requirements and any special facilities required for production. This request includes the supporting documentation for the power transfer system and fuel system of the R-22, including belt drive system, fuel tank location, fuel tank liners, clutch system and wiring diagram.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 28:** All documents, correspondence, and communications (including emails) pertaining to all belt manufacturing changes, including changes from Gates to any other manufacturer, involving the Robinson R22 helicopter model from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as

presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 29:** Records identifying each and every crash in which any R-22 helicopter models have been involved including but not limited to crash date, crash location, root cause analysis, investigation materials, identity of investigators and exact model of helicopter involved from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks documents not within the actual or constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 30:** Documents reflecting the identity of members of Robinson Helicopter Company, Inc.'s Safety Committee, including official capacity and/or office held by each, from original establishment of any committee dealing with helicopter safety of Robinson-manufactured helicopters, to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome; unlimited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential and proprietary; violates third-party's privacy rights and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 31:** All documents provided to customers purchasing the R-22 helicopter from Robinson Helicopter Company, Inc., i.e., warranty information, brochures, guarantees, user guides, etc. from 2003 to the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; unlimited in scope; not reasonably limited in time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 29 [sic]:** All Exhibit "A's" attached to any protective order entered on behalf of and/or for the benefit of Robinson Helicopter Company, Inc., including those executed by consulting witnesses and/or testifying witnesses who have or may have reviewed documents related to Robinson R-22 helicopters.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is vague; overly broad; ambiguous; unduly burdensome and expensive to produce as presented; seeks information protected by attorney-client privilege; seeks information protected by attorney-work product privilege; seeks information that is confidential, proprietary and contains trade secrets; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information not within the actual or constructive control of this party; and exceeds the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. Robinson further objects to the extent that this request seeks documents protected by protective orders and confidentiality agreements in other cases.

**REQUEST FOR PRODUCTION NO. 30 [sic]:** All documents which reflect testing of the belt drive system such as that utilized on the Robinson R-22 helicopter subject of this suit, including but not limited to stretching of belts, conditioning of belts, instructions for belt replacement, instructions for belt inspection and instructions for handling any belt "failure."

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and

exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 31 [sic]:** All documents which evidence and/or reflect instructions for response to rotor power loss while piloting a Robinson R-22 helicopter.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

**REQUEST FOR PRODUCTION NO. 32:** Information reflecting the net worth of Robinson Helicopter Company, Inc.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that is seeks privileged financial records which are highly sensitive, and their confidentiality is necessary to Robinson's competitive advantage and continued viability. Robinson further objects to the extent that the request seeks information that is not relevant to any of the current issues of liability and causation; is not reasonably calculated to lead to the discovery of admissible evidence; and is duplicative of request number 22 of Plaintiffs' first set of requests for production. Further, there is no public policy reason for this information to be released as it only concerns the financial status of one defendant, and implicates no public safety or other relevant issue. Robinson incorporates by reference its prior briefing to the Trial Court and the Court of Appeals on this issue.

**REQUEST FOR PRODUCTION NO. 33:** All documents exchanged between Robinson Helicopter Company, Inc. and Helicopter Services, Inc. which resulted in HSI becoming a factory-authorized Robinson Helicopter Service Center.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 34:** All documents which evidence inspections, reviews, audits or any other documents submitted by HSI to Robinson in order to maintain its designation with Robinson Helicopter Company, Inc.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 35:** All documents which reflect, depict and/or outline the training of HSI technicians, service and/or repair personnel, by Robinson Helicopter Company, Inc. personnel and/or its representatives, authorizing HSI to service the R-22 helicopter in question.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 36:** All photographs of post-crash R-22 helicopters from 2003 through the present.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or constructive control of this party; and exceeds the permissible scope of discovery.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documentation evidencing and/or reflecting post-crash fuel fed fires from 2003 through the present, involving R-22 and/or R-44 helicopters.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is confidential; seeks information not within the actual or

constructive control of this party; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the attorney-client and work product privileges, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 38:** All deposition transcripts of the following individuals, which are maintained by Robinson Helicopter Company, Inc. and/or its counsel:

a. Robert McSwain, McSwain Engineering, Inc.
b. William "Bill" Carden, McSwain Engineering, Inc.
c. Sri Kumar, Ph.D., Safety Research Institute
d. Colin Sommer, Aeroscope, Inc.
e. WilliamS. Lawrence, Colonel USMC (Ret' d), ConsulAir, Inc.
f. Joseph L. Burton, M.D.
g. Dr. Kenneth Orloff, Orloff Consulting

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; is propounded for the purpose of harassment; seeks information that is protected by attorney-work product privilege; and exceeds the permissible scope of discovery. Robinson further objects to the request to the extent that it seeks information unrelated to the accident aircraft and/or outside the scope of this lawsuit.

**REQUEST FOR PRODUCTION NO. 39:** To the extent that Robinson Helicopter Company, Inc. maintains it is self-insured, produce any and all documents which evidence or reflect all financial limitations and/or restrictions relative to the incident in question.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; is duplicative of request number 6 of Plaintiffs' first set of requests for production; and is duplicative of Plaintiffs' requests for disclosures.

**<u>REQUEST FOR PRODUCTION NO. 40</u>:** All documents obtained from the NTSB including but not limited to photographs, statements and /or conclusions relative to the R-22 helicopter subject of this litigation.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope; and seeks information not within the actual or constructive control of this party. Robinson further objects to the extent that this request seeks documents protected by the work product privilege.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:** All documents which evidence or reflect the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-22 Robinson Helicopter with alternative materials.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**<u>REQUEST FOR PRODUCTION NO. 42</u>:** All documents reflecting the decision to line, not to line and/or to delay lining the aluminum fuel tanks of the R-44 Robinson Helicopter with alternative materials.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; vague; ambiguous; unduly burdensome and expensive to produce as presented; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence; seeks information that is confidential, proprietary and contains trade secrets; and exceeds the permissible scope of discovery. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence. More specifically, Plaintiffs' request relating to a model that is not even the

same model as the accident aircraft is completely outside the scope of permissible discovery. Robinson further objects to the extent that this request seeks documents protected by the work product privilege, the trade secret privilege and/or protective orders and confidentiality agreements in other cases. Because Plaintiff has not alleged a specific theory as to what Plaintiff contends caused the accident, it is impossible to determine if Robinson has documents responsive to so broad a request which might actually be discoverable in this case. To the extent Plaintiff articulates a theory of causation and/or narrows the scope of this request, Robinson reserves the right to supplement this response and produce documents in its possession which are non-objectionable, non-privileged, responsive to this request and pertain to the accident aircraft and/or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 43:** All maintenance manuals associated with the Robinson R-22 Beta distributed during the regular course of business by Robinson Helicopter Company, Inc. over the last twelve years.

**RESPONSE:** Robinson objects to the immediately preceding request to the extent that it is overly broad; not reasonably limited in scope or time; is not reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to the extent that this request seeks documents unrelated to the accident aircraft without any showing of substantial similarity of design or occurrence.

Subject to, but without waiving any of the foregoing objections, responsive documents are publically available on Robinson's website: http://www.robinsonheli.com/#

Respectfully submitted,

COATS & EVANS, P.C.

***/s/ George Andrew Coats***

George Andrew Coats
Texas Bar No. 00783846
coats@texasaviationlaw.com
Gary Linn Evans
Texas Bar No. 00795338
evans@texasaviationlaw.com
P.O. Box 130246
The Woodlands, TX 77393-0246
Telephone: 281-367-7732
Facsimile: 281-367-8003

**Attorneys for Defendant**
**Robinson Helicopter Company, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned attorney, as attorney of record for the Defendant, certifies that a true and correct copy of the foregoing document has been served on all parties of record on this the 15th day of July, 2015.

MARK T. MURRAY — ***Via Email and/or Facsimile***
STEVENSON & MURRAY
24 Greenway Plaza, Suite 750
Houston, Texas 77046
713-622-3223
713-622-3224 Fax
mmurray@johnstevensonlaw.com

DON SWAIM — ***Via Email and/or Facsimile***
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Ste. 440
Dallas, Texas 75231
214-646-1495
dswaim@cunninghamswaim.com

***/s/ George Andrew Coats***
George Andrew Coats

NO. 2014-34635

| | | |
|---|---|---|
| NATHAN S. ATES, Individually and as Personal Representative of the Estate of Joyce A. Ates, Deceased; SONIA ATES and NATHAN M. ATES,<br><br>Plaintiff,<br><br>vs.<br><br>ROBINSON HELICOPTER COMPANY, INC.; HELICOPTER SERVICES, INC.; and the Estate of CHRISTOPHER YEAGER,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br><br><br>11TH JUDICIAL DISTRICT<br><br><br><br><br><br>HARRIS COUNTY, TEXAS |

**ORDER**

On this __________ day of ________________, 2015, came on to be heard Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Requests for Production and Request for Ruling on Defendant's Objections. After notice to all parties, and upon considering the Motion, any response, the evidence, the pleadings and the arguments of counsel, if any, the Court is of the opinion that Plaintiffs' motion should be DENIED. It is therefore,

ORDERED, ADJUDGED, AND DECREED, that Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Requests for Production and Request for Ruling on Defendant's Objections be hereby DENIED in all respects.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that Defendant Robinson Helicopter Company, Inc.'s Objections to Plaintiffs' Second Requests for Production be SUSTAINED.

SIGNED on ______________________, 2015.

______________________________
PRESIDING JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

**COATS & EVANS, P.C**

By: ***/s/ George Andrew Coats***
George Andrew "Drew" Coats
State Bar No. 00783846
Email: coats@texasaviationlaw.com
Gary Linn Evans
State Bar No. 00795338
Email: evans@texasaviationlaw.com
P.O. Box 130246
The Woodlands, Texas 77393-0246
Telephone: (281) 367-7732
Facsimile: (281) 367-8003

**ATTORNEYS FOR DEFENDANT ROBINSON HELICOPTER COMPANY, INC.**

**CERTIFICATE OF SERVICE**

I certify that pursuant to Rule 21a of the Texas Rules of Civil Procedure a true and correct copy of the foregoing instrument has been delivered to all counsel of record on the 12th day of August, 2015.

MARK T. MURRAY — ***Via Electronic Filing***
STEVENSON & MURRAY
24 Greenway Plaza, Suite 750
Houston, Texas 77046
713-622-3223
713-622-3224 Fax
mmurray@johnstevensonlaw.com

DON SWAIM — ***Via Electronic Filing***
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Ste. 440
Dallas, Texas 75231
214-646-1495
dswaim@cunninghamswaim.com

*/s/* ***George Andrew Coats***
George Andrew "Drew" Coats